## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## VICTORIA DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Chapter 11 |
| BUCCANEER RESOURCES, LLC, | § | |
| | § | Case No. 14-60041 (DRJ) |
| Debtor. | § | |

| | | |
|---|---|---|
| In re: | § | |
| | § | Chapter 11 |
| BUCCANEER ENERGY LIMITED, | § | |
| | § | Case No. 14-60042 (DRJ) |
| Debtor. | § | |

| | | |
|---|---|---|
| In re: | § | |
| | § | Chapter 11 |
| BUCCANEER ENERGY HOLDINGS, INC., | § | |
| | § | Case No. 14-60043 (DRJ) |
| Debtor. | § | |

| | | |
|---|---|---|
| In re: | § | |
| | § | Chapter 11 |
| BUCCANEER ALASKA OPERATIONS, LLC, | § | |
| | § | Case No. 14-60044 (DRJ) |
| Debtor. | § | |

| | | |
|---|---|---|
| In re: | § | |
| | § | Chapter 11 |
| BUCCANEER ALASKA, LLC, | § | |
| | § | Case No. 14-60045 (DRJ) |
| Debtor. | § | |

| | | |
|---|---|---|
| In re: | § | |
| | § | Chapter 11 |
| KENAI LAND VENTURES, LLC, | § | |
| | § | Case No. 14-60046 (DRJ) |
| Debtor. | § | |

53581599.5

| | § | |
|---|---|---|
| In re: | § | |
| | § | Chapter 11 |
| BUCCANEER ALASKA DRILLING, LLC, | § | |
| | § | Case No. 14-60047 (DRJ) |
| Debtor. | § | |
| | § | |

| | § | |
|---|---|---|
| In re: | § | |
| | § | Chapter 11 |
| BUCCANEER ROYALTIES, LLC, | § | |
| | § | Case No. 14-60048 (DRJ) |
| Debtor. | § | |
| | § | |

| | § | |
|---|---|---|
| In re: | § | |
| | § | Chapter 11 |
| KENAI DRILLING, LLC, | § | |
| | § | Case No. 14-60049 (DRJ) |
| Debtor. | § | |
| | § | |

**DEBTORS' EMERGENCY MOTION FOR ENTRY OF AN ORDER (1) DIRECTING JOINT ADMINISTRATION PURSUANT TO BANKRUPTCY RULE 1015(b) AND LOCAL RULE 1015-1; AND (2) WAIVING REQUIREMENTS OF BANKRUPTCY CODE SECTION 342(c)(1) AND BANKRUPTCY RULES 1005 AND 2002(n)**

### NOTICE UNDER BLR 9013(b) AND 9013(i)

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU.  IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY.  YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU.  YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED.  IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU.  IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

EMERGENCY RELIEF HAS BEEN REQUESTED.  IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU

WILL HAVE LESS THAN 21 DAYS TO ANSWER.  IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

THE DEBTORS HAVE REQUESTED THAT THIS MOTION BE CONSIDERED AT THE DEBTORS' FIRST DAY HEARINGS.

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Buccaneer Resources, LLC ("BUC") and its above-captioned affiliated debtors (collectively, the "Debtors") file this *Emergency Motion for Entry of an Order (1) Directing Joint Administration Pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1; and (2) Waiving Requirements of Bankruptcy Code Section 342(c)(1) and Bankruptcy Rules 1005 and 2002(n)* (the "Motion").  In support of this Motion, the Debtors respectfully state as follows:

## I.
## JURISDICTION AND VENUE

1.     This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  Venue of the Debtors' cases in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Federal Rule of Bankruptcy Procedure 1015 provides the statutory predicate for the requested relief.

## II.
## FACTUAL BACKGROUND

2.     Founded in 2006, Buccaneer Energy, Ltd. is a publicly traded independent oil and gas company listed on the Australian Securities Exchange (the "ASX") under the symbol "BCC".[1]  Although BCC is an Australian listed entity, the company operates exclusively through

---

[1] An initial public offering ("IPO") was successfully completed and BCC was listed on the ASX on November 19, 2007.  On February 19, 2014, BCC requested and was granted a voluntary suspension of all trading of its securities.

its eight U.S. subsidiary Debtors, each of which are headquartered in the U.S. and which maintain offices in Houston and Dallas, Texas, and Kenai and Anchorage, Alaska.

3.     The Debtors' primary business is the exploration for and production of oil and natural gas in North America.  Operations have historically focused on both onshore and offshore opportunities in the Cook Inlet of Alaska as well as the development of offshore projects in the Gulf of Mexico and onshore oil opportunities in Texas and Louisiana.

4.     The Debtors have made a business strategy of identifying undervalued assets that can be quickly monetized through the use of leading edge, but proven technologies. Nevertheless, various economic and financial events have impaired the Debtors' liquidity and ability to perform in the future as described in the *Declaration of John T. Young, Jr., Chief Restructuring Officer of the Debtors, in Support of Emergency First Day Motions* (the "Young Declaration") filed in this case and incorporated herein by reference.  As a result, on the date of this Motion (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to Bankruptcy Code sections 1107(a) and 1108.  No trustee, examiner, or creditors' committee has been appointed.

5.     The Debtors' immediate objectives in commencing these chapter 11 cases are to minimize any loss in the value of their assets, preserve on-going business operations, and maximize creditor recoveries.  To accomplish these ends, the Debtors intend to sell substantially all of their assets under a chapter 11 plan.

## III.
## RELIEF REQUESTED

6.    Pursuant to Federal Rule of Bankruptcy Procedure 1015(b), the Debtors seek joint

administration of their chapter 11 cases and implementation of the following procedures:

    a.    One docket shall be maintained for the Debtors' cases, under the case number assigned to Buccaneer Resources, LLC;

    b.    The caption of all pleadings, orders and other papers filed shall be modified as follows to reflect the joint administration of these case:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION**

| In re: | § | Chapter 11 |
|---|---|---|
|  | § |  |
| BUCCANEER RESOURCES LLC, *et al.*,[2] | § | Case No. 14-60041 (DRJ) |
|  | § |  |
| Debtors. | § | (Jointly Administered) |

    c.    A notation substantially similar to the following notation shall be entered on the docket for all other Debtors to reflect that each of the Debtors' chapter 11 cases shall be jointly administered under the Buccaneer Resources, LLC chapter 11 case:

        An order has been entered in this case directing joint administration of this case solely for procedural purposes with the chapter 11 bankruptcy case of Buccaneer Resources, LLC, Case No. 14-60041 (DRJ).  The docket for Buccaneer Resources, LLC should be consulted for all matters affecting this case.

    d.    The Office of the United States Trustee shall conduct joint informal meetings with Debtors, if one is required, and a joint first meeting of creditors, if one is required;

    e.    Each of the Debtors shall file separate Schedules of Assets and Liabilities, Statements of Financial Affairs and, as applicable, Lists of Equity Security Holders;

---

[2] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: (i) Buccaneer Energy Ltd. (0107); (ii) Buccaneer Energy Holdings, Inc. (7170); (iii) Buccaneer Alaska Operations, LLC (7562); (iv) Buccaneer Resources, LLC (8320); (v) Buccaneer Alaska, LLC (4082); (vi) Kenai Land Ventures, LLC (2661); (vii) Buccaneer Alaska Drilling, LLC (7781); (viii) Buccaneer Royalties, LLC (5015); and (ix) Kenai Drilling, LLC (6370).

f.     Proofs of claim filed by creditors of any Debtor shall reflect the caption and case number of the Debtor to which the claim relates and in whose case such claim is to be filed;

g.     Separate claims registers shall be maintained for each Debtor;

h.     One plan and disclosure statement may be filed for all of these cases; however, substantive consolidation is not being requested at this time; and

i.     The Debtors shall be authorized to file the monthly operating reports required by the United States Trustee on a consolidated basis in a format acceptable to the United States Trustee.

7.     The Debtors additionally request waiver of the need to include the Debtors' full tax identification numbers in pleading captions.  *See* 11 U.S.C. § 342(c)(1); FED. R. BANKR. P. 1005 & 2002(n).

## IV.
## BASIS FOR RELIEF

8.     Federal Rule of Bankruptcy Procedure 1015 authorizes the Court to order the joint administration of the estates of a debtor and its affiliates.  FED. R. BANKR. P. 1015(b) ("If a joint petition or two or more petitions are pending in the same court by . . . (4) a debtor and an affiliate, the court may order a joint administration of the estates").  Each of the above-captioned Debtors are affiliates of Buccaneer Resources, LLC.  *See* 11 U.S.C. § 101(2); *see also* Young Declaration.[3]

9.     Joint administration of these cases will save considerable time and expense for the Debtors, their estates, the United States Trustee, and this Court.  The Debtors share employees and premises from which they conduct their business operations, have common operating methods, and share financing obligations.  Accordingly, relief requested for this Court will be common to each of the Debtors and joint administration will therefore prevent duplicative pleadings, notices, and orders.

---

[3] Section 302 of the Bankruptcy Code further contemplates the joint administration of affiliated cases.

10.     Creditors will not be adversely affected by joint administration of these cases. The Debtors are not seeking substantive consolidation.  Each creditor will be required to file a claim against a particular Debtor's estate, separate claims registers will be maintained, and each estate's assets will be subject to only the claims of creditors of that estate.

11.     Moreover, omitting the Debtors' tax identification number and address from pleading captions is purely procedural and will not affect any party's rights as this information is available already on the Debtors' chapter 11 petitions.

**V.**
**NOTICE**

12.     Notice of this Motion will be provided by overnight delivery and/or e-mail or facsimile to:  (a) the Office of the United States Trustee for the Southern District of Texas; (b) all known or alleged secured creditors; (c) the 30 largest unsecured creditors of the Debtors on a consolidated basis; (d) AIX Energy, LLC; (e) all known shareholders holding over 5% of a class of equity interests in any of the Debtors; (f) the United States Attorney's Office for the Southern District of Texas; (g) the Australian Securities and Investments Commission; and (h) the Internal Revenue Service.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

WHEREFORE, the Debtors respectfully request that this Court enter an order substantially in the form attached to this Motion granting the relief requested in this Motion, and grant the Debtors such other and further relief as may be just and proper.

Dated:  May 31, 2014.

Respectfully submitted,

**FULBRIGHT & JAWORSKI LLP**

By: */s/ William R. Greendyke*
William R. Greendyke
State Bar No. 08390450
Jason L. Boland
State Bar No. 24040542
1301 McKinney Street, Suite 5100
Houston, Texas 77010-3095
Telephone:  (713) 651-5151
Facsimile:  (713) 651-5246
william.greendyke@nortonrosefulbright.com
jason.boland@nortonrosefulbright.com

-and-

Toby L. Gerber
State Bar No. 07813700
Mark A. Platt
State Bar No. 00791453
FULBRIGHT & JAWORSKI LLP
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201-2784
Telephone: (214) 855-8000
Facsimile: (214) 855-8200
toby.gerber@nortonrosefulbright.com
mark.platt@nortonrosefulbright.com

**PROPOSED ATTORNEYS FOR DEBTORS
AND DEBTORS-IN-POSSESSION**