

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

ENTERED
09/17/2014

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| BUCCANEER RESOURCES, LLC, et al.,[1] | § | Case No. 14-60041 (DRJ) |
| | § | |
| Debtors. | § | Jointly Administered |
| | § | |

ORDER REGARDING
EMERGENCY MOTION TO QUASH AND FOR PROTECTIVE ORDER AND
MOTION FOR RULE 2004 EXAMINATION TO BE TAKEN BY REMOTE MEANS
[Relates to Dkt. Nos. 350 & 361]

On August 28, 2014, the Official Committee of Unsecured Creditors ("Committee") in the above-captioned, jointly administered bankruptcy cases, filed and served upon counsel for members of the Debtors' Board of Directors (Gavin Wilson, Patrick O'Connor, and Alan Stein) (the "Directors") notices of examination (the "Examinations") under Rule 2004 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule 2004"), together with associated subpoenas compelling attendance of the Directors at the Examinations in Houston, Texas, as well as for production of documents. Thereafter, on September 4, 2014, counsel for the Directors filed and served an *Emergency Motion to Quash and for Protective Order and Motion for Rule 2004 Examinations to be Taken by Remote Means* (the "Motion") [Dkt. No. 350]. The Committee filed and served an Objection to the Motion (the "Objection") [Dkt. No. 361]. The Court held a hearing on the Motion on September 9, 2014 (the "Hearing"), and upon consideration of the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: (i) Buccaneer Energy Limited (0107); (ii) Buccaneer Energy Holdings, Inc. (7170); (iii) Buccaneer Alaska Operations, LLC (7562); (iv) Buccaneer Resources, LLC (8320); (v) Buccaneer Alaska, LLC (4082); (vi) Kenai Land Ventures, LLC (2661); (vii) Buccaneer Alaska Drilling, LLC (7781); (viii) Buccaneer Royalties, LLC (5015); and (ix) Kenai Drilling, LLC (6370).

submissions of the parties, evidence admitted at the Hearing, the arguments of counsel, and all other appropriate matters of record in these bankruptcy cases, it is hereby:

ORDERED that, for the reasons stated on the record by the Court at the Hearing, the Committee is entitled to examine the Directors pursuant to Bankruptcy Rule 2004; and it is further

ORDERED that for the reasons stated on the record by the Court at the Hearing, the Examinations shall be conducted in person in London, England at the offices of Greenberg Traurig Maher, LLP (or such other location as counsel for the Committee, the Debtors and the Directors may mutually and unanimously agree); and it is further

ORDERED that, except as otherwise provided herein or subsequently ordered by this Court, each of the Examinations shall be limited to eight (8) hours of testimony, excluding time consumed by objections, argument or discussion of counsel, breaks and other matters; and it is further

ORDERED that, unless mutually and unanimously agreed by counsel for the Committee, the Debtors and the Directors or otherwise ordered by the Court, the Examinations shall commence on Monday, October 6, 2014, and be concluded on or before Friday, October 10, 2014; and it is further

ORDERED that, unless otherwise mutually and unanimously agreed by counsel for the Committee, the Debtors and the Directors, the Examinations shall commence each day beginning at approximately 8:30 a.m. BST and conclude at approximately 5:30 p.m. BST and shall proceed sequentially in the following order: (1) Gavin Wilson, (2) Patrick O'Connor, and (3) Alan Stein; and it is further

ORDERED that the Court has reserved daily time the week of October 6, 2014 to October 10, 2014 from 12:30 p.m. (CDT) to 1:30 p.m. (CDT) (i.e., 6:30 p.m. BST to 7:30 p.m. BST) to hear any disputes regarding the Examination(s) conducted on such day, which hearings shall be held telephonically; and it is further

ORDERED that the testimony during the Examinations shall be maintained as confidential, i.e., "attorneys eyes only," for the later of (i) seven (7) days after the conclusion of the last Examination, or (ii) three (3) days after the parties receive transcripts of the Examinations; provided, however, that any party may seek a protective order (to be heard on an expedited basis) extending the period of such confidentiality.  If a party seeks such protective order, the temporary confidentiality ordered under this paragraph shall be deemed extended until the Court enters an order regarding the protective order request.

ORDERED, and the parties agree, that the Examinations be conducted according to U.S. law, procedure, and rules, including, without limitation, applicable Federal Rules of Bankruptcy Procedure and Federal Rules of Civil Procedure; and it is further

ORDERED that the Directors shall produce non-privileged documents responsive to the Committee's subpoenas previously served on the Directors and filed at Docket Nos. 335, 336, and 337 on a good faith, rolling basis, commencing as soon as practicable and to be completed no later than October 3, 2014; and it is further

ORDERED that, before noon on Thursday, September 18, 2014, the Directors shall serve electronically upon counsel for the Committee any additional objections to any of the Committee's requests for production of documents; and it is further

ORDERED that the Directors shall serve electronically upon counsel for the Committee privilege logs with respect to any documents withheld from production on the basis of privilege,

on a rolling basis together with documents produced, with a final, comprehensive privilege log to be provided no later than October 3, 2014; and it is further

ORDERED that any party requesting payment of fees, costs, and/or expenses in connection with the Examinations shall file an application with the Court and serve such request on the master service list within fourteen (14) days after the conclusion of the last Examination. Any party objecting to such request shall have fourteen (14) days from the filing of such request to file an objection (notwithstanding Rules 2002 and 9006(f)) to such request, and serve such objection on the requesting party.  Nothing herein shall limit or impede any party's right to object to any fee, cost or expense for which payment is requested under this paragraph.  Any request under this paragraph shall be payable only pursuant to a final order of this Court; and it is further

ORDERED that any amounts authorized under the preceding paragraph of this Order shall be payable by the proposed Creditors Trust on a first priority basis, from and after the effective date of a chapter 11 plan as contemplated pursuant to the conditional settlement approved by the Court at Docket No. 346.  If a chapter 11 plan is not confirmed in accordance with the settlement approved by the Court at Docket No. 346, then the payment allowed under this paragraph shall have the priority provided by the Bankruptcy Code; and it is further

ORDERED that the Bankruptcy Court shall retain jurisdiction and authority to interpret and enforce this order.

**SIGNED: September 17, 2014.**

_____
DAVID R. JONES
UNITED STATES BANKRUPTCY JUDGE

**AGREED AS TO FORM:**

| **ATTORNEYS FOR THE DIRECTORS, PATRICK O'CONNOR, ALAN STEIN, AND GAVIN WILSON:** | **ATTORNEYS FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS:** |
|---|---|
| **BAKER BOTTS L.L.P.** | **GREENBERG TRAURIG, LLP** |
| _____ David D. Sterling, State Bar No. 19170000 Danny David, State Bar No. 24028267 One Shell Plaza 910 Louisiana Street Houston, TX  77002 Tel: 713.229.1234 Fax: 713.229.1522  Omar J. Alaniz, State Bar No. 24040402 2001 Ross Avenue Dallas, TX 75201-2980 Tel: 214.953.6593 Fax: 214.661.4593 omar.alaniz@bakerbotts.com | _____ Shari L. Heyen, State Bar No. 09564750 1000 Louisiana, Suite 1700 Houston, TX  77002 Tel: 713.374.3564 Fax: 713.374.3505 HeyenS@gtlaw.com  David B. Kurzweil (Pro Hac Vice) R. Kyle Woods (Pro Hac Vice) Terminus 200 3333 Piedmont Road, NE, Suite 2500 Atlanta, GA 30327 Tel: 678.553.2100 Fax: 678.553.2269 |