IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| BUCCANEER RESOURCES, LLC, *et al.*,[1] | § § § | Case No.: 14-60041 (DRJ) |
| Debtors. | § § § | Jointly Administered |

**DEBTORS' MOTION FOR ENTRY OF AGREED ORDER REJECTING
EQUIPMENT LEASE AGREEMENT WITH BAKER HUGHES OILFIELD
OPERATIONS, INC. *NUNC PRO TUNC* TO THE PETITION DATE**

**NOTICE UNDER COMPLEX CASE ORDER**

IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING, SPECIFICALLY ANSWERING EACH PARAGRAPH OF THIS PLEADING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT WITHIN TWENTY-FOUR DAYS FROM THE DATE YOU WERE SERVED WITH THIS PLEADING. YOU MUST SERVE A COPY OF YOUR RESPONSE ON THE PERSON WHO SENT YOU THE NOTICE; OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Buccaneer Alaska Operations, LLC ("BAO") and its above-captioned affiliated debtors (collectively, the "Debtors") file this *Motion for Entry of Agreed Order Rejecting Equipment Lease Agreement with Baker Hughes Oilfield Operations, Inc. Nunc Pro Tunc to the Petition*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: (i) Buccaneer Energy Limited (0107); (ii) Buccaneer Energy Holdings, Inc. (7170); (iii) Buccaneer Alaska Operations, LLC (7562); (iv) Buccaneer Resources, LLC (8320); (v) Buccaneer Alaska, LLC (4082); (vi) Kenai Land Ventures, LLC (2661); (vii) Buccaneer Alaska Drilling, LLC (7781); (viii) Buccaneer Royalties, LLC (5015); and (ix) Kenai Drilling, LLC (6370).

*Date* (the "Motion"). In support of this Motion, the Debtors respectfully state as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this Court pursuant to 28 U.S.C. §§1408 and 1409.

## RELEVANT FACTUAL BACKGROUND

2. On November 3, 2010, Buccaneer Alaska Drilling, LLC ("BAD"), one of the above-captioned Debtors, organized Kenai Offshore Ventures, LLC ("KOV") to acquire and own The Endeavour - Spirit of Independence ( the "Endeavour")—an offshore jack-up rig capable of drilling in all areas of the Alaska Cook Inlet or other Alaskan Outer Continental Shelf waters and able to lift 60 feet to work on platforms.

3. To obtain the necessary capital to acquire the Endeavour, Singapore based Ezion Holdings Limited ("Ezion") was added as a member to KOV on April 14, 2011, and the Alaska Industrial Development and Export Authority ("AIDEA") was added as a preferred member on November 8, 2011. Pursuant to the joint venture, KOV would own the Endeavour while Kenai Drilling, LLC ("Kenai Drilling"), one of the above-captioned Debtors, would serve as operator and maintain control of the Endeavour through a Bareboat Charter Agreement (the "Charter").

4. KOV ultimately acquired the Endeavour in November 2011.

5. Shortly thereafter, on December 15, 2011, BAO and Baker Hughes Oilfield Operations, Inc. ("Baker Hughes") executed a certain Sales Discount Agreement (the "Equipment Lease Agreement") pursuant to which Baker Hughes agreed to lease certain materials and equipment (the "Subject Equipment") to be used by BAO in connection with offshore drilling operations. The term of the Equipment Lease Agreement was for a period of

two (2) years with the option of three (3) additional one-year extensions.[2] The initial two-year term was to commence once the Endeavour arrived in the Cook Inlet and the Baker Hughes Service Supervisor boarded the Endeavour.

6. On May 31, 2014 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). That same day, the Debtors filed an *Emergency First Omnibus Motion Pursuant to 11 U.S.C. 365 and Federal Rules of Bankruptcy Procedure 6006 and 9014 to Reject Certain Executory Contracts and Unexpired Leases of Nonresidential Real Property Nunc Pro Tunc* (the "First Omnibus Rejection Motion") [Dkt. No. 8], wherein the Debtors sought to reject, among other things, the Charter relating to the Endeavour. An order approving the First Omnibus Rejection Motion was entered on June 10, 2014 [Dkt. No. 82]. The Crew Management Services Agreement with Spartan Offshore Drilling, LLC related to the Endeavour was thereafter rejected through entry of an agreed order on June 23, 2014 [Dkt. No. 155].

7. As a result, all of the Debtors obligations relating to and associated with the Endeavour have now been terminated and/or otherwise rejected in these proceedings. Nonetheless, on information and belief, the Subject Equipment may still remain on the Endeavour. BAO does not own the Subject Equipment; BAO does not have physical possession of the Subject Equipment; BAO has no use for the Subject Equipment; and BAO has not used the Subject Equipment since at least the commencement of these cases. Moreover, while the agreement appears to have terminated by its own terms,[3] the Debtors nonetheless file this Motion and seek entry of the attached Agreed Order out of an abundance of caution to enable Baker Hughes to recover the Subject Equipment.

---

[2] A true and correct copy of the Equipment Lease Agreement is attached hereto as **Exhibit 1**, and a list of the Subject Equipment is attached hereto as **Exhibit 2**.

[3] The Debtors have no records indicating that the Equipment Lease Agreement has been extended beyond its original two-year term.

**RELIEF REQUESTED**

8. Pursuant to section 365(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Debtors request authorization to reject the Equipment Lease Agreement attached hereto as **Exhibit 1**. A proposed form of agreed order (the "Agreed Order") is also attached.

9. The Debtors request that the rejection of the Equipment Lease Agreement be effective as of the Petition Date.

10. The Debtors also request that the deadline to file a proof of claim with respect to any claim for damages arising from the rejection of the Equipment Lease Agreement be **5:00 p.m. (Central Time)** of the date that is **thirty (30) days** after entry of the order approving the relief requested herein.

**BASIS FOR RELIEF**

A. **Applicable Standard.**

11. Section 365(a) of the Bankruptcy Code provides, in pertinent part, that a debtor-in-possession, "subject to the court's approval, may assume or reject an executory contract or an unexpired lease." 11 U.S.C. §365(a).

12. Courts defer to a debtor's business judgment in rejecting an executory contract or unexpired lease, and upon finding that a debtor has exercised its sound business judgment, approve the rejection under section 365(a) of the Bankruptcy Code. *NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 521 (1984); *see also Group of Inst'l Investors v. Chicago, Milwaukee, St. Paul, & Pacific R.R. Co.*, 318 U.S. 523, 550 (1943); *Official Comm. of Unsecured Creditors of Mirant Corp. v. Potomac Elec. Power Co. (In re Mirant Corp.)*, 378 F.3d 511, 524 n. 5 (5th Cir. 2004) ("The rejection decision under § 365 is generally left to the business judgment of the

bankruptcy estate."); *Richmond Leasing Co. v. Capital Bank, N.A.*, 762 F.2d 1303, 1309 (5th Cir. 1985).

13. Rejection under § 365 is generally intended to enable the debtor to relieve itself and the bankruptcy estate from burdensome and unprofitable contracts in order to preserve and maximize the value of the bankruptcy estate. *Stewart Title Guar. Co. v. Old Republic Nat'l Ins. Co.*, 83 F.3d 735, 741 (5th Cir. 1996) ("[Section 365] allows a trustee to relieve the bankruptcy estate of burdensome agreements which have not been completely performed." (quoting *In re Murexco Petroleum, Inc.*, 15 F.3d 60,62 (5th Cir. 1994))); *In re Mirant Corp.*, 303 B.R. 319, 330-31 (Bankr. N.D. Tex. 2003) ("There is substantial authority for the proposition that section 365 was intended to allow a trustee or debtor in possession to eliminate burdensome, unprofitable contracts and preserve for the estate's benefit valuable agreements.").

14. In addition, many courts have authorized rejection retroactively to a date prior to the entry of the order authorizing such rejection. *See, e.g., Adelphia Bus. Solutions, Inc. v. Abnos*, 485 DF.3d. 602 (2d Cir. 2007) (affirming the bankruptcy court's equitable authority to authorize the retroactive rejection of a nonresidential lease of real property where advance notice is provided); *In re Thinking Mach. Corp. v. Mellon Fin. Servs.*, 67 F.3d 1021, 1028 (1st Cir. 1995) (approving retroactive orders of rejection where the balance of equities favors such relief). In this case, the Debtors' respectfully request that the Court enter the attached Agreed Order rejecting the Equipment Lease Agreement attached hereto as **Exhibit 1** effective as of the Petition Date and authorize Baker Hughes to obtain physical possession of the Subject Equipment.

B. **Rejection of the Equipment Lease Agreement is Supported By the Debtors' Sound Business Judgment and Should be Approved By the Court Effective as of the Petition Date.**

15. As set forth above, BAO does not own the Subject Equipment; BAO does not

have physical possession of the Subject Equipment; BAO has no use for the Subject Equipment; and BAO has not used the Subject Equipment since at least the commencement of these cases. Accordingly, the Debtors and their estates derive no economic benefit from the Subject Equipment.

16. Further, the cost to remove the Subject Equipment will be significantly less if removed while the Endeavour rig is in dock. Accordingly, entry of the attached Agreed Order approving rejection of the Equipment Lease Agreement is in the best interests of the Debtors and their estates.

## PRAYER

WHEREFORE, the Debtors respectfully request (i) entry of the Agreed Order and (ii) all such other and further relief as the Court deems just and proper both at law and in equity.

Dated: October 2, 2014.

Respectfully submitted,

**FULBRIGHT & JAWORSKI LLP**

By: */s/ Jason L. Boland*
William R. Greendyke
State Bar No. 08390450
Jason L. Boland
State Bar No. 24040542
1301 McKinney Street, Suite 5100
Houston, Texas 77010-3095
Telephone: (713) 651-5151
Facsimile: (713) 651-5246
william.greendyke@nortonrosefulbright.com
jason.boland@nortonrosefulbright.com

**ATTORNEYS FOR DEBTORS AND DEBTORS-IN-POSSESSION**