IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| Buccaneer Resources, LLC, et al.,[1] | § | Case No. 14-60041 (DRJ) |
| | § | |
| Debtors. | § | Jointly Administered |

**ORDER GRANTING DEBTORS' EMERGENCY MOTION (1) UNDER 11 U.S.C. § 363(B) TO AUTHORIZE THE DEBTORS TO ADVANCE DEFENSE COSTS TO DIRECTORS AND (2) UNDER 11 U.S.C. § 362(D) FOR RELIEF FROM STAY TO ALLOW INSURERS TO ADVANCE DEFENSE COSTS TO DIRECTORS**
[RELATES TO DKT. NO. 377]

The Court has considered the *Emergency Motion (1) Under 11 U.S.C. § 363(b) to Authorize the Debtors to Advance Defense Costs to Directors and (2) Under 11 U.S.C. § 362(d) for Relief from Stay to Allow Insurers to Advance Defense Costs to Directors* (the "Motion") [Dkt. No. 377] filed by the above-captioned debtors (collectively, the "Debtors"), the Statement in Support of the Motion (the "Statement") [Dkt. No. 402] filed by Messrs. Patrick O'Connor, Alan Stein and Gavin Wilson (collectively, the "Directors"), the Objection to Motion (the "Objection") [Dkt. No. 400] filed by the Official Committee of Unsecured Creditors (the "Committee"), and the Joinder to the Objection (the "Joinder", together with the Motion, Statement, and Objection, the "Pleadings") [Dkt. No. 403] filed by AIMM Technologies, Inc. ("AIMM").

The Court, having considered the Pleadings and all matters properly of record and the statements of counsel for the parties present with respect to the relief requested in the Motion as announced at the hearing held on October 1, 2014 (the "Hearing"), hereby finds that (i) notice of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: (i) Buccaneer Energy Limited (0107); (ii) Buccaneer Energy Holdings, Inc. (7170); (iii) Buccaneer Alaska Operations, LLC (7562); (iv) Buccaneer Resources, LLC (8320); (v) Buccaneer Alaska, LLC (4082); (vi) Kenai Land Ventures, LLC (2661); (vii) Buccaneer Alaska Drilling, LLC (7781); (viii) Buccaneer Royalties, LLC (5015); and (ix) Kenai Drilling, LLC (6370).

- 1 -

the Motion was reasonable, sufficient and adequate under the circumstances; (ii) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution; (iv) venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; (v) the relief sought in the Motion is in the best interests of the Debtors and their estates; and (vi) the Motion should be granted as set forth herein.  Accordingly, it is hereby ORDERED THAT:

1. The Debtors are allowed to advance reasonable and necessary litigation expenses, including reasonable and necessary attorneys' fees ("Defense Costs") to counsel for the Directors through the effective date of the chapter 11 plan; provided, however, that the authority to pay such Defense Costs shall be limited to any existing cash collateral order(s) entered by this Court and related budget(s); provided further, however, that any amounts advanced by the Debtors' estates shall not exceed $390,000 in the aggregate.

2. Any Defense Costs advanced by the Debtors pursuant to this Order shall be without prejudice to any parties' rights, if any, including to seek or oppose payment/reimbursement from the Creditors Trust under this Court's prior *Order Regarding Emergency Motion To Quash and for Protective Order and Motion for Rule 2004 Examination to be Taken by Remote Means* (the "2004 Order") [Dkt. No. 376].  Notwithstanding anything to the contrary herein, all parties' rights to request payment of fees, costs, and/or expenses pursuant to the 2004 Order and all parties' rights to object to the same on any ground are expressly preserved and reserved herein, and nothing contained herein is intended to modify, alter or otherwise amend the 2004 Order or any other Order of this Court entered in the chapter 11 cases, including without limitation, this Court's prior *Order Approving Joint Emergency Motion to Compromise Controversy under Rule 9019 of the Federal Rules of Bankruptcy Procedure* [Dkt. No. 346], in any way.

3. Counsel for the Directors may seek payment of their Defense Costs in accordance with the procedures established herein as follows (collectively, the "Defense Cost Procedures"):

    a. Counsel for the Directors may submit periodic statements (a "Statement") of any such Defense Costs incurred and, for which payment hereunder is sought, by email on:

        (1) the Debtors (jyoung@conwaymackenzie.com);

        (2) Debtors' counsel (william.greendyke@nortonrosefulbright.com);

      (jason.boland@nortonrosefulbright.com);

  (3) Office of the United States Trustee, Southern District of Texas (Hector.Duran.Jr@usdoj.gov);

  (4) counsel for AIX Energy, LLC (jwolfshohl@porterhedges.com); (apower@porterhedges.com); and

  (5) counsel for the Official Committee of Unsecured Creditors (heyens@gtlaw.com); (kurzweild@gtlaw.com); (eastlaked@gtlaw.com) (collectively, the "<u>Notice Parties</u>").

b. The Statement need not be filed with the Court, but shall contain a list of the individuals and their respective titles (e.g., attorney, accountant, or paralegal) who provided services during the statement period, their respective billing rates, the aggregate hours spent by each individual, a reasonably detailed breakdown of the expenses incurred, and contemporaneously maintained time entries for each individual in increments of tenths (1/10) of an hour.

c. Contemporaneously with serving any such Statement on the Notice Parties, counsel for the Directors shall also file a notice (the "<u>Notice</u>") with the Court, notifying all creditors and parties-in-interest (i) of the date that the Directors submitted an invoice to the Debtors for payment; (ii) of the amount of Defense Costs requested in the Statement; and (iii) that such Defense Costs will be paid by the Debtors within fifteen (15) days after filing of the Notice unless a creditor or party-in-interest objects, in which case payment of such Defense Costs shall not be paid unless and until the Court orders otherwise after notice and a hearing.  The Notice need not attach the respective Statement.  In the absence of an objection filed with the Court, the Debtors shall promptly pay one hundred percent (100%) of the Defense Costs, subject to the limitations in this Order.

4. To the extent applicable, the automatic stay of 11 U.S.C. § 362(a) is hereby modified to allow access to and/or use of policy proceeds from the National Union Fire Insurance Company of Pittsburg, Pa "Directors, Officers and Private Company Liability Insurance," Policy Number 01-582-79-24 and the AIG Policy #125622 (collectively, the "<u>Insurance Policies</u>") for advancement of Defense Costs to the Directors through the effective date of the Debtors' chapter 11 plan; provided, however, that any advancement of Defense Costs to the Directors through the effective date of the Debtors' chapter 11 plan shall not exceed $400,000 in the aggregate (subject to all parties rights to seek or oppose further relief from the Court).  The Debtors agree to seek reimbursement from the Insurance Policies for any Defense Costs advanced herein pursuant to the existing cash collateral order(s) entered by this Court and related budget(s).

5. In the event the Debtors' insurance providers deny coverage under either of the Insurance Policies and the Debtors intend to initiate a proceeding against such insurance providers, the Debtors shall, no less than seven (7) calendar days prior to initiating any such proceeding, file a notice with the Court informing creditors and parties-in-interest of the Debtors' intent to seek affirmative relief against such insurance providers if no objection is filed within the seven (7) day notice period. If a creditor or party-in-interest timely objects to the Debtors seeking affirmative relief against the insurance providers, then the Debtors shall not initiate a proceeding against the insurance providers unless and until the Court orders otherwise after notice and a hearing.

6. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation and/or interpretation of this Order.

**AGREED AS TO FORM AND SUBSTANCE:**

| | |
|---|---|
| **FULBRIGHT & JAWORSKI LLP** | **BAKER BOTTS L.L.P.** |

__/s/ William R. Greendyke_____  
William R. Greendyke  
State Bar No. 08390450  
Jason L. Boland  
State Bar No. 24040542  
1301 McKinney Street, Suite 5100  
Houston, Texas 77010-3095  
Telephone: (713) 651-5151  
Facsimile: (713) 651-5246  
william.greendyke@nortonrosefulbright.com  
jason.boland@nortonrosefulbright.com  

ATTORNEYS FOR THE DEBTORS

_____/s/ David D. Sterling_____  
David D. Sterling  
State Bar No. 19170000  
Danny David  
State Bar No. 24028267  
One Shell Plaza  
910 Louisiana Street  
Houston, Texas 77002-4995  
Telephone:  (713) 229-1234  
Facsimile:  (713) 229-1522  
david.sterling@bakerbotts.com  
danny.david@bakerbotts.com  

Omar J. Alaniz  
State Bar No. 24040402  
2001 Ross Avenue  
Dallas, Texas 75201-2980  
Telephone: 214.953.6593  
Facsimile: 214.661.4593  
omar.alaniz@bakerbotts.com  

ATTORNEYS FOR PATRICK O'CONNOR, GAVIN WILSON, AND ALAN STEIN

**PORTER HEDGES LLP**                         **GREENBERG TRAURIG LLP**

___/s/ Joshua W. Wolfshohl_____  
Joshua W. Wolfshohl  
State Bar No. 24038592  
Aaron J. Power  
State Bar. No. 24058058  
1000 Main Street, 36th Floor  
Houston, Texas 77002  
Telephone:  (713) 226-6000  
Facsimile:  (713) 228-1331  

ATTORNEYS FOR AIX ENERGY, LLC

___/s/ Shari L. Heyen_____  
Shari L. Heyen  
State Bar No. 09564750  
1000 Louisiana, Suite 1700  
Houston, Texas 77002  
Telephone:  (713) 374-3564  
Facsimile:  (713) 374-3505  
HeyenS@gtlaw.com  

David B. Kurzweil (*Pro Hac Vice*)  
Terminus 200  
3333 Piedmont Road, NE, Suite 2500  
Atlanta, Georgia 30327  
Telephone:  (678) 553-2100  
Facsimile:  (678) 553-2269  
KurzweilD@gtlaw.com  

ATTORNEYS FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS

**LOCKE LORD LLP**

_____/s/ Philip G. Eisenberg_____
Philip G. Eisenberg
State Bar No. 24033923
W. Steven Bryant
State Bar No. 24027413
Brooke B. Chadeayne
State Bar No. 24072030
600 Travis Street, Suite 2800
Houston, Texas 77002
Telephone:  (713) 226-1489
Facsimile:  (713) 229-2536
peisenberg@lockelord.com
sbryant@lockelord.com
bchadeayne@lockelord.com

ATTORNEYS FOR AIMM TECHNOLOGIES, INC.