IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| | § | Case No. 14-60041 (DRJ) |
| BUCCANEER RESOURCES, LLC, *et al.*,[1] | § | |
| | § | |
| | § | Jointly Administered |
| Debtors. | § | |

## DECLARATION OF STEPHENIE KJONTVEDT ON BEHALF OF EPIQ BANKRUPTCY SOLUTIONS, LLC REGARDING VOTING AND TABULATION OF BALLOTS ACCEPTING AND REJECTING THE FIRST AMENDED JOINT CHAPTER 11 PLAN OF REORGANIZATION FOR THE DEBTORS AND DEBTORS-IN-POSSESSION

I, Stephenie Kjontvedt, declare, under penalty of perjury:

1. I am a Vice President, Senior Consultant at Epiq Bankruptcy Solutions, LLC ("Epiq") located at 757 Third Avenue, New York, New York 10017. I am over the age of 18 years and do not have a direct interest in these chapter 11 cases.

2. I submit this Declaration with respect to the *First Amended Joint Chapter 11 Plan of Reorganization for the Debtors and Debtors-In-Possession*, dated November 5, 2014 (as may be amended or modified, the "Plan").[2] Except as otherwise indicated, all facts set forth herein are based upon my personal knowledge or my review of relevant documents. If I were so called to testify, I could and would testify competently as to the facts set forth herein.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: (i) Buccaneer Energy Limited (0107); (ii) Buccaneer Energy Holdings, Inc. (7170); (iii) Buccaneer Alaska Operations, LLC (7562); (iv) Buccaneer Resources, LLC (8320); (v) Buccaneer Alaska, LLC (4082); (vi) Kenai Land Ventures, LLC (2661); (vii) Buccaneer Alaska Drilling, LLC (7781); (viii) Buccaneer Royalties, LLC (5015); and (ix) Kenai Drilling, LLC (6370).

[2] Unless otherwise defined herein, all capitalized terms shall have the meaning ascribed to them in the Plan or the Disclosure Statement Order (as defined below).

3. In accordance with the (a) *Order Approving the Retention of Epiq Bankruptcy Solutions, LLC as Noticing and Solicitation Agent to the Debtors, Effective Nunc Pro Tunc to the Petition Date*, filed June 9, 2014 [Docket No. 72]; and (b) *Order (1) Conditionally Approving Disclosure Statement and Shortening Notice of the Final Hearing Thereon; (2) Fixing Record Date for Voting; (3) Approving Plan Solicitation Package and Voting Procedures; (4) Setting Deadlines to Vote on Plan and Object to Plan and Disclosure Statement; and (5) Setting Hearing on Final Approval of Disclosure Statement and Plan Confirmation*, filed November 6, 2014 [Docket No. 511] (the "Disclosure Statement Order"), Epiq was appointed to assist the Debtors in connection with, *inter alia,* soliciting, receiving, and tabulating Ballots accepting or rejecting the Plan.

4. Pursuant to the Plan only holders of impaired Claims in the following classes (the "Voting Classes") were entitled to vote to accept or reject the Plan:

| **Class** | **Description** |
|---|---|
| Class 3 | General Unsecured Claims |
| Class 4 | Subordinated Claims |

5. The procedures for the solicitation and tabulation of votes on the Plan are outlined in the Disclosure Statement Order. Epiq was instructed to solicit, review, determine the validity of, and tabulate Ballots submitted to vote for the acceptance or rejection of the Plan by the holders of Claims in the Voting Classes in accordance with the Disclosure Statement Order.

6. As specified in the Disclosure Statement Order, November 6, 2014 was established as the record date for determining the holders of Claims in the Voting Classes[3] who would be entitled to vote on the Plan (the "Voting Record Date").

---

[3] Class 4 is an empty Class, therefore no holders were solicited in Class 4.

7. In accordance with the Disclosure Statement Order, Epiq solicited the holders of Claims in the Voting Class as of the Voting Record Date and Epiq's *Affidavit of Service of Solicitation Materials* was filed with this Court on November 14, 2014 [Docket No. 526].

8. Ballots returned by mail, e-mail, hand delivery, or overnight courier were received by personnel of Epiq at its offices in New York, New York. All Ballots received by Epiq were date-stamped upon receipt and were processed in accordance with the Disclosure Statement Order.

9. In order for a Ballot to be counted as valid, the Ballot must have been properly completed in accordance with the Disclosure Statement Order and executed by the relevant holder or such holder's authorized representative, and must have been received by Epiq no later than 5:00 p.m. United States Eastern Time on December 2, 2014 (the "Voting Deadline").

10. All validly executed Ballots cast by holders of Claims in the Voting Class received by Epiq on or before the Voting Deadline were tabulated as outlined in the Disclosure Statement Order. I declare that the results of the voting by holders of Claims in the Voting Class are as set forth in Exhibit A hereto, which is a true and correct copy of the final tabulation of votes cast by timely and properly executed Ballots received by Epiq.

11. A report of all Ballots not included in the tabulation prepared by Epiq and the reasons for exclusion of such Ballots is attached as Exhibit B hereto.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: December 4th, 2014
New York, New York

Stephenie Kjontvedt
Vice President, Senior Consultant
Epiq Bankruptcy Solutions, LLC

# Exhibit A

# EXHIBIT A

## BUCCANEER RESOURCES, LLC, *et al.*

## Tabulation Summary

| VOTING CLASS | TOTAL BALLOTS COUNTED | | | |
|---|---|---|---|---|
| | ACCEPT | | REJECT | |
| | AMOUNT | NUMBER | AMOUNT | NUMBER |
| Class 3 General Unsecured Claims | $153,714,741.88 **98.20%** | 30 **88.24%** | $2,822,005.76 **1.80%** | 4 **11.76%** |
| Class 4 Subordinated Claims | There are not any claims in Class 4. | | | |

# Exhibit B

# EXHIBIT B

BUCCANEER RESOURCES, LLC, *et al.*
Report of Excluded Ballots

| Claim / Schedule Number | Plan Class | Plan Class Description | Name | Voting Amount | Vote Accept / Reject | Ballot Number | Reason for Exclusion |
|---|---|---|---|---|---|---|---|
| 125 | 3 | GENERAL UNSECURED CLAIMS | COOK INLET SPILL PREVENTION ET AL | $49,322.54 | ACCEPT | 15 | DUPLICATE COPY OF A LATER RECEIVED BALLOT |
| 95 | 3 | GENERAL UNSECURED CLAIMS | COYNE, JULIAN & ADELE | $1,080,685.00 | ACCEPT | 18 | CLAIM SUBJECT TO A FILED DISALLOW OBJECTION |
| 2 | 3 | GENERAL UNSECURED CLAIMS | FIVE STAR OILFIELD SERVICES | $32,322.00 | | 1 | BALLOT DOES NOT INDICATE ACCEPTANCE OR REJECTION OF THE PLAN |
| 40 / 44001230 | 3 | GENERAL UNSECURED CLAIMS | MARITIME HELICOPTERS, INC. | $18,631.24 | | 25 | BALLOT DOES NOT INDICATE ACCEPTANCE OR REJECTION OF THE PLAN |
| 30 | 3 | GENERAL UNSECURED CLAIMS | METSON BLUE WATER NAVIGATION | $18,536.00 | | 17 | BALLOT DOES NOT INDICATE ACCEPTANCE OR REJECTION OF THE PLAN |
| 1 | 3 | GENERAL UNSECURED CLAIMS | PHOENIX SAFETY & LOGISTICS PERSO | $28,696.94 | | 5 | BALLOT DOES NOT INDICATE ACCEPTANCE OR REJECTION OF THE PLAN |
| 44002040 | 3 | GENERAL UNSECURED CLAIMS | WEATHERFORD US LP | $163,327.05 | ACCEPT | 16 | DUPLICATE COPY OF A LATER RECEIVED BALLOT |