## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## VICTORIA DIVISION

| | | | |
|---|---|---|---|
| In re: | § | Chapter 11 | |
| | § | | |
| BUCCANEER RESOURCES, LLC, *et al.*, [1] | § | Case Nos. | 14-60041 through |
| | § | | 14-60049 |
| Debtors. | § | | |
| | § | Jointly Administered Under | |
| | § | Case No. 14-60041 | |

---

## FIRST AMENDED JOINT CHAPTER 11 PLAN OF REORGANIZATION FOR THE DEBTORS AND DEBTORS-IN-POSSESSION
### (as modified through January 13, 2015)

---

**FULBRIGHT & JAWORSKI LLP**

Dated: January 13, 2015.

WILLIAM R. GREENDYKE
STATE BAR NO. 08390450
JASON L. BOLAND
STATE BAR NO. 24040542
R. ANDREW BLACK
STATE BAR NO. 02375110
1301 MCKINNEY STREET, SUITE 5100
HOUSTON, TEXAS 77010-3095
TELEPHONE: (713) 651-5151
FACSIMILE: (713) 651-5246
william.greendyke@nortonrosefulbright.com
jason.boland@nortonrosefulbright.com
andrew.black@nortonrosefulbright.com

ATTORNEYS FOR THE DEBTORS
AND DEBTORS-IN-POSSESSION

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: (i) Buccaneer Energy Limited (0107); (ii) Buccaneer Energy Holdings, Inc. (7170); (iii) Buccaneer Alaska Operations, LLC (7562); (iv) Buccaneer Resources, LLC (8320); (v) Buccaneer Alaska, LLC (4082); (vi) Kenai Land Ventures, LLC (2661); (vii) Buccaneer Alaska Drilling, LLC (7781); (viii) Buccaneer Royalties, LLC (5015); and (ix) Kenai Drilling, LLC (6370).

41080941.9

# TABLE OF CONTENTS

Page

INTRODUCTION ............................................................................................................... 1

SUBSTANTIVE CONSOLIDATION........................................................................................ 1

ARTICLE 1 DEFINITIONS AND CONSTRUCTION OF TERMS .............................................. 1

|  | | |
|---|---|---|
| 1.1 | **Administrative Claim** | 1 |
| 1.2 | **Administrative Claimant** | 2 |
| 1.3 | **Administrative Claims Account** | 2 |
| 1.4 | **Administrative Claim Bar Date** | 2 |
| 1.5 | **Affiliate** | 2 |
| 1.6 | **AIX** | 2 |
| 1.7 | **AIX/Meridian Settlement** | 2 |
| 1.8 | **AIX Secured Claim** | 2 |
| 1.9 | **Allowed** | 2 |
| 1.10 | **Allowed Administrative Claims Estimate** | 3 |
| 1.11 | **Allowed Amount** | 3 |
| 1.12 | **Allowance Date** | 3 |
| 1.13 | **Assets** | 3 |
| 1.14 | **Available Cash Collateral** | 3 |
| 1.15 | **Avoidance Actions** | 3 |
| 1.16 | **Bankruptcy Code** or **Code** | 4 |
| 1.17 | **Bankruptcy Court** or **Court** | 4 |
| 1.18 | **Bankruptcy Rules** | 4 |
| 1.19 | **Bar Date** | 4 |
| 1.20 | **Beneficial Holder** | 4 |
| 1.21 | **Business Day** | 4 |
| 1.22 | **Cash** | 4 |
| 1.23 | **Causes of Action** | 4 |
| 1.24 | **Chapter 11 Case(s)** or **Case(s)** | 5 |
| 1.25 | **Claim** | 5 |
| 1.26 | **Claimant** | 5 |
| 1.27 | **Claims Objection Deadline** | 5 |

# TABLE OF CONTENTS

Page

| | | |
|---|---|---:|
| 1.28 | **Class** | 5 |
| 1.29 | **Collateral** | 5 |
| 1.30 | **Committee** | 5 |
| 1.31 | **Committee Professional Fund** | 5 |
| 1.32 | **Confirmation Date** | 5 |
| 1.33 | **Confirmation Hearing** | 5 |
| 1.34 | **Confirmation Order** | 5 |
| 1.35 | **Coverage Claims** | 6 |
| 1.36 | **Creditor** | 6 |
| 1.37 | **Cure** | 6 |
| 1.38 | **D&O Insurance** | 6 |
| 1.39 | **Debtor(s)** | 6 |
| 1.40 | **Deficiency Claim** | 6 |
| 1.41 | **Disallowed Claim** | 6 |
| 1.42 | **Disbursing Agent** | 7 |
| 1.43 | **Disclosure Statement** | 7 |
| 1.44 | **Disputed Claim** | 7 |
| 1.45 | **Disputed Claim Reserve(s)** | 7 |
| 1.46 | **Distribution** | 7 |
| 1.47 | **Effective Date** | 7 |
| 1.48 | **Equity Interest** | 7 |
| 1.49 | **Estate(s)** | 7 |
| 1.50 | **Estate Property** | 7 |
| 1.51 | **Executory Contracts** | 8 |
| 1.52 | **Fee Procedure Order** | 8 |
| 1.53 | **Final Distribution** | 8 |
| 1.54 | **Final Order** | 8 |
| 1.55 | **General Unsecured Claim** | 8 |
| 1.56 | **Governmental Unit** | 8 |
| 1.57 | **Holder** | 8 |

# TABLE OF CONTENTS

Page

| | | |
|---|---|---|
| 1.58 | Impaired | 8 |
| 1.59 | Initial Distribution Date | 8 |
| 1.60 | Insider | 8 |
| 1.61 | Intercompany Claim | 8 |
| 1.62 | IRS | 8 |
| 1.63 | Kenai Loop Assets | 9 |
| 1.64 | Lien | 9 |
| 1.65 | Liquidating Trust | 9 |
| 1.66 | Liquidating Trust Account | 9 |
| 1.67 | Liquidating Trust Agreement | 9 |
| 1.68 | Liquidating Trust Assets | 9 |
| 1.69 | Liquidating Trust Professionals | 9 |
| 1.70 | Liquidating Trustee | 9 |
| 1.71 | MBL Cash Cover Account | 10 |
| 1.72 | Net Litigation Proceeds | 10 |
| 1.72A | Notice Parties | 10 |
| 1.73 | Payment Date | 10 |
| 1.74 | Person | 10 |
| 1.75 | Petition Date | 10 |
| 1.76 | Plan | 10 |
| 1.77 | Plan Rate | 10 |
| 1.78 | Plan Supplement | 10 |
| 1.79 | Post-Confirmation Committee | 11 |
| 1.80 | Priority Unsecured Non-Tax Claim | 11 |
| 1.81 | Priority Unsecured Tax Claim | 11 |
| 1.82 | Professional | 11 |
| 1.83 | Professional Fees | 11 |
| 1.84 | Professional Fee Claim | 11 |
| 1.85 | Professional Fee Claim Bar Date | 11 |
| 1.86 | Proof of Claim | 11 |

# TABLE OF CONTENTS

Page

1.87    **Protected Persons** ........................................................................... 11

1.88    **Pro Rata** ......................................................................................... 11

1.89    **Purchase and Sale Agreement** ....................................................... 12

1.90    **Ratable Portion** ............................................................................. 12

1.91    **Record Date** .................................................................................. 12

1.92    **Rejection Claim Bar Date** ............................................................. 12

1.93    **Reorganized Debtors** ..................................................................... 12

1.93A  **Sale Order** ……………………………………………………………12

1.94    **Schedules** ....................................................................................... 12

1.95    **Secured Claim** ............................................................................... 12

1.96    **Secured Tax Claim** ........................................................................ 12

1.97    **Settlement Payment** ...................................................................... 13

1.98    **Subordinated Claim** ...................................................................... 13

1.99    **Subsidiary Debtors** ....................................................................... 13

1.100  **Tax Claim** ...................................................................................... 13

1.101  **Trust Distribution Cash** ................................................................ 13

1.102  **Unclaimed Distributions** ............................................................... 13

1.103  **Unexpired Leases** .......................................................................... 13

1.104  **Unimpaired** .................................................................................... 13

1.105  **Unsecured Claim** ........................................................................... 14

ARTICLE 2 RULES OF INTERPRETATION AND CONSTRUCTION ................................. 14

ARTICLE 3 PROVISION FOR PAYMENTS OF ADMINISTRATIVE CLAIMS AND PRIORITY UNSECURED TAX CLAIMS .................................... 14

3.1     **Administrative Claims** ................................................................... 14

3.2     **Priority Unsecured Tax Claims** .................................................... 15

ARTICLE 4 CLASSIFICATION OF CLAIMS AND EQUITY INTERESTS; IMPAIRMENT AND VOTING ..................................... 15

4.1     **Classification** .................................................................................. 15

4.2     **Unclassified Claims** ....................................................................... 15

4.3     **Identification of Classes** ................................................................ 15

4.4     **Unimpaired Classes** ....................................................................... 16

## TABLE OF CONTENTS

Page

| | | |
|---|---|---|
| 4.5 | Impaired Classes Entitled to Vote | 16 |
| 4.6 | Acceptance by Class | 17 |
| 4.7 | Reservation of Cramdown Rights | 17 |
| 4.8 | Non-Voting Classes | 17 |
| 4.9 | Elimination of Classes for Voting Purposes | 17 |
| 4.10 | Controversy Concerning Classification, Impairment or Voting Rights | 17 |

ARTICLE 5 PROVISIONS FOR TREATMENT OF CLASSIFIED CLAIMS AND EQUITY INTERESTS ... 17

| | | |
|---|---|---|
| 5.1 | Treatment of Class 1 Allowed Secured Claims | 17 |
| 5.2 | Treatment of Class 2 Allowed Priority Unsecured Non-Tax Claims | 20 |
| 5.3 | Treatment of Class 3 General Unsecured Claims | 21 |
| 5.4 | Treatment of Class 4 Subordinated Claims | 21 |
| 5.5 | Treatment of Class 5 Equity Interests in Subsidiary Debtors | 22 |
| 5.6 | Treatment of Class 6 Equity Interests in Buccaneer Energy Limited | 22 |

ARTICLE 6 EXECUTORY CONTRACTS AND UNEXPIRED LEASES ... 22

| | | |
|---|---|---|
| 6.1 | Assumed Contracts and Leases | 22 |
| 6.2 | Payments Related to Assumption of Contracts and Leases | 23 |
| 6.3 | Rejection Claim Bar Date | 23 |
| 6.4 | Reservation of Rights | 23 |

ARTICLE 7 MEANS OF IMPLEMENTATION ... 23

| | | |
|---|---|---|
| 7.1 | The AIX/Meridian Settlement, Sale of Debtors' Assets and the Settlement Payment | 23 |
| 7.2 | Substantive Consolidation of the Debtors | 24 |
| 7.3 | Creation of the Liquidating Trust | 24 |
| 7.4 | Transfer of Assets and Creation of the Administrative Claims Reserve | 25 |
| 7.5 | General Powers of the Liquidating Trustee | 26 |
| 7.6 | Obligations of the Liquidating Trustee | 31 |
| 7.7 | Limitations on the Powers of the Liquidating Trustee | 32 |
| 7.8 | The Committee | 33 |
| 7.9 | The Post-Confirmation Committee | 33 |
| 7.10 | Resignation/Removal of the Liquidating Trustee | 34 |

# TABLE OF CONTENTS

Page

7.11 Appointment of Successor Liquidating Trustee .................................................. 34

7.12 Rights and Duties of the Post-Confirmation Committee............................... 34

7.13 Compensation Procedures.................................................................................. 35

7.14 Preservation of Rights and Causes of Action ................................................. 35

7.15 Corporate Existence and Authority ................................................................. 35

7.16 Insurance Preservation....................................................................................... 35

7.17 Effectuating Documents; Further Transactions ............................................. 35

7.18 Termination of Liquidating Trust and Post-Confirmation Committee........ 35

7.19 Documents of the Debtors .................................................................................. 36

ARTICLE 8 PROVISIONS GOVERNING DISTRIBUTIONS ................................................. 36

8.1 Distributions for Claims Allowed as of Effective Date .................................. 36

8.2 Interest on Claims................................................................................................ 36

8.3 Means of Cash Payment ..................................................................................... 36

8.4 Record Date for Claims and Equity Interests ................................................. 36

8.5 Delivery of Distributions .................................................................................... 36

8.6 Unclaimed Distributions .................................................................................... 37

8.7 Uncashed Checks ................................................................................................. 37

8.8 Setoffs ................................................................................................................... 37

8.9 Prepayment .......................................................................................................... 37

8.10 No Distribution in Excess of Allowed Amount of Claim ................................ 37

8.11 Allocation of Distributions ................................................................................. 38

8.12 Distributions from the Administrative Claims Account ................................ 38

ARTICLE 9 CLAIMS OBJECTION PROCEDURES, TREATMENT OF DISPUTED
         CLAIMS AND PROCEDURES FOR ASSERTING CLAIMS .................. 38

9.1 Prosecution of Objections to Claims ................................................................ 38

9.2 Treatment of Disputed Claims; Disputed Claim Reserves ........................... 39

9.3 Disallowance of Late Filed Proofs of Claim ................................................... 39

9.4 Filing of Claims and Causes of Action ............................................................. 40

9.5 Administrative Claims......................................................................................... 40

ARTICLE 10 EFFECT OF CONFIRMATION ................................................................... 41

10.1 Legally Binding Effect ........................................................................................ 41

# TABLE OF CONTENTS

Page

**10.2**   **Limited Discharge of Debtors and Injunction** ................................................ 41

**10.3**   **Compromise and Settlement** ........................................................................... 41

**10.4**   **Limited Protection of Certain Parties in Interest** ....................................... 42

**10.5**   **Indemnification** ............................................................................................... 42

**10.6**   **Continuation of Anti-Discrimination Provisions of Bankruptcy Code** ........ 43

**10.7**   **Preservation of Claims and Rights** ................................................................ 43

ARTICLE 11 CONDITIONS PRECEDENT TO CONFIRMATION AND
CONSUMMATION OF THE PLAN ........................................................ 44

**11.1**   **Conditions Precedent to Effective Date** ........................................................ 44

**11.2**   **Waiver of Conditions** ...................................................................................... 45

ARTICLE 12 RETENTION OF JURISDICTION .................................................................. 45

**12.1**   **Exclusive Bankruptcy Court Jurisdiction** .................................................... 45

**12.2**   **Limitation on Jurisdiction** ............................................................................. 46

ARTICLE 13 NOTICE PROVISIONS .................................................................................... 46

**13.1**   **Notices** .............................................................................................................. 46

**13.2**   **Limitation on Notice** ....................................................................................... 48

**13.3**   **General Notice To Creditors** .......................................................................... 48

ARTICLE 14 MISCELLANEOUS PROVISIONS .................................................................. 48

**14.1**   **Payment of United States Trustee Fees** ........................................................ 48

**14.2**   **Continuing Effectiveness of the Settlement Order and the Protective
Order** ................................................................................................................ 48

**14.3**   **Employee Benefit Plans** .................................................................................. 49

**14.4**   **Directive to State Agencies** ............................................................................. 49

**14.5**   **Satisfaction of Liabilities** ............................................................................... 49

**14.6**   **Warranty of Transfers from Liquidating Trust** ........................................... 49

**14.7**   **Compliance with Tax Requirements** .............................................................. 49

**14.8**   **Amendment of the Plan** .................................................................................. 49

**14.9**   **Timing of Distributions** .................................................................................. 49

**14.10**   **Enforcement of Subordination Agreements/Settlement Agreements** ........... 50

**14.11**   **Filing of Documents in Public Records** .......................................................... 50

**14.12**   **Right to Seek Further Orders** ........................................................................ 50

# TABLE OF CONTENTS

Page

| | | |
|---|---|---|
| **14.13** | **Intercompany Claims and Causes of Action** | 50 |
| **14.14** | **Regulatory Approvals** | 50 |
| **14.15** | **Due Authorization by Creditors** | 51 |
| **14.16** | **Filing of Additional Documentation** | 51 |
| **14.17** | **Implementation** | 51 |
| **14.18** | **Substantial Consummation** | 51 |
| **14.19** | **Further Effect of Confirmation** | 51 |
| **14.20** | **Ratification** | 51 |
| **14.21** | **Term of Injunctions or Stays** | 51 |
| **14.22** | **Reservation of Claims** | 51 |
| **14.23** | **Dates** | 52 |
| **14.24** | **Governing Law** | 52 |
| **14.25** | **Conflict** | 52 |
| **14.26** | **Severability** | 52 |
| **14.27** | **Setoffs** | 53 |
| **14.28** | **Further Action** | 53 |
| PLAN EXHIBITS | | 55 |

## INTRODUCTION

Buccaneer Resources, LLC, Buccaneer Energy Limited, Buccaneer Energy Holdings, Inc., Buccaneer Alaska Operations, LLC, Buccaneer Alaska, LLC, Kenai Land Ventures, LLC, Buccaneer Alaska Drilling, LLC, Buccaneer Royalties, LLC, and Kenai Drilling, LLC (collectively, the "Debtors" or "Plan Proponents") respectfully propose the following Joint Chapter 11 Plan of Reorganization pursuant to section 1121(a) of title 11 of the United States Code (the "Bankruptcy Code") for the resolution of outstanding Claims against and Equity Interests in each of the Debtors.  Reference is made to the Disclosure Statement with respect to this Plan, distributed with the Plan, for a discussion of the Debtors' history, businesses, properties, operations, risk factors, a summary and analysis of this Plan and certain related matters.  Subject to certain restrictions and requirements set forth in section 1127 of the Bankruptcy Code and FED. R. BANKR. P. 3019, the Plan Proponents respectfully reserve the right to alter, amend, modify, revoke or withdraw this Plan prior to consummation of this Plan.

## SUBSTANTIVE CONSOLIDATION

The Plan is being proposed as a joint plan of reorganization for all of the Debtors.  Claims against, and Equity Interests in, the Debtors (other than Administrative Claims and Priority Unsecured Tax Claims) are classified in Article 4 (Classification Of Claims And Equity Interests; Impairment and Voting) hereof and treated in Article 5 (Provisions for Treatment Of Classified Claims And Equity Interests) hereof.

The Plan is also a Motion requesting that the Bankruptcy Court substantively consolidate the Debtors' Estates solely for purposes of voting and making distributions as more fully set forth below.  Thus, the Plan must meet the requirements for section 1129 of the Bankruptcy Code with respect to the Debtors on a consolidated basis in order to be confirmed.

## ARTICLE 1
## DEFINITIONS AND CONSTRUCTION OF TERMS

**Definitions.**  All capitalized terms not otherwise defined in the Plan shall have the meanings ascribed to them in Article 1 of the Plan.  Any capitalized term used in the Plan that is not defined in either Article 1 of the Plan or elsewhere in the Plan shall have the meaning ascribed to that term in the Bankruptcy Code, the Bankruptcy Rules, the Purchase and Sale Agreement, or the AIX/Meridian Settlement, as the case may be.  Definitions used in the AIX/Meridian Settlement shall control the interpretation of that agreement.

### 1.1    Administrative Claim

Any cost or expense of administration of the Chapter 11 Cases incurred on or before the Effective Date entitled to priority under § 507(a)(2) and Allowed under § 503(b) of the Bankruptcy Code, including without limitation, any actual and necessary expenses of preserving the Debtors' estates, including wages, salaries or commissions for services rendered after the commencement of the Chapter 11 Cases, certain taxes, fines and penalties, any actual and necessary post-Petition Date expenses of operating the Debtors' businesses, certain post-Petition Date indebtedness or obligations incurred by or assessed against the Debtors in connection with

the conduct of their businesses, or for the acquisition or lease of property, or for providing services to any Debtor, including all allowances of compensation or reimbursement of expenses to the extent Allowed by the Bankruptcy Court under the Bankruptcy Code, and any fees or charges assessed against the Debtors' estates under chapter 123 of title 28 of the United States Code.  With respect to Administrative Claims which are Allowed pursuant to §§ 503(b)(2), 503(b)(3), 503(b)(4), 503(b)(5), 503(b)(6), 503(b)(7), 503(b)(8) or 503(b)(9), there shall be an Administrative Claim against the Debtors only to the extent of and only after the entry of a Final Order approving such Administrative Claim following the filing of a motion or application prior to the Administrative Claim Bar Date.

**1.2   Administrative Claimant**

Any Person asserting entitlement to payment of an Administrative Claim.

**1.3   Administrative Claims Account**

A segregated bank account held by the Liquidating Trust, funded by the Debtors from Available Cash Collateral, and disbursed by the Liquidating Trustee, pursuant to the terms of Article 7.4.2.

**1.4   Administrative Claim Bar Date**

The date designated by the Bankruptcy Court as the last date to file an application for allowance of an Administrative Claim (other than quarterly U.S. Trustee fees and Professional Fee Claims) which is the earlier of: (i) November 14, 2014, for Administrative Claims that accrued prior to October 31, 2014 as set by the Bankruptcy Court in the Order Granting Expedited Motion to Establish an Administrative Claims Bar Date [Dkt. No. 450], or (ii) for Administrative Claims that accrued after October 31, 2014 or Administrative Claims of parties who did not receive notice of Dkt. No. 450, February 16, 2015.

**1.5   Affiliate**

Has the meaning set forth in section 101(2) of the Bankruptcy Code.

**1.6   AIX**

Means AIX Energy LLC.

**1.7   AIX/Meridian Settlement**

The settlement between the Debtors, the Committee, AIX, Meridian Capital CIS Fund and Meridian Capital International Fund approved in the Order Approving Joint Emergency Motion to Compromise Controversy Under Rule 9019 of the Federal Rules of Bankruptcy Procedure filed at Docket No. 346 and attached as **Plan Exhibit D.**

**1.8   AIX Secured Claim**

The Allowed Secured Claim of AIX in the amount of $63,842,290.61, which shall be treated as set forth herein in accordance with the AIX/Meridian Settlement.

**1.9   Allowed**

With respect to any Claim, such Claim or any portion thereof and with respect to each Debtor (a) any Claim against such Debtor that has been listed by the Debtor in its Schedules, as liquidated in amount and not Disputed or contingent and for which no contrary Proof of Claim has been filed; or (b) as to which a Proof of Claim or application has been timely filed in a liquidated

amount with the Bankruptcy Court pursuant to the Bankruptcy Code or any order of the Bankruptcy Court, or late-filed with leave of the Court after notice and a hearing, *provided* that (i) no objection to the allowance of a Claim under clause (a) or (b) above, or motion to expunge such Claim, has been interposed before any final date for the filing of such objections or motions set forth in this Plan, the Confirmation Order or other, order of the Bankruptcy Court, or (ii) such Claim is held Allowed by Final Order; *provided further* that any Claims Allowed solely for the purpose of voting to accept or reject this Plan pursuant to an order of the Bankruptcy Court shall not be considered "Allowed Claims" for the purpose of Distributions hereunder.

**1.10    Allowed Administrative Claims Estimate**

Means an estimate of the amount of Cash that will be necessary to pay in full Allowed Administrative Claims; provided, however, that the portion of the estimate for Allowed Administrative Claims attributable to the Professional Fee Claims of Committee Professionals is subject to the maximum amount of the Committee Professional Fund.

**1.11    Allowed Amount**

The amount of an Allowed Claim.

**1.12    Allowance Date**

Means: (i) as to a Disputed Claim, the date on which such Claim becomes an Allowed Claim by Final Order; and (ii) as to any other Claim that is not a Disputed Claim, the Initial Distribution Date.

**1.13    Assets**

All tangible and intangible assets, personal properties, contracts, leases, Executory Contracts, Unexpired Leases, licenses, permits, authorizations, insurance proceeds, intellectual property, inventory, equipment, ownership interests, and any other rights associated with, used or useful or otherwise related to the business and operation of the Debtors.  As used herein, the term "Assets" does not include the Kenai Loop Assets, the Settlement Payment, the Available Cash Collateral, proceeds from the Kenai Loop Assets or any other assets to which AIX is entitled under the AIX/Meridian Settlement, the Sale Order, or the Debtors' and Reorganized Debtors' rights under any D&O Insurance.

**1.14    Available Cash Collateral**

Has the meaning ascribed to it in the AIX/Meridian Settlement.

**1.15    Avoidance Actions**

Any and all rights, claims and causes of action arising under sections 506(c), 510, 542, 543, 544, 545, 547, 548, 549, 550, 551, 552(b), 553 or 724 of the Bankruptcy Code, or arising under similar state or federal statutes and common law, including the Uniform Fraudulent Conveyance Act, the Uniform Fraudulent Transfer Act, or similar state laws, whether or not litigation is commenced to prosecute such Causes of Action, provided that no claims or causes of action arising directly from ownership of the Kenai Loop Assets, which were sold pursuant to the Sale Order, in accordance with the AIX/Meridian Settlement, shall constitute Avoidance Actions.

**1.16    Bankruptcy Code** or **Code**

Title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.,* as in effect on the Petition Date, together with all amendments and modifications thereto subsequently made, to the extent applicable to the Cases.

**1.17    Bankruptcy Court** or **Court**

The United States Bankruptcy Court for the Southern District of Texas, Victoria Division, or in the event such court ceases to exercise jurisdiction over the Debtors' Chapter 11 Cases, such court as may have jurisdiction with respect to the reorganization or liquidation of the Debtors under chapter 11 or chapter 7 of the Bankruptcy Code.

**1.18    Bankruptcy Rules**

The Federal Rules of Bankruptcy Procedure, as amended and promulgated under Section 2075 of title 28 of the United States Code and local rules of the Court.

**1.19    Bar Date**

The deadline by which a Proof of Claim must be filed.  The Bar Date (i) for a Creditor other than a Governmental Unit is September 29, 2014, (ii) for a Creditor that is a Governmental Unit is November 27, 2014, (iii) for Rejection Damages Claims as set forth in Article 6 (Executory Contracts And Unexpired Leases) of the Plan, or (iv) such other date as may be set by the Bankruptcy Court as a deadline for Creditors to file Proofs of Claim (other than Administrative Claims and Professional Fee Claims).

**1.20    Beneficial Holder**

The Person holding the beneficial interest in a Claim or Equity Interest.

**1.21    Business Day**

Any day other than a Saturday, Sunday, or legal holiday (as defined in Bankruptcy Rule 9006(a)).

**1.22    Cash**

Legal tender of the United States or equivalents thereof.

**1.23    Causes of Action**

Any and all claims, causes of action, suits, accounts, controversies, agreements, promises, rights to legal remedies, rights to equitable remedies, rights to payment and claims, whether arising under contract or tort, U.S. federal or state law or the applicable law of any foreign jurisdiction, whether known, unknown, reduced to judgment, not reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured, whether commenced prior or subsequent to the Petition Date and whether asserted or assertable directly or derivatively, in law, equity or otherwise, of each of the Debtors or the Reorganized Debtors, including Avoidance Actions, and such other actions as may be listed on **Plan Exhibit A**, all of which are retained under the Plan by the Liquidating Trust unless otherwise specifically waived in writing by the Debtors or the Liquidating Trustee.  As used herein, the term "Causes of Action" does not include Coverage Claims.

**1.24     Chapter 11 Case(s) or Case(s)**

Each of the Debtor's chapter 11 cases commenced on the Petition Date, or the jointly administered chapter 11 cases of the Debtors, as the case may be.

**1.25     Claim**

Has the meaning set forth in 11 U.S.C. § 101(5).

**1.26     Claimant**

A Person asserting a Claim against any Debtor, their property, or the Estates.

**1.27     Claims Objection Deadline**

The last day for filing objections to Claims, which day shall be the later of (i) 365 days after the Effective Date; and (ii) 60 days after the later of (a) the applicable Bar Date, and (b) entry of a Final Order deeming a late-filed Proof of Claim to be treated as timely filed; *provided*, *however*, that this deadline may be extended by the Bankruptcy Court upon motion of the Liquidating Trustee, with or without notice or hearing.

**1.28     Class**

A category of Holders of Claims or Equity Interests as classified in the Plan.

**1.29     Collateral**

Any property or interest in property of the Debtors' Estates subject to a Lien that is not subject to avoidance under the Bankruptcy Code or otherwise invalid under the Bankruptcy Code or applicable state law.

**1.30     Committee**

The Official Committee of Unsecured Creditors appointed in these Chapter 11 Cases.

**1.31     Committee Professional Fund**

The funds to be retained or paid to the Debtors' Estates and reserved for the payment of the Allowed fees and expenses of the Committee's professionals pursuant to and as more particularly defined in the AIX/Meridian Settlement.

**1.32     Confirmation Date**

The date on which the Confirmation Order is entered on the docket of the Debtors' Chapter 11 Cases by the clerk of the Bankruptcy Court.

**1.33     Confirmation Hearing**

The hearing held by the Bankruptcy Court pursuant to section 1128 of the Bankruptcy Code to consider confirmation of this Plan as such hearing may be adjourned or continued from time to time.

**1.34     Confirmation Order**

The order of the Bankruptcy Court confirming the Plan in accordance with the provisions of chapter 11 of the Bankruptcy Code.

### 1.35    Coverage Claims

Rights of the Debtors, Reorganized Debtors or their officers, directors or managers against any insurer under any policy of D&O Insurance to assert an entitlement to coverage under such insurance policy.  Coverage Claims: (i) shall be unaffected by the confirmation of the Plan, the substantive consolidation provided for under the Plan, or the Confirmation Order; (ii) shall be retained by the Reorganized Debtors, or as, the case may be, the officers, directors or managers of the Debtors who are insureds under a policy of D&O Insurance; and (iii) shall not be transferred to the Liquidating Trust or be included in the Liquidating Trust Assets.

### 1.36    Creditor

Has the meaning set forth in 11 U.S.C. § 101(10).

### 1.37    Cure

The amount of Cash required for the cure and assumption of an Executory Contract or Unexpired Lease pursuant to the provisions of section 365(b) of the Bankruptcy Code.

### 1.38    D&O Insurance

Any policy of insurance obtained by any of the Debtors prior to the Petition Date that includes insurance coverage, including defense costs, for any breach of duty, neglect, error, misstatement, misleading statement, breach of warranty or authority, omission or act by any of the Debtors' agents, employees, executives, managers, directors, officers, or management committee members in their respective capacities as such, or any matter claimed against such Debtors' agents, employees, executives, managers, directors, officers, or management committee members or arising solely by reason of his or her status as such Debtors' agents, employees, executives, managers, directors, officers, or management committee members.  Without limiting the foregoing, D&O Insurance specifically includes the following policies:  National Union Fire Insurance Company of Pittsburgh, Pennsylvania Policy Number 01-582-79-24, AIG Policy #125622, and Liberty International Underwriters Management Liability and Professional Liability Follow Form Excess, Policy Number: DOHOAAVYOF002.

### 1.39    Debtor(s)

Buccaneer Resources, LLC, Buccaneer Energy Limited, Buccaneer Energy Holdings, Inc., Buccaneer Alaska Operations, LLC, Buccaneer Alaska, LLC, Kenai Land Ventures, LLC, Buccaneer Alaska Drilling, LLC, Buccaneer Royalties, LLC, and Kenai Drilling, LLC, individually or collectively as the case may be.  During the period between the Petition Date and the Effective Date, "Debtor(s)" shall also mean the Debtors as debtors-in-possession under Bankruptcy Code section 1101(1) and representatives of the Estates.

### 1.40    Deficiency Claim

The amount by which an Allowed Secured Claim exceeds the value of any Collateral securing such Claim as may be determined by the Bankruptcy Court in accordance with § 506(a) of the Bankruptcy Code.  A Deficiency Claim is a General Unsecured Claim.

### 1.41    Disallowed Claim

A Claim, or any portion thereof that, either (a) has been disallowed by a Final Order or pursuant to a settlement with the Debtors or Liquidating Trustee, or (b) is (i) listed on the Schedules by

the Debtors at $0.00 or as either contingent, disputed or unliquidated and (ii) no Proof of Claim has been timely filed on or before the applicable Bar Date or is deemed timely filed by Final Order of the Bankruptcy Court.

**1.42    Disbursing Agent**

The Liquidating Trustee, in the capacity as disbursing agent under the Plan.

**1.43    Disclosure Statement**

The disclosure document relating to the Plan, including, without limitation, all exhibits and schedules thereto as approved by the Bankruptcy Court pursuant to section 1125 of the Bankruptcy Code.

**1.44    Disputed Claim**

A Claim, or any portion thereof, that is neither an Allowed Claim nor a Disallowed Claim, and includes, without limitation, Claims that (a) have <u>not</u> been Scheduled by the Debtors or have been Scheduled at $0.00, or as contingent, unliquidated or disputed, or (b) are the subject of a pending objection filed in the Bankruptcy Court and which objection has not been withdrawn or overruled by a Final Order.

**1.45    Disputed Claim Reserve(s)**

The Cash reserved in accordance with Article 9.2.2 (Reserves for Disputed Claims) of the Plan to be held in a separate account to be used solely for the payment of Disputed Claims in accordance with the terms of the Plan.

**1.46    Distribution**

A distribution of Trust Distribution Cash, or a distribution of Cash from the Administrative Claims Account, as the case may be, by the Disbursing Agent.

**1.47    Effective Date**

The first Business Day on which all the conditions precedent to the Effective Date specified in Article 11 (Conditions Precedent to Confirmation and Consummation of the Plan) of the Plan shall have been satisfied or waived as provided therein.

**1.48    Equity Interest**

An ownership interest in the Debtors, whether or not transferable or denominated as "stock" or any similar security.

**1.49    Estate(s)**

Individually, the estate of each Debtor in the Chapter 11 Case and, collectively, the estates of all Debtors in the Chapter 11 Cases, created pursuant to section 541 of the Bankruptcy Code.

**1.50    Estate Property**

All rights, title, and interest in and to any property of every kind or nature owned by the Debtors or their respective Estates as of the Effective Date, including all property within the meaning of section 541 of the Bankruptcy Code.

**1.51    Executory Contracts**

"Executory contracts" as such term is used within the meaning of section 365 of the Bankruptcy Code.

**1.52    Fee Procedure Order**

The Final Order entered July 16, 2014 at Docket No. 219 governing the compensation of professionals.

**1.53    Final Distribution**

The final Distribution from the Liquidating Trust made pursuant to the terms of the Plan.

**1.54    Final Order**

An order or judgment of the Bankruptcy Court or other court of competent jurisdiction that has not been reversed, stayed, modified or amended.

**1.55    General Unsecured Claim**

An Unsecured Claim that is not (i) an Administrative Claim, (ii) a Professional Fee Claim, (iii) a Priority Unsecured Tax Claim, (iv) a Priority Unsecured Non-Tax Claim; or (v) a Subordinated Claim but shall specifically include any and all other Claims not separately classified under the Plan.

**1.56    Governmental Unit**

Has the meaning set forth in section 101(27) of the Bankruptcy Code.

**1.57    Holder**

The Beneficial Holder of a Claim or Equity Interest and, when used in conjunction with a Class or type of Claim or Equity Interest, means a Holder of a Claim or Equity Interest in such Class or of such type.

**1.58    Impaired**

When used in reference to a Claim or Equity Interest, a Claim or Equity Interest that is impaired within the meaning of section 1124 of the Bankruptcy Code.

**1.59    Initial Distribution Date**

The date on which initial distributions are made under the Plan, such date to occur on or as soon as practicable after the Effective Date, as fixed by the Liquidating Trustee in its reasonable discretion.

**1.60    Insider**

Has the meaning set forth in section 101(31) of the Bankruptcy Code.

**1.61    Intercompany Claim**

Claims by one Debtor against another Debtor or otherwise existing between any Debtors.

**1.62    IRS**

The Internal Revenue Service.

**1.63    Kenai Loop Assets**

The assets sold to AIX pursuant to the Sale Order.

**1.64    Lien**

A charge against or interest in property to secure payment of a debt or performance of an obligation which has not been avoided or invalidated under any provision of the Bankruptcy Code or other applicable law.

**1.65    Liquidating Trust**

The Buccaneer Creditors' Liquidating Trust created pursuant to Article 7.3 (Creation of the Liquidating Trust) of this Plan and the Liquidating Trust Agreement and to which all Holders of Priority Unsecured Tax Claims and Claims or Equity Interests in Classes 1(a), 2, 3, 4 or 6 shall look for satisfaction of their Claims or Equity Interests unless otherwise specifically set forth to the contrary in this Plan.

**1.66    Liquidating Trust Account**

The bank account held by the Liquidating Trustee in which the Settlement Payment and other funds relating to the Liquidating Trust Assets shall be deposited.

**1.67    Liquidating Trust Agreement**

The trust agreement approved and entered into in accordance with the Plan pursuant to which the Liquidating Trust will be established and administered.   A copy of the Liquidating Trust Agreement is attached to the Plan as **Plan Exhibit C**.

**1.68    Liquidating Trust Assets**

Means (i) the Assets, (ii) the Settlement Payment, (iii) the Causes of Action, except those Causes of Action related to the Kenai Loop Assets which were sold to AIX pursuant to the Sale Order, and (iv) the proceeds or right to proceeds of each (including any proceeds of the D&O Insurance, except to the extent such proceeds are for reimbursement to the Debtors or any other insured of defense costs paid or advanced by the Debtors to the Debtors' directors and/or officers prior to the Effective Date) of the foregoing, owned as of the Effective Date or acquired thereafter pursuant to the terms of this Plan.   Notwithstanding the foregoing sentence, Liquidating Trust Assets do not include Available Cash Collateral, the Kenai Loop Assets or any other assets to which AIX is entitled under the AIX/Meridian Settlement or the Sale Order, except to the extent such assets are used to fund the Settlement Payment or the AIX Secured Claim is paid in full.

**1.69    Liquidating Trust Professionals**

Means any professional person, including but not limited to, lawyers, accountants, and experts, employed by the Liquidating Trustee on or after the Effective Date.

**1.70    Liquidating Trustee**

Means the liquidating trustee appointed by the Committee, or any successor appointed by the Post-Confirmation Committee, pursuant to the terms of the Plan and the Liquidating Trust Agreement, or such other person as appointed by the Bankruptcy Court.

**1.71    MBL Cash Cover Account**

The cash cover account with account number ending in xxxx3425, and the funds therein, held by Macquarie Bank Limited to secure its rights, interests and obligations under that certain letter of credit in favor of Petroquest Energy LLC.

**1.72    Net Litigation Proceeds**

For any cash recovery, the funds remaining after a final judgment on an Avoidance Action or other Cause of Action, net of all legal fees (including any contingent legal fees), costs and expenses of suit, to be contributed to the Liquidating Trust as Liquidating Trust Assets.  The Net Litigation Proceeds for any non-cash recovery is the amount of cash remaining after the final judgment and recovery of the non-cash asset is liquidated and the cash proceeds are distributed net of all legal fees, costs and expenses of suit.

**1.72A  Notice Parties**

Has the meaning ascribed to it in Article 13.2.2 of the Plan.

**1.73    Payment Date**

One or more dates identified by the Liquidating Trustee, after consultation with the Post-Confirmation Committee on which Distributions are made to Holders of Allowed Claims from Trust Distribution Cash.

**1.74    Person**

Means and includes natural persons, corporations, limited partnerships, general partnerships, joint ventures, trusts, land trusts, business trusts, unincorporated organizations, or other legal entities, irrespective of whether they are governments, agencies or political subdivisions.

**1.75    Petition Date**

May 31, 2014, the date on which the Debtors commenced their Chapter 11 Cases.

**1.76    Plan**

This joint plan of reorganization under chapter 11 of the Bankruptcy Code and all exhibits annexed hereto or referenced herein, as the same may be amended, modified, or supplemented from time to time.

**1.77    Plan Rate**

The rate of interest, if any, that will be paid on Allowed Claims but only to the extent that this Plan specifies that interest will be paid on such Allowed Claims.  For all non-Tax Claims, the Plan Rate shall be the lower of the rate provided in the applicable agreement between the Holder of the Allowed Claim and the Debtor(s) or 6% simple interest.  The Plan Rate for Tax Claims shall be the applicable non-bankruptcy statutory rate determined as of the calendar month in which the Confirmation Order is entered.  Interest shall be calculated from the Petition Date to each Payment Date.

**1.78    Plan Supplement**

The supplement(s) to the Plan filed in connection with the Plan five (5) Business Days before the deadline set by the Court for voting on the Plan.

**1.79    Post-Confirmation Committee**

The post-confirmation oversight committee to be appointed by the Committee in accordance with Article 7.9 (The Post-Confirmation Committee) of this Plan.

**1.80    Priority Unsecured Non-Tax Claim**

An Unsecured Claim, or that portion thereof, that is entitled to priority in payment under sections 507(a)(2-7) and 507(a)(9) of the Bankruptcy Code.

**1.81    Priority Unsecured Tax Claim**

An Unsecured Claim, or that portion thereof, that is entitled to priority in payment under section 507(a)(8) of the Bankruptcy Code.

**1.82    Professional**

Any Court-approved professional Person, including lawyers, accountants, financial advisors, investment bankers and restructuring advisors, employed by the Debtors or the Committee in these Chapter 11 Cases at any time before the Effective Date.

**1.83    Professional Fees**

All fees, costs and expenses incurred in these Chapter 11 Cases by any professional Person (within the meaning of §§ 327, 328, 363(b) or 1103 of the Bankruptcy Code or otherwise) and awarded by Final Order of the Bankruptcy Court pursuant to §§ 330 or 503(b) or any other provision of the Bankruptcy Code and any professional fees, costs and expenses which have been Allowed pursuant to this Plan or by Final Order of the Bankruptcy Court.

**1.84    Professional Fee Claim**

A Claim of a Professional for compensation or reimbursement of costs and expenses relating to services rendered after the Petition Date and prior to and including the Effective Date, as well as fees, expenses and other reimbursable costs incurred after the Effective Date in connection with the preparation and filing of fee applications with the Bankruptcy Court in respect of Professional Fee Claims.

**1.85    Professional Fee Claim Bar Date**

The date by which applications for the final approval of Professional Fee Claims must be filed which shall be 90 days after the Effective Date.

**1.86    Proof of Claim**

A proof of claim filed with the Bankruptcy Court in connection with the Chapter 11 Cases.

**1.87    Protected Persons**

Protected Persons shall have the meaning set forth in Article 10.4 (Limited Protection of Certain Parties in Interest).

**1.88    Pro Rata**

The proportion that the dollar amount of an Allowed Claim or Allowed Equity Interest in a Class bears to the aggregate amount of all Allowed Claims or Allowed Equity Interests in such Class.

**1.89    Purchase and Sale Agreement**

The agreement approved by the Sale Order.

**1.90    Ratable Portion**

With reference to any Distribution on account of any Claim in any Class, a Distribution equal in amount to the ratio (expressed as a percentage) that the amount of such Claim bears to the aggregate amount of Claims in the same Class.

**1.91    Record Date**

The date established by the Court that identifies those Holders entitled to vote for acceptance or rejection of the Plan.  The Record Date is the date set pursuant to Article 8.4.

**1.92    Rejection Claim Bar Date**

As defined in Article 6.3, the date designated as the last day for filing claims for damages resulting from the rejection of an Executory Contract or Unexpired Lease as set forth in Article 6 (Executory Contracts And Unexpired Leases) of the Plan or as previously ordered by the Bankruptcy Court.

**1.93    Reorganized Debtors**

The Debtors after the Effective Date.

**1.93A  Sale Order**

The Order (A) Authorizing and Approving the Sale of Assets Free and Clear of All Liens, Claims, and Encumbrances and (B) Approving the Asset Purchase Agreement, (C) Approving the Assumption and Assignment of the Assumed Contracts and (D) Granting Related Relief (Case No. 13-36405, Doc. No. 489), dated October 31, 2014.

**1.94    Schedules**

The schedules of assets and liabilities and the statements of financial affairs filed by the Debtors under section 521 of the Bankruptcy Code, Bankruptcy Rule 1007 and the Official Bankruptcy Forms of the Bankruptcy Rules as such schedules and statements have been or may be supplemented or amended through the Confirmation Date.

**1.95    Secured Claim**

A claim for which a Claimant holds a valid, perfected and enforceable lien, not subject to avoidance or subordination under the Bankruptcy Code or applicable non-bankruptcy law, or a Claim for which a Claimant asserts a setoff under section 553 of the Bankruptcy Code, but only to the extent of the value, determined in accordance with section 506(a) of the Bankruptcy Code, of the Claimant's interest in the Debtors' interests in the Estate Property or to the extent of the amount subject to such setoff, as the case may be, unless a timely election has been made under section 1111(b)(2) of the Bankruptcy Code.  To the extent that the value of such interest is less than the amount of the Claim which has the benefit of such security, such Claim is a Deficiency Claim.

**1.96    Secured Tax Claim**

A Tax Claim that is also a Secured Claim.

**1.97    Settlement Payment**

The funds to be retained or paid to the Debtors' Estates pursuant to and as more particularly defined in the AIX/Meridian Settlement.

**1.98    Subordinated Claim**

An Unsecured Claim (i) that is subordinated pursuant to 11 U.S.C. § 510 or other applicable non-bankruptcy law pursuant to Final Order; or (ii) that is for a fine, penalty or forfeiture entitled to payment after General Unsecured Claims pursuant to 11 U.S.C. § 726(a)(4).

**1.99    Subsidiary Debtors**

Buccaneer Resources, LLC, Buccaneer Energy Holdings, Inc., Buccaneer Alaska Operations, LLC, Buccaneer Alaska, LLC, Kenai Land Ventures, LLC, Buccaneer Alaska Drilling, LLC, Buccaneer Royalties, LLC, and Kenai Drilling, LLC.

**1.100    Tax Claim**

Any Claim for any and all federal, state, county and local income, ad valorem, excise, stamp and other taxes of any type or nature whatsoever.

**1.101    Trust Distribution Cash**

All of the Liquidating Trust's Cash on hand on any particular date less (i) amounts reserved on account of Disputed Claims; (ii) amounts reasonably required by the Liquidating Trustee to retain Professionals post-Effective Date and the expenses of the Post-Confirmation Committee; and (iii) amounts reasonably required by the Liquidating Trustee to administer the Liquidating Trust and to complete the transactions and other actions required under the Plan, including the prosecution of claims and causes of action owned by the Estates.

**1.102    Unclaimed Distributions**

Any funds or property distributed to Creditors of, or Holders of Equity Interests in, the Debtors (together with any interest earned thereon) which are unclaimed as of sixty (60) days after the filing of a Notice of Distribution required by Article 8.6 (Unclaimed Distributions) of the Plan. Unclaimed Distributions will include, without limitation, Cash or other property which is to be distributed pursuant to this Plan which has been returned as undeliverable without a proper forwarding address, or which was not mailed or delivered because of the absence of a proper address to which to mail or deliver such property, and Cash held to be distributed to Holders of Claims or Equity Interests that have not provided tax identification information to the Liquidating Trustee sufficient to permit the Liquidating Trustee to comply with appropriate state and federal reporting requirements.

**1.103    Unexpired Leases**

"Unexpired leases" as such term is used within the meaning of section 365 of the Bankruptcy Code.

**1.104    Unimpaired**

When used in reference to a Claim or Equity Interest, a Claim or Equity Interest that is not impaired within the meaning of section 1124 of the Bankruptcy Code.

**1.105   Unsecured Claim**

A Claim not secured by a charge, mortgage or Lien against or interest in property of the Estate, including but not limited to any Deficiency Claim and any Claim for damages resulting from the rejection of an Executory Contract or Unexpired Lease.

## ARTICLE 2
## RULES OF INTERPRETATION AND CONSTRUCTION

For purposes of the Plan, (i) any reference in the Plan to an existing document or exhibit, filed or to be filed, means that document or exhibit, as it may have been or may be amended, modified, or supplemented; (ii) unless otherwise specified, all references in the Plan to sections, articles, and exhibits are references to sections, articles, or exhibits to the Plan; (iii) the words "herein," "hereof," "hereto," "hereunder," and other words of similar import refer to the Plan in its entirety and not to any particular portion the Plan; (iv) captions and headings contained in the Plan are inserted for convenience and reference only, and are not intended to be part of or to affect the interpretation of the Plan; (v) wherever appropriate from the context, each term stated in either the singular or the plural shall include the singular and the plural, and pronouns stated in the masculine, feminine, or neuter gender shall include the masculine, feminine, and neuter gender; and (vi) the rules of construction outlined in section 102 of the Bankruptcy Code and in the Bankruptcy Rules shall apply to the Plan.

## ARTICLE 3
## PROVISION FOR PAYMENTS OF ADMINISTRATIVE CLAIMS AND PRIORITY UNSECURED TAX CLAIMS

**3.1   Administrative Claims**

On the Initial Distribution Date or fifteen (15) days after the Claim Allowance Date, whichever is later, and except as otherwise provided herein, each Holder of an Allowed Administrative Claim, including Allowed Professional Fee Claims, will receive, in full satisfaction, settlement, release, and discharge of and in exchange for such Allowed Administrative Claim (i) Cash equal to the unpaid portion of such Allowed Administrative Claim; (ii) treatment in a manner consistent with section 1129(a)(9) of the Bankruptcy Code; or (iii) such other lesser treatment as to which the Debtors and such Holder have agreed upon in writing; *provided, however,* that Allowed Administrative Claims with respect to liabilities incurred by the Debtors in the ordinary course of business during the Chapter 11 Cases will be paid in the ordinary course of business in accordance with the terms and conditions of any agreements relating thereto.   Allowed Administrative Claims shall be paid with funds from the Administrative Claims Account: provided, however, that if the aggregate amount of Allowed Professional Fee Claims for Professionals employed by the Committee exceeds the amount of the Committee Professional Fund, then the Committee Professionals agree to a pro rata distribution of the Committee Professional Fund and shall not to be paid any amounts in excess of the Committee Professional Fund; provided, further, however, that if the AIX Secured Claim is paid in full, then the surplus shall be distributed to any remaining unpaid Allowed Professional Fee Claims of Committee Professionals.   If the aggregate amount of Allowed Professional Fee Claims for Professionals

employed by the Committee is less than the Committee Professional Fund, then any remaining funds shall be paid to AIX as Available Cash Collateral in accordance with the AIX/Meridian Settlement.

**3.2     Priority Unsecured Tax Claims**

On the Initial Distribution Date or fifteen (15) days after the Claim Allowance Date, whichever is later, and except as otherwise provided herein, each Holder of an Allowed Priority Unsecured Tax Claim will receive, in full satisfaction, settlement, release, and discharge of and in exchange for such Allowed Priority Unsecured Tax Claim (i) Cash equal to the unpaid portion of such Allowed Priority Unsecured Tax Claim; (ii) treatment in a manner consistent with section 1129(a)(9) of the Bankruptcy Code; or (iii) such other lesser treatment as to which the Debtors and such Holder have agreed upon in writing; *provided, however,* that Allowed Priority Unsecured Tax Claims that are not due and payable on or before the Effective Date shall be paid in the ordinary course of business in accordance with the terms and conditions of any agreements relating thereto.  Allowed Priority Unsecured Tax Claims shall be paid with funds from the Trust Distribution Cash prior to any Distribution to any Allowed Claim that is not an Allowed Priority Unsecured Tax Claim or Allowed Priority Unsecured Non-Tax Claim.

**ARTICLE 4
CLASSIFICATION OF CLAIMS AND EQUITY INTERESTS; IMPAIRMENT AND
VOTING**

**4.1     Classification**

Pursuant to section 1122 of the Bankruptcy Code, set forth below is a designation of Classes of Claims against and Equity Interests in the Debtors.  A Claim or Equity Interest is placed in a particular Class for the purposes of voting on this Plan and of receiving Distributions pursuant to this Plan only to the extent that such Claim or Equity Interest is an Allowed Claim or Allowed Equity Interest in that Class and such Claim or Equity Interest has not been paid, released, withdrawn, or otherwise settled prior to the Effective Date.

**4.2     Unclassified Claims**

In accordance with Bankruptcy Code section 1123(a)(1), Administrative Claims, Professional Fee Claims, and Priority Unsecured Tax Claims are not classified under the Plan, and the treatment of those Claims is set forth in Article 3 (Provision For Payments Of Administrative Claims And Priority Unsecured Tax Claims) of the Plan.

**4.3     Identification of Classes**

The Claims against and Equity Interests in the Debtors are classified as follows:

    **4.3.1     Class 1** – Allowed Secured Claims Against the Debtors.

        **4.3.1.1 Class 1(a)** – Secured Tax Claims

            **4.3.1.1.1   Class 1(a)(1)** – Secured Tax Claim of the City of Kenai, Alaska.

**4.3.1.1.2  Class 1(a)(2)** – Secured Tax Claim of the State of Alaska.

**4.3.1.1.3  Class 1(a)(3)** – Miscellaneous Secured Tax Claims

**4.3.1.2 Class 1(b)** – Other Secured Claims Against the Debtors.

**4.3.1.2.1  Class 1(b)(1)** – Secured Claim of AIX Energy, LLC.

**4.3.1.2.2  Class 1(b)(2)** – Secured Claim of the Alaska Mental Health Trust Authority.

**4.3.1.2.3  Class 1(b)(3)** – Secured Claim of the Alaska Mental Health Trust Land Office.

**4.3.1.2.4  Class 1(b)(4)** – Secured Claim of the Alaska Oil and Gas Conservation Commission.

**4.3.1.2.5  Class 1(b)(5)** – Secured Claim of the State of Alaska Department of Natural Resources.

**4.3.1.2.6  Class 1(b)(6)** – Secured Claims of Petroquest Energy LLC and Macquarie Bank Limited.

**4.3.1.2.7  Class 1(b)(7)** – Miscellaneous Secured Claims.

**4.3.2   Class 2** – Allowed Priority Unsecured Non-Tax Claims Against the Debtors.

**4.3.3   Class 3** – Allowed General Unsecured Claims Against the Debtors.

**4.3.4   Class 4** – Allowed Subordinated Claims Against the Debtors.

**4.3.5   Class 5** – Equity Interests in the Subsidiary Debtors.

**4.3.6   Class 6** – Equity Interests in Buccaneer Energy Limited.

## 4.4    Unimpaired Classes

Claims in Class 1 and Class 2 are not impaired under the Plan.  Pursuant to section 1126(f) of the Bankruptcy Code, Holders of Allowed Claims in Classes 1 and 2 are conclusively presumed to have accepted the Plan, and therefore are not entitled to vote to accept or reject the Plan.  Except as otherwise provided in the Plan, nothing shall affect the Debtors' and the Liquidating Trustee's rights and defenses, both legal and equitable, with respect to any Unimpaired Claims, including, but not limited to, all rights with respect to legal and equitable defenses to set off Claims or exercise rights of recoupment against Unimpaired Claims.

## 4.5    Impaired Classes Entitled to Vote

Claims in Classes 3 and 4 are impaired under the Plan and are entitled to vote to accept or reject the Plan.  A Holder of a Disputed Claim which has not been temporarily Allowed for purposes of voting on the Plan may vote only such Disputed Claim in an amount equal to the portion, if any, of such Claim or Equity Interest shown as fixed, liquidated and undisputed in the Debtors' Schedules and is not the subject of a subsequently filed objection as to such fixed, liquidated, undisputed amount.

**4.6     Acceptance by Class**

A class shall have accepted the Plan if the Plan is accepted by at least two thirds (2/3) in amount and more than one half (1/2) in number of the Allowed Claims of such class that have voted to accept or reject the Plan.

**4.7     Reservation of Cramdown Rights**

In the event that any impaired class shall fail to accept this Plan in accordance with § 1129(a) of the Bankruptcy Code, the Debtors reserve the right to request the Bankruptcy Court to confirm the Plan in accordance with the provisions of § 1129(b) of the Bankruptcy Code as to any or all of the Debtors.

**4.8     Non-Voting Classes**

Equity Interests in Classes 5 and 6 are not anticipated to receive anything under the Plan and are deemed to reject the Plan and, therefore, are not entitled to vote to accept or reject the Plan.

**4.9     Elimination of Classes for Voting Purposes**

Any Class of Claims that is not occupied as of the date of the commencement of the Confirmation Hearing by an Allowed Claim, a Claim subject to a pending objection but temporarily Allowed under Rule 3018 of the Bankruptcy Rules, or as to which no vote is cast, shall be deemed deleted from the Plan for purposes of voting on acceptance or rejection of the Plan by such Class under section 1129(a)(8) of the Bankruptcy Code, and not considered for any purpose at the Confirmation Hearing.

**4.10     Controversy Concerning Classification, Impairment or Voting Rights**

In the event a controversy or dispute should arise involving issues related to the classification, impairment or voting rights of any Creditor or Equity Interest Holder under the Plan, prior to the Confirmation Date, the Bankruptcy Court may, after notice and a hearing, determine such controversy.  Without limiting the foregoing, the Bankruptcy Court may estimate for voting purposes the amount of any contingent or unliquidated Claim, the fixing or liquidation of which, as the case may be, would unduly delay the administration of the Chapter 11 Cases.  In addition, the Bankruptcy Court may in accordance with § 506(b) of the Bankruptcy Code conduct valuation hearings to determine the Allowed Amount of any Secured Claim.

**ARTICLE 5**
**PROVISIONS FOR TREATMENT OF CLASSIFIED CLAIMS AND EQUITY**
**INTERESTS**

**5.1     Treatment of Class 1 Allowed Secured Claims**

  **5.1.1     Class 1(a) Secured Tax Claims.**  On the Initial Distribution Date or fifteen (15) days after the Claim Allowance Date, whichever is later, Allowed Claims in Class 1(a) will receive, in full satisfaction, settlement, release, and discharge of and in exchange for such Allowed Claims, either (i) proceeds from the sale of Collateral securing such Creditor's Allowed Claim, after satisfaction of any liens of higher priority; (ii) the Collateral securing the Creditor's Claim; or (iii) such other lesser treatment as to which the Debtors or Liquidating Trustee and such Holder have agreed upon in writing;

17

provided, however, that to the extent the Collateral securing any such Allowed Claim, if any, including the proceeds of the sales thereof, is insufficient to pay the Allowed Claims in Class 1(a) in full, the Holders of such claims shall have an Allowed Class 3 or 4 Claim, as the case may be, for the deficiency. Nothing herein affects the payment of an Allowed Secured Tax Claim that is also an Allowed Administrative Claims from being paid in accordance with Article 3.1 herein.

**5.1.2   Class 1(b) – Other Secured Claims.**  Unless otherwise provided herein, on the Initial Distribution Date or fifteen (15) days after the Claim Allowance Date, whichever is later, each Holder of an Allowed Claim in Class 1(b) shall receive, in full satisfaction, settlement, release, and discharge of and in exchange for such Allowed Claims will receive the following treatment:

To the extent any Holders of Allowed Class 1(b) Claims have Liens of equal priority on the same Collateral, such Holders of Allowed Class 1(b) Claims shall receive Distributions equal to their Ratable Portion of their respective Allowed Claims. To the extent the Collateral securing any such Allowed Claim, including the proceeds of the sales thereof, is insufficient to pay the Allowed Claims in Class 1(b) in full, the Holders of such Claims shall have Allowed Class 3 or 4 Claim, as the case may be, for the deficiency.

### 5.1.2.1 Treatment of Class 1(b)(1) Claims of AIX Energy, LLC.

The Claims of AIX against the Debtors will be treated under the Plan in accordance with the AIX/Meridian Settlement approved by the Court and attached as Plan Exhibit D. Upon the completion, fulfillment and execution of all acts, terms, conditions, undertakings, creation of reserves, and payments set forth in, consummation of, and compliance with, the AIX/Meridian Settlement, all Claims of AIX, including any Unsecured Claim for any deficiency, will be deemed satisfied except as otherwise provided herein, and, pursuant to paragraph 8 of the AIX/Meridian Settlement, none of AIX, Meridian or any other party released pursuant to the Mutual Releases (as defined in the AIX/Meridian Settlement) shall have any further liens or claims against or receive any further distributions from the Liquidating Trust.

Notwithstanding the foregoing, AIX will retain its lien on the proceeds from the Kenai Loop Assets, the Available Cash Collateral (subject to the AIX/Meridian Settlement) and any funds remaining in the MBL Cash Cover Account upon the expiration of the rights and interests of Macquarie Bank Limited and any such funds shall be remitted by Macquarie Bank Limited to AIX in accordance with the AIX/Meridian Settlement to the extent necessary to satisfy the AIX Secured Claim, provided that any excess funds shall be remitted to the Liquidating Trust.

### 5.1.2.2 Treatment of Class 1(b)(2)-(5) Claims

Unless they have expired by their own terms or have otherwise been dealt with in the Plan or by order of the Bankruptcy Court, letters of credit, certificates of deposit and surety bonds securing obligations of the Debtors shall remain in place after the Effective Date. Creditors with Claims in Classes 1(b)(2)-(5) that are secured by a letter of credit, certificate of deposit or surety bond retain their rights

in such Collateral according to the terms of the agreements and instruments under which they obtained their secured interest.  Issuing banks, sureties or bonding companies who hold cash cover accounts or Collateral for the issuance of such an instrument shall retain their rights and interests in the Collateral or cash cover account they hold securing their own claims under or related to the letter of credit, certificate of deposit or surety bond.

After the Effective Date, the rights of any bank, surety or bonding company holding collateral securing the issuance of a surety bond, letter of credit or other similar security will be preserved until (i) the obligation to the Class 1(b)(2)-(5) beneficiary of the surety bond, letter of credit or other similar security is satisfied or terminated in accordance with the terms thereof and (ii) any Claim of such bank, surety or bonding company relating to the issuance of the letter of credit, surety bond, or similar security that is Secured by cash cover accounts or collateral held by such issuer is paid from the cash cover accounts or collateral pursuant to the terms of the agreements and instruments under which they obtained their secured interest.  Holders of Allowed Class 1(b)(2)-(5) Claims shall have a Class 1(b)(2)-(5) Claim only to the extent of the collateral securing their Claims and shall receive no other distribution on account of such claims except that, to the extent the Collateral securing any such Allowed Class 1(b)(2)-(5) Claim is insufficient to pay the Claim in full, the Holders of such Claims shall have an Allowed Class 3 or 4 Claim, as the case may be, for the deficiency, the amount of which shall be subject to Order by the Court, after notice and a hearing, or agreement with the Liquidating Trustee.

After the obligations to Holders of Class 1(b)(2)-(5) Claims are satisfied or terminated as described herein, the refunded amount of any security directly deposited by the Debtors and/or the remaining funds in the cash cover account or other Collateral relating to the issuance of the letter of credit, surety bond, or similar security, if any, shall be transferred by the issuing bank, surety or bonding company to the Reorganized Debtors to be distributed to AIX as Available Cash Collateral in accordance with the AIX/Meridian Settlement; provided, however, that if the AIX Secured Claim is paid in full, any remaining funds shall be paid, first, to any remaining unpaid Allowed Professional Fee Claims of Committee Professionals and, second, to the Liquidating Trust as Liquidating Trust Assets.

### 5.1.2.3 Treatment of Class 1(b)(6) Claims

Unless it has expired by its own terms or has otherwise been dealt with in the Plan or by order of the Bankruptcy Court, the letter of credit securing obligations of the Debtors to Petroquest Energy LLC shall remain in place after the Effective Date.  Petroquest Energy LLC shall retain its rights and interests in the letter of credit according to the terms of the agreements and instruments under which it obtained its secured interest.   Notwithstanding anything in the Purchase and Sale Agreement or the Plan, Macquarie Bank Limited's rights to and interests in the MBL Cash Cover Account are preserved under the Plan.

After the Effective Date, the rights of Macquarie Bank Limited in the MBL Cash Cover Account securing the issuance of the letter of credit in favor of Petroquest

Energy LLC will be preserved until (i) the obligation to Petroquest Energy LLC, the beneficiary of the letter of credit, is satisfied or terminated in accordance with the terms thereof and (ii) Macquarie Bank Limited's interests and rights in the MBL Cash Cover Account are satisfied in accordance with the terms of the agreements and instruments under which it obtained its secured interest.

In the event that any funds remain in the MBL Cash Cover Account upon expiration of the rights and interests of Macquarie Bank Limited, then such funds shall be remitted by Macquarie Bank Limited to AIX as Available Cash Collateral in accordance with the AIX/Meridian Settlement; provided, however, that if the AIX Secured Claim is paid in full, any remaining funds shall be paid to the Liquidating Trust as Liquidating Trust Assets.

### 5.1.2.4 Treatment of Class 1(b)(7) Claims

Unless otherwise provided herein, on the Initial Distribution Date or fifteen (15) days after the Claim Allowance Date, whichever is later, each Holder of an Allowed Claim in Class 1(b)(7) shall receive, in full satisfaction, settlement, release, and discharge of and in exchange for such Allowed Claims either:

(i) Cash in the amount of the Allowed Claim; (ii) the proceeds from the surety bond, certificate of deposit or letter of credit securing the Debtors' obligation(s) if properly drawn or otherwise obtained in conformity with the terms of the agreement posting the applicable surety bond, certificate of deposit or letter of credit; (iii) proceeds from the sale of Collateral securing such Allowed claim, after satisfaction of all liens of superior priority; (iv) the return of the Collateral securing such Allowed Claim; or (v) such other lesser treatment as to which the Debtors and such Holder have agreed upon in writing.  The election of which treatment Allowed Class 1(b)(7) Claims shall receive is within the sole discretion of the Debtors and/or the Liquidating Trustee and the Debtors anticipate that such treatment shall be solely in accordance with (ii), (iii), (iv) or (v) above.

To the extent any Holders of Allowed Class 1(b)(7) Claims have Liens of equal priority on the same Collateral, such Holders of Allowed Class 1(b)(7) Claims shall receive Distributions equal to their Ratable Portion of their respective Allowed Claims.  To the extent the Collateral securing any such Allowed Claim, including the proceeds of the sales thereof, is insufficient to pay the Allowed Claims in Class 1(b)(7) in full, the Holders of such claims shall have Allowed Class 3 or 4 Claim, as the case may be, for the deficiency.

## 5.2    Treatment of Class 2 Allowed Priority Unsecured Non-Tax Claims

On the Initial Distribution Date or fifteen (15) days after the Claim Allowance Date, whichever is later, each Holder of an Allowed Priority Unsecured Non-Tax Claim in Class 2 will receive, in full satisfaction, settlement, release, and discharge of and in exchange for such Allowed Class 2 Claim, either (i) Cash equal to the unpaid portion of such Allowed Class 2 Claim plus (A) pre-Petition Date interest due under applicable bankruptcy or non-bankruptcy law and claimed in a Proof of Claim by the Creditor (or in any amendment or supplement thereto permitted by the Bankruptcy Rules, order of the Bankruptcy Court or this Plan) or as scheduled by the Debtors, (B) post-Petition Date interest at the contractual rate of interest and, if a contractual default rate

is provided in the contract, at the contractual default rate of interest, or, in the absence of a contractual rate of interest, at the Plan Rate, and (C) reasonable attorney's fees and costs to the extent due under applicable bankruptcy or nonbankruptcy law, until such Allowed Claim is paid in full, or (ii) such other lesser treatment agreed to in writing by such Holder and the Debtors or the Liquidating Trustee.  Allowed Class 2 Claims shall be paid in full with Trust Distribution Cash prior to any Distribution to Claims in Classes, 3, 4 and 6.

**5.3     Treatment of Class 3 General Unsecured Claims**

On the Initial Distribution Date or fifteen (15) days after the Claims Allowance Date, whichever is later, the Liquidating Trustee shall distribute Trust Distribution Cash Pro Rata to Holders of Allowed Claims in Class 3.  The Liquidating Trustee shall make additional future distributions to Holders of Allowed Claims in Class 3 from Trust Distribution Cash on subsequent Payment Dates as the Liquidating Trustee determines appropriate after consultation with the Post-Confirmation Committee.  In the event that the Allowed Amount of principal of the Allowed Claims in Class 3 is paid in full and there exists remaining Trust Distribution Cash, Holders of Allowed Claims in such class shall receive the following amounts in the following order of priority: (A) pre-Petition Date interest due under applicable bankruptcy or non-bankruptcy law and claimed in a Proof of Claim by the Creditor (or in any amendment or supplement thereto permitted by the Bankruptcy Rules, order of the Bankruptcy Court or this Plan) or as scheduled by the Debtors, (B) post-Petition Date interest at the contractual rate of interest and, if a contractual default rate is provided in the contract, at the contractual default rate of interest, or, in the absence of a contractual rate of interest, at the Plan Rate, and (C) reasonable attorney's fees and costs to the extent due under applicable bankruptcy or nonbankruptcy law.  Any Trust Distribution Cash remaining after the satisfaction of the Allowed Class 3 Claims in accordance with this paragraph shall be distributed in accordance with Article 5.4 (Treatment of Class 4 Subordinated Claims) and, if applicable, Article 5.6 (Treatment of Class 6 Equity Interests in Buccaneer Energy Limited) herein.  Any Distribution made on account of Allowed Claims in Class 3 shall be made by the Liquidating Trust with funds in the Liquidating Trust Account.

**5.4     Treatment of Class 4 Subordinated Claims**

Each Holder of an Allowed Subordinated Claim in Class 4 shall receive a Pro Rata share of Trust Distribution Cash up to the Allowed Amount of such Claim after payment in full of all Allowed Claims in the superior classes set forth in Article 5.3 (Treatment of Class 3 General Unsecured Claims).  In the event that the Allowed Amount of principal of Allowed Claims in Class 4 is paid in full and there exists remaining Trust Distribution Cash, Holders of Allowed Claims in such class shall receive the following amounts in the following priority: (A) pre-Petition Date interest due under applicable bankruptcy or non-bankruptcy law and claimed in a Proof of Claim by the Creditor (or in any amendment or supplement thereto permitted by the Bankruptcy Rules, order of the Bankruptcy Court or this Plan) or as scheduled by the Debtors, (B) post-Petition Date interest at the contractual rate of interest and, if a contractual default rate is provided in the contract, at the contractual default rate of interest, or, in the absence of a contractual rate of interest, at the Plan Rate, and (C) reasonable attorney's fees and costs to the extent due under applicable bankruptcy or nonbankruptcy law.  Any Trust Distribution Cash remaining after the satisfaction of the applicable classes in this paragraph shall be distributed in accordance with Article 5.6 (Treatment of Class 6 Equity Interests in Buccaneer Energy Limited) herein.  Any

Distribution made on account of Allowed Claims in Class 4 shall be made with funds by the Liquidating Trust in the Liquidating Trust Account.

## 5.5    Treatment of Class 5 Equity Interests in Subsidiary Debtors

On the Effective Date all Equity Interests of (i) Buccaneer Energy Limited in Buccaneer Resources, LLC, Buccaneer Energy Holdings, Inc., Buccaneer Alaska, LLC, Kenai Land Ventures, LLC, Buccaneer Alaska Drilling, LLC, and Buccaneer Royalties, LLC; (ii) Buccaneer Energy Holdings, Inc. in Buccaneer Alaska Operations, LLC; and (iii) Buccaneer Alaska Drilling, LLC in Kenai Drilling, LLC shall be preserved and transferred to the Liquidating Trust.

## 5.6    Treatment of Class 6 Equity Interests in Buccaneer Energy Limited

On the Effective Date all existing Equity Interests in Buccaneer Energy Limited shall be preserved and continue to be owned by their current Holders solely for the purposes of Distributions under this Article 5.6, shall not be transferrable except by applicable laws of descent or upon entry of an order by a court of competent jurisdiction, and shall have no voting rights or other powers.  If the Effective Date has occurred, and, as the result of Distributions made by the Debtors and/or the Liquidating Trustee, (i) all Allowed Claims provided for in this Plan have been paid in full in accordance with the Plan and (ii) all fees and expenses of the Liquidating Trust and its Professionals have been paid in full or sufficient reserves have been set aside for such payments, and there remains any Trust Distribution Cash in the Liquidating Trust, then the Liquidating Trustee shall make a Final Distribution of that Trust Distribution Cash to Holders of Class 6 Equity Interests in proportion to each Equity Interest Holder's percentage of ownership in Buccaneer Energy Limited as reflected on the share registry of Buccaneer Energy Limited as of the Petition Date.  In the event there is no such Trust Distribution Cash, then Holders of Class 6 Equity Interests in Buccaneer Energy Limited shall receive no Distributions on account of their Equity Interests.

## ARTICLE 6
## EXECUTORY CONTRACTS AND UNEXPIRED LEASES

## 6.1    Assumed Contracts and Leases

This Plan shall constitute a motion to assume and assign to the Liquidating Trust or, as applicable, the Debtors or Reorganized Debtors those Executory Contracts and Unexpired Leases of the Debtors listed on Plan Exhibit B, subject to the conditions and limitations set forth herein. The Confirmation Order shall constitute an order of the Bankruptcy Court under section 365(a) of the Bankruptcy Code approving the assumption of Executory Contract and Unexpired Lease assumptions described above, as of the Effective Date.  Except as provided in the Plan, as of the Effective Date, Debtors shall be deemed to have rejected each Executory Contract and Unexpired Lease not listed on Exhibit B.  Specifically, and notwithstanding the foregoing, all D&O Insurance policies shall be assumed by the Debtor and retained by the Reorganized Debtor pursuant to Section 365 of the Bankruptcy Code by entry of the Confirmation Order.  There is no associated Cure required for the assumption of any existing D&O Insurance policies.  The rights of the Debtors or Reorganized Debtors under any D&O Insurance "tail" or continuation coverage obtained by the Debtors prior to the Effective Date shall not be affected by the Confirmation Order and are specifically preserved under the Plan.  No Cure amounts necessary to assume any

other Executory Contract or Unexpired Lease assumed hereunder shall be paid from Available Cash Collateral.

## 6.2    Payments Related to Assumption of Contracts and Leases

Any monetary amounts by which each Executory Contract and Unexpired Lease is to be assumed pursuant to the Plan is in default shall be satisfied, pursuant to section 365(b)(1) of the Bankruptcy Code by Cure.  If there is a dispute regarding (a) the nature or amount of any Cure, (b) the ability of any Debtor to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code) under the Executory Contract or Unexpired Lease to be assumed and assigned, or (c) any other matter pertaining to assumption or assignment, Cure shall occur following the entry of a Final Order resolving the dispute and approving the assumption and assignment.

## 6.3    Rejection Claim Bar Date

If the rejection by Debtors, pursuant to the Plan, Confirmation Order, or otherwise, of an Executory Contract or Unexpired Lease results in a Claim, then such Claim shall be forever barred and shall not be enforceable against either Debtors or the properties of any of them unless a Proof of Claim is filed with the clerk of the Bankruptcy Court and served upon counsel to the Debtors, if before the Effective Date, or the Liquidating Trustee, if after the Effective Date, on the earlier of: (i) the time set in any prior order of the Court setting a bar date for any previously rejected Executory Contract or Unexpired Lease; or (ii) within thirty (30) days after the Effective Date.

## 6.4    Reservation of Rights

Nothing contained in the Plan shall constitute an admission by the Debtors that any such contract or lease is in fact an Executory Contract or Unexpired Lease or that any Debtor or Reorganized Debtor has any liability thereunder.  If there is a dispute regarding whether a contract or lease is or was executory or unexpired at the time of assumption or rejection, the Debtors or Liquidating Trustee, as applicable, shall have thirty (30) days following entry of a Final Order resolving such dispute to alter their treatment of such contract or lease.

# ARTICLE 7
# MEANS OF IMPLEMENTATION

## 7.1    The AIX/Meridian Settlement, Sale of Debtors' Assets and the Settlement Payment

The Plan proposes the orderly liquidation of the Debtors' Estates.  On October 31, 2014, the Court entered the Sale Order approving the sale of the Kenai Loop Assets to AIX.  As set forth in Article 11.1 (Conditions Precedent to Effective Date), the closing of this sale, the transfer of the Settlement Payment to the Liquidating Trust, and the funding of the Administrative Claims Account are conditions precedent to the Effective Date.  The Bankruptcy Court previously approved the AIX/Meridian Settlement pursuant to which, among other thing, all controversies regarding the liens of AIX on the Assets of the Debtors were settled.

Pursuant to the AIX/Meridian Settlement, on the Effective Date, the Debtors' Estates will receive or retain proceeds of the sales of the Debtors' Assets and Kenai Loop Assets, including, at a minimum and without limitation, sufficient to fund the Settlement Payment, the Committee

Professional Fund and the Administrative Claims Account. As more fully set forth herein, Assets of the Debtors that are not sold pursuant to the Purchase and Sale Agreement or transferred/paid to AIX pursuant to the AIX/Meridian Settlement, the Settlement Payment, and all of the Debtors' Causes of Action will comprise the Liquidating Trust Assets transferred to the Liquidating Trust for the benefit of Holders of Allowed Claims and Equity Interests pursuant to the Plan.

**7.2      Substantive Consolidation of the Debtors**

The Plan constitutes a motion for the substantive consolidation of the Debtors and their respective Estates solely for purposes of voting on the Plan, confirming the Plan, and making Distributions pursuant to the Plan. Voting on the Plan shall be counted on a consolidated basis. On the Effective Date, solely for purposes of voting on the Plan, objecting to the allowance of Claims provided for under the Plan, liquidating the Debtors' Assets (except Causes of Action, including Avoidance Actions), and making Distributions under the Plan: (a) the Assets of the Debtors will be pooled for the purpose of paying Allowed Claims against the Debtors; (b) any Claim filed or asserted against any of the Debtors will be deemed a Claim against all of the Debtors; (c) all Claims of each Debtor against any other Debtor will be eliminated; and (d) any obligation of any of the Debtors and all guarantees thereof executed by any of the Debtors will be deemed to be an obligation of each of the Debtors. Except as set forth in this Article 7.2, such substantive consolidation shall not affect the legal and corporate structure of the Debtors nor affect Causes of Action, including Avoidance Actions. For avoidance of doubt, and notwithstanding anything to the contrary herein, all Causes of Action, including all Avoidance Actions, are preserved as they existed immediately before the Effective Date for the Liquidating Trustee to prosecute on behalf of the Liquidating Trust; provided, however, that the Net Litigation Proceeds of such Actions shall be pooled for the purpose of making Distributions to Classes 3, 4, and 6 as set forth in Article 5 (Provisions for Treatment Of Classified Claims And Equity Interests) of the Plan. The substantive consolidation under this Plan shall not affect or impair any valid, perfected and unavoidable Lien to which the Assets of any Debtors are subject in the absence of substantive consolidation under this Plan; provided, however, the substantive consolidation shall not cause any such Lien to secure any Claim which such Lien would not otherwise secure absent such substantive consolidation. On the Effective Date, except as otherwise provided in the Plan or an order of the Bankruptcy Court, all Claims based on guarantees of collection, payment, or performance made by any one of the Debtors for the obligations of any other of the Debtors shall be cancelled, released, and without any further force or effect. Additionally, Holders of Allowed Claims or Allowed Equity Interests who assert identical Claims against or Equity Interests in multiple Debtors shall be entitled to only a single satisfaction of such Claims or Equity Interests.

Nothing in this Plan or in the Confirmation Order shall have any effect whatsoever on any D&O Insurance, which shall continue in full force and effect for the benefit of the covered Persons (except that such D&O Insurance shall be assumed by the Debtor and retained by the Reorganized Debtor pursuant to section 365 of the Bankruptcy Code) unless otherwise ordered by a separate order of the Court.

**7.3      Creation of the Liquidating Trust**

On the Effective Date, the Buccaneer Creditors' Liquidating Trust shall be created. The Liquidating Trust shall be governed by the Liquidating Trust Agreement, the Plan, and the

Confirmation Order.  The Committee, in its sole discretion, appointed Jeff Compton to be the Liquidating Trustee of the Liquidating Trust.  The terms of the employment of the Liquidating Trustee are set forth in the Liquidating Trust Agreement, the Plan, or the Confirmation Order. Except as expressly provided in the Plan, the Liquidating Trust is not, and shall not be deemed, a successor to the Debtors or their Estates, and the Liquidating Trust shall not be responsible for any liabilities or obligations of the Debtors or the Reorganized Debtors.

**7.4     Transfer of Assets and Creation of the Administrative Claims Reserve**

**7.4.1     Transfer of Liquidating Trust Assets for the Benefit of Holders of Allowed Unsecured Claims and Equity Interests**

**7.4.1.1 Transfer of Settlement Payment**.  On the Effective Date, the Debtors shall transfer the Settlement Payment from Available Cash Collateral to the Liquidating Trustee.  If the Available Cash Collateral is insufficient to make the Settlement Payment, then the Liquidating Trustee may elect to either (i) receive the first proceeds of the sale described in Article 7.1 (The AIX/Meridian Settlement, Sale of Debtors' Assets and the Settlement Payment) to fund the balance of the Settlement Payment or (ii)  require AIX to fund the balance of the Settlement Payment if AIX successfully credit bids at such sale.  The Liquidating Trustee shall deposit the Settlement Payment in the Liquidating Trust Account.

**7.4.1.2 Transfer of Other Liquidating Trust Assets**.  Subject to Article 7.4.1.4 (Selection of Liquidating Trust Assets Other Than Settlement Payment), on the Effective Date, all of the Liquidating Trust Assets other than the Settlement Payment shall be transferred to and vest in the Liquidating Trust.  As the Liquidating Trust Assets other than the Settlement Payment are reduced to Cash, the Liquidating Trustee shall deposit such Cash in the Liquidating Trust Account.

**7.4.1.3 Provisions Common to Transfers of Liquidating Trust Assets**.  All transfers to the Liquidating Trust under Articles 7.4.1.1 and 7.4.1.2 shall be free and clear of all liens, claims, interests and encumbrances.  Except as specifically set forth herein, Holders of Allowed Priority Unsecured Tax Claims, Allowed Priority Non-Tax Claims, and Claims or Equity Interests in Classes 1(a), 2, 3, 4 or 6 shall look solely to the Liquidating Trust Assets for the satisfaction of their Claims or Equity Interests, and the Liquidating Trust Assets shall be available for only the Holders of such Allowed Claims or Equity Interests.  For federal income tax purposes, the transfer of the identified assets to the Liquidating Trust will be deemed to be a transfer to the Holders of Allowed Claims (who are the Liquidating Trust Beneficiaries), followed by a deemed transfer by such beneficiaries to the Liquidating Trust.

**7.4.1.4 Selection of Liquidating Trust Assets Other Than Settlement Payment**.  On or before the date that is 180 days after the Effective Date, the Liquidating Trustee may determine any Asset presumptively identified as a Liquidating Trust Asset is not a Liquidating Trust Asset, *nunc pro tunc* to immediately before the Effective Date. Such determination shall be in the sole discretion of the Liquidating Trustee in consultation with the Post-Confirmation Committee, with any dispute between the Liquidating Trustee and the Post-Confirmation Committee to be resolved by the Bankruptcy Court after notice and a hearing.  During the 180-day period following the

Effective Date, any party in interest concerning an Asset affected by this Article 7.4.1.4 may request the Liquidating Trustee determine whether such Asset is a Liquidating Trust Asset. Such request shall be made by written notice upon the Liquidating Trustee, identifying the Asset, the party's interest in the Asset, and the reasons for requesting an early determination including, without limitation, the prejudice the party seeks to avoid by obtaining an early determination. If the Liquidating Trustee does not respond within 14-days of receiving such request, the party may file a motion with the Bankruptcy Court for entry of an Order compelling the Liquidating Trustee to determine whether to renounce the Asset. For avoidance of doubt, any Asset determined not to be a Liquidating Trust Asset by the Liquidating Trustee pursuant to this Article 7.4.1.4 is deemed to have never been a Liquidating Trust Asset and never been transferred to the Liquidating Trust, and neither the Liquidating Trust nor the Liquidating Trustee shall be deemed to have any liability or obligation whatsoever in connection with such Asset.

**7.4.2   Administrative Claims Account Reserve**

**7.4.2.1 Administrative Claims Estimate**. After the Administrative Claim Bar Date, but before the Effective Date, the Debtors shall make the Allowed Administrative Claims Estimate.

**7.4.2.2 Funding of Administrative Claims Account on Effective Date**. On the Effective Date, the Debtors shall reserve an amount of Cash equal to the Allowed Administrative Claims Estimate from Available Cash Collateral for the Holders of Allowed Administrative Claims, and transfer such Cash to the Administrative Claims Account. The Liquidating Trustee, as Disbursing Agent, shall be responsible for making Distributions to such Holders from such Account.

**7.4.2.3 Backstop of Administrative Claims Account after Effective Date**. If, after the Effective Date, the amounts available in the Administrative Claims Account is insufficient to pay in full the actual amount of Allowed Administrative Claims (in the case of Committee Professional Fee Claims, subject to the maximum amount of the Committee Professional Fund), then in accordance with the AIX/Meridian Settlement, AIX shall deposit sufficient additional funds to cover the deficiency into the Administrative Claims Account.

**7.4.2.4 Administrative Claims Account Surplus**. If, after payment of Allowed Administrative Claims (in the case of Committee Professional Fee Claims, subject to the maximum amount of the Committee Professional Fund), any funds are left in the Allowed Administrative Claims Account, then such surplus shall be transferred to AIX to the extent its Allowed Claim remains unsatisfied. Any remaining surplus after payment to AIX shall be paid, first, to any remaining unpaid Allowed Professional Fee Claims of Committee Professionals and, second, to the Liquidating Trust as a Liquidating Trust Asset.

**7.5   General Powers of the Liquidating Trustee**

Subject to any express limitations, the Liquidating Trustee, on behalf of the Liquidating Trust, shall have all of the rights, powers and privileges set forth in this Plan, the Confirmation Order, and the Liquidating Trust Agreement. The Liquidating Trustee is authorized and shall have the

obligation to take all such actions as in his/her judgment are necessary and appropriate to effectuate the purposes of the Plan, including but not limited to the following:

**7.5.1**   Perform the duties, exercise the powers, and assert the rights of a trustee under Sections 704 and 1106 of the Bankruptcy Code, including, without limitation, commencing, prosecuting or settling Causes of Action, enforcing contracts, and asserting claims, defenses, offsets and privileges;

**7.5.2**   Hold legal title to the Liquidating Trust Assets, including, without limitation, collecting, receiving any and all money and other property belonging to the Liquidating Trust and the right to vote any claim or interest in a case under the Bankruptcy Code and receive any distribution therein;

**7.5.3**   Make Distributions contemplated under the Plan;

**7.5.4**   Supervise and administer the reconciliation, resolution, settlement and payment of Claims and Equity Interests and the Distributions to the Holders of Allowed Claims and Allowed Equity Interests in accordance with the Plan;

**7.5.5**   Enter into any agreement on behalf of the Liquidating Trust required by or consistent with the Plan and perform all of the obligations required of the Liquidating Trustee under the Liquidating Trust Agreement or the Plan;

**7.5.6**   Abandon any of the assets of the Liquidating Trust if the Liquidating Trustee, after consultation with the Post-Confirmation Committee, concludes that such assets are of no benefit to the Creditors or Equity Interest Holders;

**7.5.7**   Participate in or initiate any proceeding before the Bankruptcy Court or any other court of appropriate jurisdiction and participate as a party or otherwise in any administrative, arbitrative or other non-judicial proceeding and litigate claims on behalf of the Liquidating Trust, including without limitation all state and federal Causes of Action or any other litigation, including Avoidance Actions, which constitute an asset of the Liquidating Trust;

**7.5.8**   Participate as a party-in-interest in any proceeding before the United States Bankruptcy Court involving the Chapter 11 Cases;

**7.5.9**   Act in the name of or in the place of the Liquidating Trust in any action before the United States Bankruptcy Court or any other judicial or administrative body;

**7.5.10**   Protect and enforce the rights to the Liquidating Trust Assets by any method deemed appropriate including, without limitation, by judicial proceedings or pursuant to any applicable bankruptcy, insolvency, moratorium or similar law and general principles of equity;

**7.5.11**   Take actions and exercise remedies against any Person that owes money to the Liquidating Trust, including without limitation, the remedies available under any deed of trust, security agreement, promissory note, bond, guarantee or other instrument or document; make compromises regarding any deed of trust, security agreement, promissory note, bond, guarantee or other instrument or document; and, declare or waive defaults regarding any deed of trust, security agreement, promissory note, bond, guarantee or other instrument or document;

**7.5.12** Retain and pay such Liquidating Trust Professionals as the Liquidating Trustee may select to assist the Liquidating Trustee in its duties, on such terms as the Liquidating Trustee deems appropriate, without Bankruptcy Court approval, but subject to (i) consultation with the Post-Confirmation Committee as provided in Article 7.6.2 of the Plan and (ii) subject to the semi-annual reporting requirements in Article 7.6.3 of the Plan. The Liquidating Trustee may commit the Liquidating Trust to and shall pay Liquidating Trust Professionals reasonable compensation for services rendered and expenses incurred and may engage counsel on a contingent basis. A law firm or professional shall not be disqualified from serving as a Liquidating Trust Professional solely because of its current or prior retention as counsel or professional to the parties in interest in the Cases;

**7.5.13** Retain and pay an independent public accounting firm to perform such reviews and/or audits of the financial books and records of the Liquidating Trust as the Liquidating Trustee may deem appropriate, and to prepare and file any tax returns or informational returns for the Liquidating Trust as may be required, without Bankruptcy Court approval, but subject to consultation with the Post-Confirmation Committee as provided in Article 7.6.2 of the Plan. The Liquidating Trustee may commit the Liquidating Trust to and shall pay such independent public accounting firm reasonable compensation for services rendered and expenses incurred;

**7.5.14** Retain and pay such third parties as the Liquidating Trustee may deem necessary or appropriate to assist the Liquidating Trustee in carrying out its powers and duties under this Trust Agreement. The Liquidating Trustee may commit the Liquidating Trust to and shall pay all such Persons reasonable compensation for services rendered and expenses incurred, as well as commit the Liquidating Trust to indemnify any such parties in connection with the performance of services;

**7.5.15** Employ such employees as the Liquidating Trustee, and as consistent with the purposes of the Liquidating Trust, may deem necessary or appropriate to assist the Liquidating Trustee in carrying out its powers and duties under this Trust Agreement. The Liquidating Trustee may commit the Liquidating Trust to and shall pay all such employees reasonable salary in the amounts it shall determine to be appropriate and any employee benefits it may establish. If the Liquidating Trustee employs employees, the Liquidating Trustee shall establish payroll procedures and pay any and all federal, state or local tax withholding required under applicable law with respect to any such employees, and it will take all other actions it deems necessary;

**7.5.16** Establish and adopt or cease to provide such employee benefits for the benefit of any employees, in its sole discretion and as consistent with the purposes of the Liquidating Trust, may deem necessary or appropriate, including, without limitation, the adoption of any group health plan;

**7.5.17** Assert or waive any privilege or defense on behalf of the Liquidating Trust or, with respect to the Liquidating Trust Assets, the Debtors as provided in the Trust Agreement or the Plan;

**7.5.18** Compromise, adjust, arbitrate, sue on or defend, pursue, prosecute abandon, exercise rights, powers, and privileges with respect to, or otherwise deal with and settle, in accordance with the terms set forth herein, all Causes of Action in favor of or against the Liquidating Trust as the Liquidating Trustee, in accordance with Section 4.3 of the Liquidating Trust Agreement, shall deem advisable;

**7.5.19** Avoid and recover transfers of the Debtors' property as may be permitted by the Bankruptcy Code or applicable state law;

**7.5.20** Execute offsets and assert counterclaims against Claims as provided for in the Plan;

**7.5.21** Compromise, settle or otherwise resolve all objections to any Claim filed in the amount of $25,000 or less without approval of the Bankruptcy Court or further notice. For all Claims in excess of $25,000, the Liquidating Trustee shall provide 10 days written notice of any proposed settlement to the Post-Confirmation Committee. If no objection is submitted to the Liquidating Trustee within 10 days of the date of such notice, the Liquidating Trustee may proceed with such settlement and may settle such Claim without approval of any other Person. If the Post-Confirmation Committee objects to any proposed settlement, the Liquidating Trustee shall either withdraw the settlement or bring the matter before the Bankruptcy Court for final resolution after notice and hearing. Unless otherwise ordered by the Bankruptcy Court, the Liquidating Trustee shall file and serve all objections to Claims no later than the Claims Objection Deadline;

**7.5.22** Invest any moneys held as part of the Liquidating Trust in accordance with the terms of Section 3.13 of the Liquidating Trust Agreement, limited, however, to such investments that are consistent with the Liquidating Trust's status as a liquidating trust within the meaning of Treasury Regulations Section 301.7701-4(d);

**7.5.23** Request any appropriate tax determination with respect to the Liquidating Trust, including, without limitation, a determination pursuant to section 505 of the Bankruptcy Code;

**7.5.24** May establish and maintain a website for the purpose of providing notice of Liquidating Trust activities in lieu of sending written notice to beneficiaries of the Liquidating Trust, subject to providing notice of such website to such beneficiaries;

**7.5.25** Take or refrain from taking any and all actions the Liquidating Trustee reasonably deems necessary or convenient for the continuation, protection and maximization of the Liquidating Trust Assets or to carry out the purposes hereof;

**7.5.26** Seek the examination of any Person, and subject to, the provisions of Bankruptcy Rule 2004;

**7.5.27** Assume such other powers as may be vested in or assumed by the Liquidating Trust pursuant to the Plan or Bankruptcy Court order, or as may be necessary and proper to carry out the provisions of the Plan or the Trust Agreement;

**7.5.28**   Establish and maintain such bank accounts as may be necessary or appropriate, draw checks on such bank accounts and perform such other necessary and appropriate duties with respect to such accounts, or designate individuals as signatories therefore, as the Liquidating Trustee may direct and authorize;

**7.5.29**   Invest or reinvest Liquidating Trust Assets as provided in Section 4.3 of the Liquidating Trust Agreement and to cause such investments, or any part thereof, to be registered and held in its name, as Liquidating Trustee, or in the name of nominees;

**7.5.30**   File any required reports and pay to the office of the U.S. Trustee all applicable costs and fees incurred from and after the Effective Date and file a final report with the Bankruptcy Court and close the Cases;

**7.5.31**   Resolve all matters related to the Debtor entities, including their dissolution and, in this connection, may use Liquidating Trust Assets for such purposes;

**7.5.32**   Hold any Unclaimed Distribution or payment to the Holder of an Allowed Claim in accordance with the Plan and the Liquidating Trust Agreement;

**7.5.33**   Propose any amendment, modification or supplement to the Plan or the Liquidating Trust Agreement, provided that any such amendment, modification or supplement that is material requires approval of the Bankruptcy Court after notice and a hearing;

**7.5.34**   Act as the sole director/officer/manager of each of the Reorganized Debtors until the Reorganized Debtors are formally dissolved under applicable law, and, in this connection, may use Liquidating Trust Assets for the purposes of administering such Reorganized Debtors;

**7.5.35**   Subject to Article 7.15 of the Plan, at the appropriate time, and in consultation with the Post-Confirmation Committee, take such actions, including without limitation, initiating proceedings in Australia, and file all documents necessary to effect a dissolution or winding up of the Reorganized Debtors under applicable law and, in this connection, may use Liquidating Trust Assets for such purposes;

**7.5.36**   File dissolution/termination documents with the appropriate governmental agencies to dissolve the Liquidating Trust;

**7.5.37**   Receive, conserve and manage the Liquidating Trust Assets, and sell, pursuant to 11 U.S.C. § 363(f), 11 U.S.C. § 1123(a)(5) and the Plan, or otherwise dispose of such assets for a price and upon such terms and conditions as the Liquidating Trustee deems most beneficial to the Creditors and Equity Interest Holders and execute such deeds, bills of sale, assignments and other instruments in connection therewith;

**7.5.38**   Open and maintain bank accounts on behalf of or in the name of the Liquidating Trust, and, to the extent necessary, the Reorganized Debtors;

**7.5.39**   Pay all taxes, if any, properly payable by the Liquidating Trust and/or the Debtors, make all tax withholdings and file tax returns and tax information returns

with respect to the Liquidating Trust and the Debtors, and make tax elections by and on behalf of the Liquidating Trust;

**7.5.40** Pay all lawful expenses, debts, charges and liabilities of the Liquidating Trust or relating to the Liquidating Trust Assets;

**7.5.41** Enforce all provisions of the Plan, including all rights under the Purchase and Sale Agreement with regard to the Kenai Loop Assets;

**7.5.42** Protect, perfect and defend the title to any of the Liquidating Trust Assets and enforce any bonds, mortgages or other obligations or liens owned by the Liquidating Trust;

**7.5.43** Carry insurance coverage, including insurance to protect the Liquidating Trust, the Liquidating Trustee and the Post-Confirmation Committee against claims brought against the Liquidating Trustee, the Liquidating Trustee or the Post-Confirmation Committee acting within their capacities with the Liquidating Trust, in such amounts as they deem advisable, including obtain insurance coverage with respect to real and personal property that may become Liquidating Trust Assets, if any;

**7.5.44** Establish such reserves for taxes, assessments and other expenses of administration of the Liquidating Trust (including without limitation the Disputed Claims Reserve) as may be necessary and appropriate for the proper operation of matters incident to the affairs of the Liquidating Trust;

**7.5.45** Borrow funds, incur or assume liabilities, and pledge Liquidating Trust Assets on behalf of the Liquidating Trust in furtherance of or in connection with the Liquidating Trustee's or the Liquidating Trust's duties, powers, authority, and obligations under this Trust Agreement, and determine and satisfy any and all liabilities created, incurred or assumed by the Liquidating Trust;

**7.5.46** Exercise such other powers and duties as are necessary or appropriate in the Liquidating Trustee's discretion to accomplish the purposes of the Plan;

**7.5.47** Exercise its authority under Article 7.4.1.4 of the Plan to select Liquidating Trust Assets; and

**7.5.48** To the extent practicable and at reasonable expense to the Liquidating Trust, the Liquidating Trustee may take such actions as deemed reasonably necessary, in the exercise of prudent business judgment, to maintain the Australian registrations and qualifications of Buccaneer Energy Limited as a publicly traded corporation and, if deemed appropriate, retain and engage professionals in Australia to advise and assist in that effort.

## 7.6 Obligations of the Liquidating Trustee

Notwithstanding anything in this Plan or the Liquidating Trust Agreement to the contrary, the Liquidating Trustee shall have the following duties:

**7.6.1** Subject to the provisions of Article 7.12 (Rights and Duties of the Post-Confirmation Committee) of the Plan, the Liquidating Trustee shall consult with the Post-Confirmation Committee regarding all material issues affecting the

Liquidating Trust, including the (i) timing and amount of Distributions, (ii) resolution of Claims objections, (iii) the pursuit and resolution of Causes of Action, and (iv) the sale and other disposition of assets. If the Post-Confirmation Committee submits a written objection to the Liquidating Trustee within 10 business days of such consultation regarding any anticipated action, the Liquidating Trustee shall seek Bankruptcy Court approval prior to taking such action after notice and a hearing. Notwithstanding the forgoing, in the event that the Liquidating Trustee intends to sell or otherwise dispose of any assets that are subject to a security interest on such assets, the Liquidating Trustee shall provide such lien holder ten (10) business days' notice prior to selling or otherwise disposing of such asset. If the lienholder submits a written objection to the Liquidating Trustee within ten (10) business days of such notice, the Liquidating Trustee shall seek Bankruptcy Court approval prior to taking such action after notice and a hearing.

**7.6.2** The Liquidating Trustee shall consult with and obtain approval of the Post-Confirmation Committee regarding the retention of, and fee arrangements with Liquidating Trust Professionals. If the Liquidating Trustee wishes to employ a Liquidating Trust Professional to which the Post-Confirmation Committee fails to provide its approval within 10 days of receiving a written request from the Liquidating Trustee, the Liquidating Trustee may seek approval to employ such Liquidating Trust Professional from the Bankruptcy Court after notice and a hearing.

**7.6.3** The Liquidating Trustee shall cause to be prepared a semi-annual report illustrating (i) receipts and disbursements during the prior two quarters, (ii) a schedule of all asset dispositions, (iii) a schedule of Distributions made, (iv) a summary listing of the status of the resolution of objections to Claims and Causes of Action, and (v) a list of payments made to Liquidating Trust Professionals. Such semi-annual report shall be distributed to the Post-Confirmation Committee, and made available to any party in interest upon request, within fifteen (15) Business Days after the end of the relevant report preparation period.

**7.6.4** The Liquidating Trustee shall maintain records and books of account relating to the Liquidating Trust Assets, the management thereof and all transactions undertaken by the Liquidating Trustee on behalf of the Liquidating Trust. The Liquidating Trustee shall also maintain records and books of account relating to all Distributions contemplated under the Plan.

**7.7     Limitations on the Powers of the Liquidating Trustee**

**7.7.1** Notwithstanding anything in this Plan or the Liquidating Trust Agreement to the contrary, and only with a Bankruptcy Court Order entered after notice and opportunity for hearing and subject to the rights of the purchaser under the Purchase and Sale Agreement governing the sale of the Kenai Loop Assets, may the Liquidating Trustee or the Reorganized Debtors modify or amend this Plan in accordance with § 1127 of the Bankruptcy Code.

      **7.7.2**    In the event that the Post-Confirmation Committee makes a written request to the Liquidating Trustee that the Liquidating Trustee take some action and the Liquidating Trustee either fails or refuses to take such action with 15 days of such request, the Post-Confirmation Committee may seek authority from the Bankruptcy Court after notice and a hearing to take such action on behalf of the Liquidating Trust.  Any party may object to any such request.

## 7.8    The Committee

The Committee shall continue in existence until the Effective Date at which time the Committee shall be terminated.

## 7.9    The Post-Confirmation Committee

On the Effective Date, a Post-Confirmation Committee shall be formed.  The Post-Confirmation Committee shall be governed by the terms of the Liquidating Trust Agreement.  The Post-Confirmation Committee shall be comprised of the following three (3) members: Archer Drilling, L.L.C., Frank's International, L.L.C., and Kenai Offshore Ventures, L.L.C.  The members of the Post-Confirmation Committee shall appoint representatives as provided for in the Liquidating Trust Agreement.  Any member of the Post-Confirmation Committee may designate any other member as proxy for any vote of the Post-Confirmation Committee.  Until any vacancy on the Post-Confirmation Committee is filled, the Post-Confirmation Committee shall function in its reduced number.  The Post-Confirmation Committee shall be dissolved on the date and in the manner provided for in the Liquidating Trust Agreement, and, upon dissolution, the members thereof shall be released and discharged of and from all further authority, duties, responsibilities and obligations related to and arising from their service as Post-Confirmation Committee members.  The members of the Post-Confirmation Committee shall undertake their duties as specified in the Plan and the Liquidating Trust Agreement.  In serving as a member of the Post-Confirmation Committee, such members shall not assume or be deemed to have assumed any liability to Creditors, Equity Interest Holders, the Debtors, the Reorganized Debtors, the Liquidating Trust, the Liquidating Trustee, any purchaser of the Debtors' Assets or Kenai Loop Assets, or any other parties in interest in the Chapter 11 Cases.  In the exercise of their duties as members of the Post-Confirmation Committee, such members shall be fiduciaries to the Liquidating Trust beneficiaries in their capacity as beneficiaries; *provided, however*, that the members of the Post-Confirmation Committee shall not be liable for any acts or omissions while acting in that capacity, except for acts or omissions in bad faith and acts or omissions constituting intentional torts or gross negligence; *further*, *provided*, *however*, any member of the Post-Confirmation Committee may pursue and defend its claim, rights and interests in and against the Liquidating Trust, and defend against any claims brought against it by the Liquidating Trustee or on behalf of the Liquidating Trust, provided the member does not use any confidential information it learns as a member of the Post-Confirmation Committee to further its claims and interests and such member shall recuse itself from any meetings or deliberations regarding such claims and interests as appropriate.  In addition, the members of the Post-Confirmation Committee shall be entitled to reimbursement from the Liquidating Trust of their reasonable expenses incurred in connection with their duties as members of the Post-Confirmation Committee.  Resignation and removal of Post-Confirmation Committee members, and appointment of their successors, shall be conducted pursuant to the terms of the Liquidating Trust Agreement.

**7.10    Resignation/Removal of the Liquidating Trustee**

The Liquidating Trustee may resign at any time by filing a written notice of resignation with the Bankruptcy Court.  Any such resignation shall become effective on the earlier to occur of (i) sixty (60) days after the filing date of such notice; and (ii) the appointment of a successor Liquidating Trustee.  The Post-Confirmation Committee may remove the Liquidating Trustee at its discretion upon unanimous vote of all members without approval of the Bankruptcy Court, provided, however, that the Post-Confirmation Committee shall provide the Liquidating Trustee with thirty (30) days written notice of its intent to remove the Liquidating Trustee.  If the Liquidating Trustee believes that his/her removal is not in the best interests of Creditors, then the Liquidating Trustee may seek Bankruptcy Court approval to continue as Liquidating Trustee.  If such authority is sought, the Liquidating Trustee shall continue in his/her capacity as Liquidating Trustee pending a Final Order resolving the issue.  All fees and expenses incurred by the Liquidating Trustee and the Post-Confirmation Committee in pursuit of the removal or continuation of the Liquidating Trustee shall be paid by the Liquidating Trust.

**7.11    Appointment of Successor Liquidating Trustee**

In the event of the death, resignation or removal of the Liquidating Trustee, the Post-Confirmation Committee shall designate a successor Liquidating Trustee in accordance with the terms of the Liquidating Trust Agreement.  Any successor Liquidating Trustee appointed hereunder shall execute and file a statement accepting such appointment and agreeing to be bound by the terms of the Plan and upon such filing, the successor Liquidating Trustee shall immediately become vested with all the rights, powers, trusts and duties of the Liquidating Trustee.

**7.12    Rights and Duties of the Post-Confirmation Committee**

The Post-Confirmation Committee shall:

    **7.12.1** have the right to review, approve and object to settlements and proposed prosecution, release or abandonment of objections to Claims and/or Causes of Action by the Liquidating Trustee subject to the terms of the Plan, the Confirmation Order, and the Liquidating Trust Agreement, provided, however, that no member of the Post-Confirmation Committee shall review or have any authority over decisions of the Post-Confirmation Committee or the Liquidating Trustee relating to any Claims or Causes of Action in which that member is a claimant against any Debtor or defendant in an action brought by any Debtor, any Reorganized Debtor, the Liquidating Trust or the Liquidating Trustee;

    **7.12.2** have the right to review, approve and object to proposed sales and other dispositions of Liquidating Trust Assets;

    **7.12.3** shall have standing to petition the Court to remove the Liquidating Trustee, or any successor Liquidating Trustee, appointed pursuant to the Plan, the Confirmation Order, or the Liquidating Trust Agreement;

    **7.12.4** perform such additional functions as may be agreed to by the Liquidating Trustee, or are otherwise provided for in the Plan, the Confirmation Order, or the Liquidating Trust Agreement, or are provided for by further Order of the Court entered after the Effective Date; and

**7.12.5**  consult with the Liquidating Trustee in connection with any other matters related to the Plan, the Confirmation Order, or the Liquidating Trust Agreement.

## 7.13    Compensation Procedures

The Liquidating Trustee and the Liquidating Trust Professionals employed by it shall be entitled to payment of their fees and reimbursement of all reasonable expenses on a monthly basis pursuant to the terms of the Liquidating Trustee Agreement, without Bankruptcy Court approval.

## 7.14    Preservation of Rights and Causes of Action

In keeping with section 1123(b)(3) of the Bankruptcy Code, the Debtors will retain and transfer to the Liquidating Trust all Causes of Action, except those Causes of Action related to the Kenai Loop Assets that are sold pursuant to the Purchase and Sale Agreement in accordance with the AIX/Meridian Settlement, they owned before the Effective Date, including all claims recoverable under Chapter 5 of the Bankruptcy Code, including all claims assertable under sections 544, 546, 547, 548 and 550 of the Bankruptcy Code, and all claims owned by the Debtors pursuant to section 541 of the Bankruptcy Code or similar state law, including all claims against third parties on account of any indebtedness, and including, without limitation, the Causes of Action identified on Plan Exhibit A and all other claims owed to or in favor of the Debtors to the extent not specifically compromised and released pursuant to the Plan or an agreement referred to or incorporated herein.

## 7.15    Corporate Existence and Authority

From and after the Effective Date, the Reorganized Debtors shall continue to exist in accordance with the applicable laws of their state of incorporation/organization.    Notwithstanding Article 7.5.35 of the Plan, if the Liquidating Trustee determines that dissolution of one or more of the Reorganized Debtors will not affect, alter or otherwise impair any right or recovery of the Liquidating Trust, then to the extent practicable and at reasonable expense to the Liquidating Trust, Liquidating Trustee may, but is under no obligation to, take such actions are necessary to wind up the affairs of such Reorganized Debtors, and shall file all documents necessary to effect a dissolution under applicable law.    Unless and until such a determination is made, the Reorganized Debtors are authorized to take such actions as directed by the Liquidating Trustee in its capacity as the sole director/officer/manager of the Reorganized Debtors.

## 7.16    Insurance Preservation

Nothing in this Plan, including any releases, shall diminish or impair the enforceability of any D&O Insurance that may cover claims against the Debtors, the Estates, or any other Person.

## 7.17    Effectuating Documents; Further Transactions

The Debtors and each of their designated agents shall be authorized to execute, deliver, file, or record such contracts, instruments, releases, and any other agreements or documents, and take such actions as may be necessary or appropriate to effectuate and further evidence the terms and conditions of this Plan.

## 7.18    Termination of Liquidating Trust and Post-Confirmation Committee

The Liquidating Trust and the Post-Confirmation Committee shall be terminated, and the Liquidating Trustee and the members of Post-Confirmation Committee shall be discharged, in accordance with the Liquidating Trust Agreement.

**7.19    Documents of the Debtors**

The Liquidating Trustee shall be granted reasonable access to the Debtors' books, records and electronically stored information for review and copying, and the Liquidating Trustee shall succeed to all of the Debtors' attorney-client, work-product, and other privileges.

# ARTICLE 8
# PROVISIONS GOVERNING DISTRIBUTIONS

**8.1    Distributions for Claims Allowed as of Effective Date**

Except as otherwise provided herein or as ordered by the Bankruptcy Court, all Distributions to Holders of Allowed Claims as of the Effective Date shall be made on or as soon as practicable after the Initial Distribution Date.  The Liquidating Trustee may, but shall not be required to make any Distribution of less than $25.00.

**8.2    Interest on Claims**

Unless otherwise specifically provided for in the Plan, the Confirmation Order or any Final Order of the Bankruptcy Court, or as required by applicable bankruptcy law (including but not limited to 11 U.S.C. § 506), post-Petition Date interest shall not accrue or be paid on Claims, and no Holder of a Claim shall be entitled to interest accruing on or after the Petition Date on any Claim.  Interest shall not accrue or be paid upon any Disputed Claim in respect of the period from the Petition Date to the date a Final Distribution is made thereon if and after such Disputed Claim becomes an Allowed Claim.

**8.3    Means of Cash Payment**

Cash payments made pursuant to the Plan shall be in U.S. funds, by the means agreed to by the payor and the payee, including by check or wire transfer or, in the absence of such agreement, such commercially reasonable manner as the payor shall determine in its sole discretion.

**8.4    Record Date for Claims and Equity Interests**

The Record Date for Distributions to Allowed Claims under this Plan shall be the date the Bankruptcy Court entered its order conditionally approving the Disclosure Statement.  For purposes of Distributions to Holders of Allowed Claims, the Liquidating Trustee will rely on the claims docket maintained by the Clerk for Proofs of Claim filed in these Chapter 11 Cases except to the extent a notice of transfer of Claim has been filed with the Court prior to the Record Date pursuant to Bankruptcy Rule 3001.  The Record Date for Equity Interests under this Plan shall be the Petition Date.  For purposes of Distributions on account of Equity Interests of Buccaneer Energy Limited, the Holders of Equity Interests in Buccaneer Energy Limited shall mean the Holders of the shares reflected on the share registry of Buccaneer Energy Limited as of the Petition Date.

**8.5    Delivery of Distributions**

Subject to Bankruptcy Rule 9010, Distributions to Holders of Allowed Claims shall be made by the Liquidating Trustee (a) at the addresses set forth on the Proofs of Claim filed by such Holders (or at the last known address of such Holders if no Proof of Claim is filed or if the Debtors or Liquidating Trustee have been notified of a change of address), (b) at the addresses

set forth in any written notice of address changes delivered to the Liquidating Trustee after the date of any related Proof of Claim, or (c) at the addresses reflected in the Schedules if no Proof of Claim has been filed and the Disbursing Agent has not received a written notice of a change of address.  Distributions to Holders of Equity Interests shall be made by the Liquidating Trustee at the address of the registered Holder of each such Equity Interest as set forth in the relevant stock transfer ledger.  The Liquidating Trustee shall have no duty or obligation to locate any Holder of a Claim or Equity Interest should the foregoing addresses be incorrect for any such Holder.

**8.6     Unclaimed Distributions**

The Liquidating Trustee shall file a notice of distribution within ten Business Days of the date on which Distributions are made under the Plan.  All claims for undeliverable Distributions must be made no later than the 60th day following the date that such notice is filed.  After such date, all Unclaimed Distributions will revert to the Liquidating Trust for Distribution to any Holder of a Claim or Equity Interest in accordance with this Plan or Liquidating Trust Agreement and the remaining Claim or Equity Interest of any Holder with respect to such Unclaimed Distribution will be discharged and forever barred.

**8.7     Uncashed Checks**

Checks issued in respect of Allowed Claims and/or Equity Interests will be null and void if not negotiated within ninety (90) days after the date of issuance thereof.  Distributions with respect to such un-negotiated checks will revert to the Liquidating Trust for Distribution in accordance with this Plan and the remaining Claim or Equity Interest of any Holder with respect to such Distribution will be discharged and forever barred.

**8.8     Setoffs**

The Liquidating Trustee may, but shall not be required to, set off against any Claim (and the payments or other Distributions to be made pursuant to the Plan in respect of such Claim) of any nature whatsoever that the Debtors many have had against the Holder of such Claim; *provided, however,* that neither the failure to do so nor the allowance of any Claim hereunder shall constitute a waiver or release by the Liquidating Trustee of any such claim that the Liquidating Trustee or may have against such Holder.

**8.9     Prepayment**

Except as otherwise provided in the Plan, any ancillary documents entered into in connection herewith, the Liquidating Trust Agreement, or the Confirmation Order, the Liquidating Trustee shall have the right to prepay, without penalty, all or any portion of an Allowed Claim at any time; *provided, however,* that any such prepayment shall not be in violation of, or otherwise prejudice, the relative priorities and parties among the Classes of Claims.

**8.10     No Distribution in Excess of Allowed Amount of Claim**

Notwithstanding anything to the contrary herein, no Holder of an Allowed Claim shall receive in respect of such Claim any Distribution of value in excess of the Allowed Amount of such Claim (excluding payments on account of interest due and payable from and after the Effective Date pursuant to the Plan).

**8.11    Allocation of Distributions**

All Distributions received under the Plan by Holders of Claims shall be deemed to be allocated first to the principal amount of such Claim as determined for United States federal income tax purposes and then to accrued interest, if any, with respect to such Claim.

**8.12    Distributions from the Administrative Claims Account**

The Reorganized Debtors shall make Distributions from the Administrative Claims Account to the Holders of Allowed Administrative Claims.

## ARTICLE 9
## CLAIMS OBJECTION PROCEDURES, TREATMENT OF DISPUTED CLAIMS AND PROCEDURES FOR ASSERTING CLAIMS

**9.1    Prosecution of Objections to Claims**

**9.1.1    Objections to Claims.**  The Liquidating Trustee on behalf of the Liquidating Trust shall have the sole right to object to the allowance of any Claims provided for under the Plan.  All objections to Claims must be filed and served on the Holders of such Claims by the Claims Objection Deadline.  All objections shall be litigated to Final Order; provided, however, that the Liquidating Trustee shall have the authority to compromise, settle or otherwise resolve all objections, for any Claim filed in the amount of $25,000 or less without approval of the Bankruptcy Court or notice to the Post-Confirmation Committee.  For all Claims in excess of $25,000, the Liquidating Trustee shall provide the Post-Confirmation Committee with 10 days written notice of any proposed settlement.  If no objection is served on the Liquidating Trustee within 10 days of the date of such notice, the Post-Confirmation Committee shall be deemed to have consented to such settlement and the Liquidating Trustee may settle such Claim without approval of any other Person, including the Bankruptcy Court.  If the Post-Confirmation Committee objects to any proposed settlement, the Liquidating Trustee shall either (i) withdraw the settlement; or (ii) bring the matter before the Bankruptcy Court for final resolution after notice and hearing.  If an objection has not been filed to a Proof of Claim or a scheduled Claim by the Claims Objection Deadline, the Claim to which the Proof of Claim or scheduled Claim relates shall be treated as an Allowed Claim, if such Claim has not been Allowed earlier.

**9.1.2    Estimation of Claims**  The Liquidating Trustee may, at any time, request that the Bankruptcy Court estimate any contingent or unliquidated Claim pursuant to section 502(c) of the Bankruptcy Code regardless of whether the Debtor has previously objected to such Claim, or whether the Bankruptcy Court has ruled on any such objection, and the Bankruptcy Court will retain jurisdiction to estimate any Claim at any time during litigation concerning any objection to any Claim, including during the pendency of any appeal relating to any such objection.  In the event the Bankruptcy Court estimates any contingent or unliquidated Claim, that estimated amount will constitute either the Allowed Amount of such Claim or a maximum limitation on such Claim, as determined by the Bankruptcy Court.  If the estimated amount constitutes a maximum limitation on such Claim, the Liquidating Trustee may elect to pursue any supplemental proceedings to

object to any ultimate payment on such Claim.  All of the aforementioned Claims objection, estimation and resolution procedures are cumulative and are not necessarily exclusive of one another.  Claims may be estimated and thereafter resolved by any permitted mechanisms.

**9.1.3    Authority to Prosecute Objections.**  On and after the Effective Date, the Liquidating Trustee shall have the authority to file objections, settle, compromise, withdraw or litigate to judgment objections to Proofs of Claim any Administrative Claim asserted in these Bankruptcy Cases.  From and after the Effective Date, the Liquidating Trustee in consultation with the Post-Confirmation Committee, may settle or compromise any Disputed Claim without the approval of the Bankruptcy Court.  Until the Effective Date, the Debtors expressly reserve the right to compromise and settle (subject to the approval of the Bankruptcy Court) Claims against them, or other claims that they may have against other Persons.

**9.2    Treatment of Disputed Claims; Disputed Claim Reserves**

**9.2.1    Disputed Claims.**  Notwithstanding any other provisions of the Plan, no payments or Distributions shall be made on account of a Disputed Claim or, if less than the entire Claim is a Disputed Claim, the portion of a Claim that is Disputed, until such Claim becomes an Allowed Claim.

**9.2.2    Reserves for Disputed Claims.**  As soon as practicable after the Effective Date, the Liquidating Trustee shall establish a Disputed Claim Reserve for the treatment of Disputed Claims.  The Disputed Claims Reserve shall be held in a separate bank account from all other funds held by the Liquidating Trust/Liquidating Trustee.  The Liquidating Trustee shall deposit into a Disputed Claims Reserve an amount equal to the Pro Rata share of the Distribution allocable to such Disputed Claims, in accordance with the distribution scheme contemplated in the Plan, as if such Claims were Allowed Claims. Amounts deposited into the Disputed Claims Reserve shall be held in trust for the benefit of the Holders of Disputed Claims pending a determination of their entitlement thereto under the terms of the Plan.  Once such Disputed Claim is determined by Final Order or settlement to be an Allowed Claim, the Liquidating Trustee is authorized to pay the Allowed Amount of such Claim without further approval from or notice to any Person.

**9.2.3    Distributions to Holders of Disputed Claims Once They are Allowed.**  Within sixty (60) days of a Disputed Claim becoming an Allowed Claim, any Distributions reserved for such Allowed Claim shall be released from the Disputed Claims Reserve and delivered to the Holder of such Allowed Claim in an amount proportionate to the Allowed Amount of any such Claim. In the event that the Disputed Claim is disallowed in its entirety, the Distributions provided for such Claim shall be available for appropriate Distribution to the Holders of other Allowed Claims, as applicable.

**9.3    Disallowance of Late Filed Proofs of Claim**

Except as otherwise provided in the Plan, any Proof of Claim filed by the Holder of such Claim after the Bar Date is hereby disallowed.

**9.4     Filing of Claims and Causes of Action**

Subject to the limitations provided under Article 7 (Means of Implementation), the Liquidating Trustee shall have the exclusive right to file and prosecute any Claims and Causes of Action on behalf of the Liquidating Trust, including all derivative Causes of Action.   The Liquidating Trustee shall have the authority to compromise, settle or otherwise resolve all Claims and Causes of Action filed or asserted in the amount of $25,000 or less without approval of the Bankruptcy Court or notice to the Post-Confirmation Committee.   For all Claims and Causes of Action in excess of $25,000, the Liquidating Trustee shall provide the Post-Confirmation Committee with 10 days written notice of any proposed settlement.   If no objection is served on the Liquidating Trustee within 10 days of the date of such notice, the Post-Confirmation Committee shall be deemed to have consented to such settlement and the Liquidating Trustee may settle such Claim or Cause of Action without approval of any other Person, including the Bankruptcy Court.   If the Post-Confirmation Committee objects to any proposed settlement, the Liquidating Trustee shall either (i) withdraw the settlement; or (ii) bring the matter before the Bankruptcy Court for final resolution after notice and hearing.

**9.5     Administrative Claims**

**9.5.1     Bar Date for Administrative Claims**.   No Administrative Claim, other than Professional Fees and United States Trustee fees, will be paid unless the Holder of such Administrative Claim has filed with the Bankruptcy Court an application for payment of such Administrative Claim on or before the Administrative Claim Bar Date.   Upon the filing of any application for payment, the Person seeking payment of an Administrative Claim shall provide notice by United States Mail in accordance with the Bankruptcy Rules.   Any Administrative Claim, other than Professional Fees and United States Trustee fees, not filed in accordance with this Article shall be barred and the Debtors, the Reorganized Debtors, the Liquidating Trust and the Liquidating Trustee shall have no liability for payment of any such Administrative Claim.

**9.5.2     Objections to Administrative Claims**.   Objections to applications for payment of Administrative Claims may be filed by any party in interest.   In order to be considered, such objections must be filed on or before the 21st day following the date on which the application was filed.   Any objections will be determined by the Bankruptcy Court.

**9.5.3     Payment of Professional Fees**.   Each Holder of an Allowed Professional Fee Claim shall be paid in respect of such Allowed Professional Fee Claim in Cash, in full, on the Effective Date, or, if such Claim has not been approved by the Bankruptcy Court on or before the Effective Date, promptly after Bankruptcy Court approval of the Professional Fee Claim by a Final Order.   Final fee applications for any Professional Fee Claim that has not been approved as of the Effective Date shall be filed no later than the Professional Fee Claim Bar Date and such applications and objections thereto (if any) shall be filed in accordance with and comply in all respects with the Bankruptcy Code, the Bankruptcy Rules, applicable local rules, and the Fee Procedure Order.

**ARTICLE 10**
**EFFECT OF CONFIRMATION**

**10.1    Legally Binding Effect**

The provisions of this Plan shall bind all Creditors and Equity Interest Holders, whether or not they accept this Plan.  On and after the Effective Date, all Holders of Claims or Equity Interests shall be precluded and enjoined from asserting: (i)  any Claim against or Equity Interest in the Debtors, the Reorganized Debtors, the Liquidating Trust or their Assets or properties based on any transaction or other activity of any kind that occurred prior to the Effective Date except as permitted under the Plan; and (ii) any derivative claim, including claims against third parties asserting alter ego claims, fraudulent transfer claims or any other type of successor liability.

**10.2    Limited Discharge of Debtors and Injunction**

The entry of the Confirmation Order will operate as a general resolution with prejudice, as of the Effective Date, of all pending legal proceedings, if any, against the Debtors and their Assets and properties and any proceedings not yet instituted against the Debtors or their Assets and properties, except as otherwise provided in the Plan or the Confirmation Order.  Except as otherwise expressly provided in the Plan or the Confirmation Order, all Persons who have held, hold, or may hold Claims against the Debtors are permanently enjoined on and after the Effective Date from (a) commencing or continuing in any manner any action or other proceeding of any kind against the Debtors, the Reorganized Debtors, or their property, the Liquidating Trust or the Liquidating Trustee, with respect to any such Claim, (b) the enforcement, attachment, collection or recovery by any manner or means of any judgment, award, decree or order with respect to any such Claim against the Debtors, the Reorganized Debtors, or their property, or the Liquidating Trust or the Liquidating Trustee, (c) creating, perfecting, or enforcing any encumbrance of any kind against the Debtors, the Reorganized Debtors, or their property, or the Liquidating Trust or the Liquidating Trustee, with respect to such Claim, (d) asserting any right of subrogation of any kind against any obligation due to the Debtors, the Reorganized Debtors, or the property of the Debtors, the Estates, or the Reorganized Debtors, with respect to any such Claim and (e) asserting any right of setoff or recoupment against the Debtors, the Estates or the Reorganized Debtors except as specifically permitted by § 553 of the Bankruptcy Code.  Unless otherwise provided in the Plan or the Confirmation Order, or by order of the Bankruptcy Court, all injunctions or automatic stays provided for in these cases pursuant to § 105, if any, or § 362 of the Bankruptcy Code, or otherwise, and in existence on the Confirmation Date will remain in full force and effect until the Effective Date.  Notwithstanding the foregoing, nothing herein shall discharge, or enjoin the Liquidating Trustee from pursuing any Cause of Action that may constitute a Liquidating Trust Asset against any current or former officer, director, employee, or agent of any of the Debtors.

**10.3    Compromise and Settlement**

Pursuant to section 363 of the Bankruptcy Code and Bankruptcy Rule 9019, and in consideration for the classification, Distribution and other benefits provided under the Plan, the provisions of the Plan shall constitute a good faith compromise and settlement of all Claims, Equity Interests and controversies resolved pursuant to the Plan, including, without limitation, all Claims arising prior to the Effective Date, whether known or unknown, foreseen or unforeseen, asserted or unasserted, arising out of, relating to or in connection with the business or affairs of, or

transactions with, the Debtors. The entry of the Confirmation Order shall constitute the Bankruptcy Court's approval of each of the foregoing compromises or settlements, and all other compromises and settlements provided for in the Plan, and the Bankruptcy Court's findings shall constitute its determination that such compromises and settlements are in the best interests of the Debtors, the Estates, Creditors and other parties in interest, and are fair, equitable and within the range of reasonableness.

**10.4    Limited Protection of Certain Parties in Interest**

Neither (a) the Debtors, the Reorganized Debtors, or the Liquidating Trustee, or any of their employees, officers, directors, agents, representatives, Affiliates, attorneys, financial advisors, or any other professional persons employed by the Debtors, the Reorganized Debtors, or the Liquidating Trustee, nor (b) each Professional for the Debtors or any of their employees, officers, directors, agents, representatives, Affiliates, attorneys, financial advisors, or any other professional Persons employed by any of them, nor (c) the Committee and each of its members or any of their employees, officers, directors, agents, representatives, Affiliates, attorneys, financial advisors, or any other professional Persons employed by any of them, nor (d) the Post-Confirmation Committee and each of its members or any of their employees, officers, directors, agents, representatives, Affiliates, attorneys, financial advisors, or any other professional Persons employed by any of them (the Persons identified in (a), (b), (c) and (d) are collectively referred to as "Protected Persons"), shall have or incur any liability to any Person under any theory of liability for any act or omission occurring on or after the Petition Date in connection or related to the Debtors, the administration of the Chapter 11 Cases, or the Estates, including, but not limited to, (i) formulating, preparing disseminating, implementing, confirming, consummating or administering this Plan (including soliciting acceptances or rejections thereof, failure to obtain confirmation of this Plan or to satisfy any condition or conditions precedent, or waiver of or refusal to waive any condition or conditions precedent to confirmation or to the occurrence of the Effective Date) or (ii) the Disclosure Statement or any contract, instrument, release or other agreement or document entered into or any action taken or omitted to be taken in connection with this Plan, except for acts constituting willful misconduct, gross negligence, or ultra vires activity and in all respects such Protected Persons shall be entitled to rely in good faith upon the advice of counsel. In any action, suit or proceeding by any Person contesting any action by, or non-action of any Protected Person as constituting willful misconduct, gross negligence, or ultra vires activity or not being in good faith, the reasonable attorneys' fees and costs of the prevailing party will be paid by the losing party.

**10.5    Indemnification**

The Liquidating Trust shall indemnify each Person identified as a Protected Person against any and all liabilities, costs and expenses (including attorneys' fees) incurred by any of them in defending against demands and causes of action actions taken against them after the Confirmation Date that are based on actions allegedly taken (or not taken) after the Petition Date by them in their respective capacities relating to the Debtors, the Estates, the Liquidating Trust, or this Plan; provided, however, that no Protected Person shall be entitled to indemnification under this Plan for the liability, costs and expenses of defending a cause of action in which it is ultimately judicially determined that such Protected Person was grossly negligent or acted fraudulently or with willful misconduct in performing such Protected Person's duties hereunder or under any Final Order of the Bankruptcy Court or applicable law, or ultra vires activity. Any

Protected Person entitled to indemnification under this Article 10.5 shall have a priority Distribution right that is senior to the Holders of Allowed General Unsecured Claims against the Liquidating Trust.  The Liquidating Trustee may use the Liquidating Trust Assets (as an expense of consummating this Plan) to purchase indemnification insurance to satisfy any potential indemnification claims that may arise under this Article 10.5.

Nothing in the Plan or the Confirmation Order shall operate to discharge or release any obligation, if any, of a Reorganized Debtor to indemnify its directors, officers or managers, provided however, that any such right of indemnification shall be limited solely to the proceeds of any D&O Insurance policy covering the acts or omissions of such directors, officers or managers acquired by the Debtors prior to the Petition Date.

**10.6      Continuation of Anti-Discrimination Provisions of Bankruptcy Code**

A Governmental Unit may not deny, revoke, suspend, or refuse to renew a license, permit, charter, franchise, or other similar grant to, condition such a grant to, or discriminate with respect to such a grant against, the Debtors, the Reorganized Debtors, the Liquidating Trust, the Liquidating Trustee or another Person with whom the Debtors have been or are associated or affiliated, solely because of the commencement, continuation, or termination of the case or because of any provision of the Plan or the Confirmation Order or the legal effect of the Plan or the Confirmation Order, and the Confirmation Order will constitute an express injunction against any such discriminatory treatment by a Governmental Unit.  Moreover, a Governmental Unit may not deny, revoke, suspend, or refuse to renew a license, permit, charter, franchise, or other similar grant to the Debtors or the Reorganized Debtors based upon any requirement that the Debtors or the Reorganized Debtors place a bond or other surety obligation with such Governmental Unit as a condition of receipt of such a license, permit, charter, franchise, or other similar grant to the Debtors or the Reorganized Debtors.  All licenses, permits, charters, franchises, or other similar grants to the Debtors are hereby transferred and assigned on the Effective Date (which transfer and assignment is without the assumption of any liabilities arising prior to the Effective Date which liabilities arise out of such license, permit, charter, franchise or similar grant) to the Reorganized Debtors without the need for further application or approval by any Governmental Unit.

**10.7      Preservation of Claims and Rights**

Confirmation of this Plan effects no settlement, compromise, waiver or release of any Claim, Cause of Action, or claim for relief unless this Plan or the Confirmation Order specifically and unambiguously so provides.  The non-disclosure or non-discussion of any particular claim, Cause of Action, or claim for relief is not and shall not be construed as a settlement, compromise, waiver, or release of any such claim, Cause of Action, or claim for relief.

**The Reorganized Debtors, the Liquidating Trust and the Liquidating Trustee reserve any and all claims and rights against any and all third parties, whether such claims and rights arose before, on or after the Petition Date, the Confirmation Date, the Effective Date, the Record Date and/or any Distribution date, including, without limitation, any and all Causes of Action, and/or claims for relief that the Debtors, the Liquidating Trustee or the Liquidating Trust may have against (i) any insurer and/or insurance policies (including, without limitation, the D&O Insurance) in which either the Debtors, the Reorganized Debtors, and/or their current or former personnel have an insurable or other interest in or**

right to make a claim against, any other of the Debtors' insurers; or (ii) any recipient of a transfer identified in the Debtors' statements of financial affairs, including any amendments thereto, filed in these Chapter 11 Cases.  The entry of the Confirmation Order shall not constitute *res judicata* or otherwise bar, estop or inhibit any actions by the Debtors, the Liquidating Trust or the Liquidating Trustee relating to any claims or Causes of Action referred to in this Article 10.7, or otherwise.  Except as specifically set forth herein, the Liquidating Trustee shall constitute the representative of the Estates for purposes of retaining, asserting and/or enforcing claims or Causes of Action under § 1123(b)(3)(B) of the Bankruptcy Code.  On the Effective Date, the Liquidating Trustee shall be substituted as a party of record in all pending litigation brought by or against the Debtors without need for further order of the Bankruptcy Court.  Notwithstanding anything herein or in the Disclosure Statement to the contrary, this Plan shall not preserve any Claims or Causes of Action waived or released pursuant the AIX/Meridian Settlement or the mutual releases related thereto.

### ARTICLE 11
### CONDITIONS PRECEDENT TO CONFIRMATION AND
### CONSUMMATION OF THE PLAN

**11.1    Conditions Precedent to Effective Date**

The following conditions precedent must be satisfied or waived on or prior to the Effective Date:

(a)    the Confirmation Order, in a form and in substance reasonably satisfactory to the Debtors and the Committee, shall have been entered by the Clerk of the Bankruptcy Court;

(b)    the sale of the Kenai Loop Assets shall have been closed;

(c)    all of the conditions for the effectiveness of the AIX/Meridian Settlement shall have been fulfilled as stated therein and the mutual releases previously approved by the Court therein shall have been executed;

(d)    the form of all documents necessary or appropriate to give effect to the transactions contemplated under the Plan, if any, have been approved and executed;

(e)    payment of the Settlement Payment;

(f)    funding of the Administrative Claims Account;

(g)    all authorizations, consents and agreements required, if any, in connection with the consummation of the Plan shall have been obtained;

(h)    there shall be no stay of the Confirmation Order in effect;

(i)    all other actions, documents and agreements necessary to implement the Plan shall have been effected or executed; and

(j)     The Debtors shall have filed a Notice of Effective Date on the docket of these jointly administered bankruptcy cases.

## 11.2     Waiver of Conditions

The Debtors reserve the right to waive any of the conditions precedent to the Effective Date.  If any of the conditions precedent are not waived, and are not satisfied within the specified time periods or can no longer occur, the Confirmation Order will be annulled and the Debtors and all parties in interest will return to the *status quo ante* immediately before the entry of the Confirmation Order.

## ARTICLE 12
## RETENTION OF JURISDICTION

## 12.1     Exclusive Bankruptcy Court Jurisdiction

The Court shall retain and have exclusive jurisdiction over these Chapter 11 Cases to the maximum extent provided by law for the follow purposes following the Confirmation Date:

**12.1.1**  To determine any and all objections to the allowance and classification of Claims or Equity Interests;

**12.1.2**  To determine the validity and priority of any Lien;

**12.1.3**  To determine all assertions of an ownership interest in, the value of, or title to, any property of the Estates;

**12.1.4**  To determine the Allowed Amount of any Claim, whether secured or unsecured;

**12.1.5**  To allow any and all applications for allowances of compensation and reimbursement of expenses payable from the Estates;

**12.1.6**  To determine any and all applications or motions pending before the Court on the Effective Date of the Plan, including without limitation any motions for the rejection, assumption or assumption and assignment of any Executory Contract or Unexpired Lease.

**12.1.7**  To consider and approve any modification of this Plan, remedy any defect or omission or reconcile any inconsistency in the Plan, or any order of the Court, including the Confirmation Order;

**12.1.8**  To hear and determine all controversies, suits and disputes that may arise in connection with the interpretation, enforcement or consummation of this Plan, the Confirmation Order, the Sale Order, any transactions or payments contemplated hereby or any agreement, instrument or other document governing or related to any of the foregoing;

**12.1.9**  To consider and act on the compromise and settlement of any claim or cause of action by or against the Debtors;

**12.1.10**  To hear and determine matters concerning federal, state or local taxes in accordance with §§ 346, 505 or 1146 of the Bankruptcy Code;

**12.1.11**  To issue orders in aid of any transfer of the Equity Interests of Buccaneer Energy Limited to the Liquidating Trust;

**12.1.12**  To issue orders in aid of execution and implementation of this Plan and the Confirmation Order, to the extent authorized by 11 U.S.C. § 1142 or provided by the terms of this Plan;

**12.1.13**  To issue injunctions and effect any other actions that may be necessary or desirable to restrain interference by any Person with the consummation or implementation of the Plan;

**12.1.14**  To determine such other matters as may be provided in the Confirmation Order; and

**12.1.15**  To enter final decrees closing the Chapter 11 Cases.

**12.2**    **Limitation on Jurisdiction**

In no event shall the provisions of this Plan be deemed to confer in the Bankruptcy Court jurisdiction greater than that established by the provisions of 28 U.S.C. §§ 157 and 1334.

**ARTICLE 13**
**NOTICE PROVISIONS**

**13.1**    **Notices**

All notices, requests, elections or demands in connection with this Plan, including any change of address of any Creditor or Equity Interest Holder for the purposes of receiving Distributions under this Plan and to avoid forfeiting the same pursuant to Article 8 (Provisions Governing Distributions) of this Plan, shall be in writing and shall be delivered personally, by facsimile, overnight courier or first class mail.  Such notice shall be deemed to have been given when received or, if mailed by first class mail, 5 Business Days after the date of mailing, or if by overnight courier, the next Business Day following the date of mailing.  Notices required to be sent to the following parties under this Plan shall be addressed to:

To the Liquidating Trust/Liquidating Trustee:

David B. Kurzweil
Greenberg Traurig, LLP
3333 Piedmont Road, Suite 2500
Atlanta, Georgia 30305
Telephone: (678) 553-2680
Facsimile: (678) 553-2681

-and-

Shari L. Heyen
Greenberg Traurig, LLP
1000 Louisiana Street, Suite 1700
Houston, Texas 77002
Telephone: (713) 374-3564
Facsimile: (713) 754-7564

To the Debtors/Reorganized Debtors:

William R. Greendyke/Jason Boland
Fulbright & Jaworski LLP
1301 McKinney, Suite 5100
Houston, TX  77010
Telephone: (713) 651-5151
Facsimile: (713) 651-5246

To the Post-Confirmation Committee:

Archer Drilling, L.L.C.
Attn: Tonya Jacobs
10613 W. Sam Houston Pkwy. N., Ste. 600
Houston, TX 77064
Tel. 713-856-4222
E-Mail: tonya.jacobs@archerwell.com

Frank's International, L.L.C.
Successor in Interest by Merger from
Frank's Casing Crew & Rental Tools, Inc.
Attn: Brian D. Baird
10260 Westheimer, Suite 700
Houston, TX 77057
Tel. 281-966-7300
Fax 281-558-2980
E-Mail: brian.baird@franksintl.com

Kenai Offshore Ventures, L.L.C.
Attn: Joel M. Walker, Attorney in Fact
Charles E. Harrell, Attorney in Fact
Michael E. Clark, Attorney in Fact
15 Hoe Chiang Road #12-05 Tower Fifteen
Singapore 089316
Tel. 65 6309 0555
Fax 65 6222 7848
E-Mail: jmwalker@duanemorris.com
ceharrell@duanemorris.com
meclark@duanemorris.com

### 13.2 Limitation on Notice

The Debtors/Liquidating Trustee shall give the following notice with regard to the following matters, which notice shall be deemed to be good and sufficient notice of such matters with no requirement for any additional or further notice:

**13.2.1 Notice of Effective Date**.   Notice of the Effective Date shall be sufficient if mailed to all known Holders of Claims and Equity Interests (which have not become Disallowed as of the date of mailing).  Such notice shall be mailed within 5 Business Days of the Effective Date.

**13.2.2 Post-Confirmation Date Service**.   From and after the date the Confirmation Order becomes a Final Order, notices of appearances and demands for service of process filed with the Court prior to such date shall no longer be effective.  No further notices (other than notice of entry of the Confirmation Order and of the Effective Date) shall be required to be sent to any Persons, except those Persons specified in Article 13.1 (Notices) of this Plan, the Post-Confirmation Committee, the Office of the U.S. Trustee and any Creditor or Equity Interest Holder who files a renewed request for service of pleadings and whose Claim has not been fully satisfied (the "Notice Parties").  For avoidance of doubt, where "notice and a hearing," or similar phrase, is used in this Plan, such notice shall be sent to the Notice Parties.

### 13.3 General Notice To Creditors

All notices and requests to Creditors or Equity Interest Holders of any Class shall be sent to them at the addresses set forth on the Proofs of Claim or, if no Proof of Claim was filed, to their last known address as reflected in the Debtors' records.  Any Creditor or Equity Interest Holder may designate in writing any other address for purposes of this Article 13 (Notice Provisions), which designation shall be effective upon receipt by the Liquidating Trustee.

## ARTICLE 14
## MISCELLANEOUS PROVISIONS

### 14.1 Payment of United States Trustee Fees

Within thirty (30) days of the date that such payments are due, the Liquidating Trustee shall pay all amounts owing to the United States Trustee as fees and costs imposed in connection with these Chapter 11 Cases.

### 14.2 Continuing Effectiveness of the Settlement Order and the Protective Order

Nothing herein or in any Confirmation Order shall affect, alter or otherwise impair the Court's Order Approving Joint Emergency Motion to Compromise Controversy Under Rule 9019 of the Federal Rules of Bankruptcy Procedure [Dkt. No. 346], the Court's Order Regarding Emergency Motion to Quash and for Protective Order and Motion for Rule 2004 Examination to be Taken by Remote Means [Dkt. No. 376] (the "Protective Order"), or further proceedings consistent with the Protective Order.

### 14.3    Employee Benefit Plans

Unless terminated earlier, all Employee Benefit Plans shall be terminated on the Effective Date in accordance with the applicable provisions of the state and federal law.  Neither the Debtors, the Reorganized Debtors, the Liquidating Trustee nor the Liquidating Trust shall have any liability for any obligations under any Employee Benefit Plan.

### 14.4    Directive to State Agencies

At such time as any of the Reorganized Debtors file articles of dissolution, all governmental agencies are directed to accept such articles and recognize the dissolution of the Reorganized Debtors regardless of whether all Claims, including taxes have been paid in full.  For purposes of dissolution, the transfer of the Liquidating Trust Assets to the Liquidating Trust under the Plan constitutes satisfaction in full of all outstanding liabilities.

### 14.5    Satisfaction of Liabilities

The rights afforded in the Plan and the treatment of all Claims and Equity Interests herein shall be in exchange for and in complete satisfaction and release of all Claims and Equity Interests of any nature whatsoever against the Debtors or any of their Estates, Assets, properties, or interests in property.  None of the Debtors or the Reorganized Debtors shall be responsible for any pre-Effective Date obligations of the Debtors except as set forth in the Confirmation Order and Plan.

### 14.6    Warranty of Transfers from Liquidating Trust

All property, whether real or personal, to be transferred by the Liquidating Trustee on behalf of the Liquidating Trust to any Person under this Plan, is transferred "as is, where is," with no representation or warranty of any kind except that all transfers shall be transferred free and clear of all liens, Claims and encumbrances pursuant to 11 U.S.C. § 363(f) and 11 U.S.C. § 1123(a)(5).

### 14.7    Compliance with Tax Requirements

In connection with each Distribution with respect to which the filing of an information return (such as an Internal Revenue Service Form 1099 or 1042) or withholding is required, the Liquidating Trustee shall file such information return with the Internal Revenue Service and provide any required statements in connection therewith to the recipients of such Distribution or effect any such withholding and deposit all moneys so withheld as required by law.  With respect to any Person from whom a tax identification number, certified tax identification number or other tax information required by law to avoid withholding has not been received by the Liquidating Trustee within thirty (30) days from the date of such request, the Liquidating Trustee may, at its option, withhold the amount required and distribute the balance to such Person or decline to make such Distribution until the information is received.

### 14.8    Amendment of the Plan

This Plan may be amended or modified by the Debtors or the Reorganized Debtors before, or by the Liquidating Trustee after the Effective Date, as provided in § 1127 of the Bankruptcy Code.

### 14.9    Timing of Distributions

Unless otherwise specified herein, all payments and Distributions shall be made on a Payment Date determined by the Liquidating Trustee after consultation with the Post-Confirmation

Committee.  When a provision of this Plan requires that a payment shall be made on a certain date, such payment may be made (i) at any time prior to the date on which such payment is due; (ii) in more frequent intervals than set forth in such provision of the Plan; or (iii) not more than 14 days after the date any such payment is due.  Notwithstanding the foregoing, no payment shall be considered late or otherwise result in a default unless the Liquidating Trustee has failed to make the payment after the passage of 30 days following the receipt by the Liquidating Trustee of a written notice advising that a payment has not been received in accordance with the times set forth in this paragraph.

## 14.10   Enforcement of Subordination Agreements/Settlement Agreements

Any written (i) subordination agreement between Holders of Allowed Claims; and (ii) settlements approved by the Bankruptcy Court during these Chapter 11 Cases will be honored according to their terms for the purposes of Distribution under this Plan.

## 14.11   Filing of Documents in Public Records

Pursuant to § 1146 of the Bankruptcy Code, the issuance, transfer or exchange of a security or the making of an instrument of transfer under this Plan (including without limitation the filing of any mortgage, deed of trust, security agreement, uniform commercial code financing statement or other similar document) shall not be taxed under any law imposing a stamp tax or similar tax. All state or local governmental officials or agents are hereby directed to forego the collection of any such tax or governmental assessment and to accept for Filing and recordation any of the foregoing instruments or other documents without the payment of any such tax or governmental assessment.

## 14.12   Right to Seek Further Orders

The Reorganized Debtors and the Liquidating Trustee, if and to the extent necessary, will seek such orders, judgments, injunctions, regulatory approvals, and rulings that may be required to carry out and further the intentions and purposes, and give full effect to the provisions, of the Plan.

## 14.13   Intercompany Claims and Causes of Action

Pursuant to Article 7.2 (Substantive Consolidation of the Debtors), Claims of any Debtor against any other Debtor, if any, are deemed waived, released and extinguished as of the Effective Date solely for purposes of voting and making Distributions, and accordingly shall receive no Distributions under the Plan.  In accordance with Article 7.2 (Substantive Consolidation of the Debtors) and 7.3 (Creation of the Liquidating Trust), Causes of Action of any Debtor against any other Debtor, if any, are specifically preserved, shall be retained by each Reorganized Debtor, and may be prosecuted by the Liquidating Trustee for the benefit of the beneficiaries of the Liquidating Trust.  Nothing in the Plan or Confirmation Order shall affect the validity of any D&O Insurance, which shall be assumed by the Debtors and retained by the Reorganized Debtors.

## 14.14   Regulatory Approvals

As the Plan is not intended to modify or supplant any regulatory authority over the Debtors, the Reorganized Debtors or the Liquidating Trust, all regulatory approvals required in connection with the Plan will be sought and obtained.

### 14.15   Due Authorization by Creditors

Each and every Creditor who elects to participate in the Distributions provided for herein (i) warrants that it is authorized to accept in consideration of its Claim against the Debtors the Distributions provided for in this Plan; (ii) states that there are no outstanding commitments, agreements, or understandings, express or implied, that may or can in any way defeat or modify the rights conveyed or obligations undertaken by it under this Plan; and (iii) indemnifies and holds harmless the Liquidating Trust, the Reorganized Debtors, the Post-Confirmation Committee, the Liquidating Trustee and their professionals and representatives with respect to their entitlement to receive such Distributions.

### 14.16   Filing of Additional Documentation

On or before the Effective Date, the Debtors may file with the Bankruptcy Court such agreements and other documents as may be necessary or appropriate to effectuate and further evidence the terms and conditions of this Plan.

### 14.17   Implementation

The Debtors, the Reorganized Debtors, the Liquidating Trust and the Liquidating Trustee shall be authorized to perform all reasonable, necessary and authorized acts to consummate the terms and conditions of the Plan.

### 14.18   Substantial Consummation

On the Effective Date, the Plan shall be deemed to be substantially consummated under Bankruptcy Code §§ 1101 and 1127(b).

### 14.19   Further Effect of Confirmation

Confirmation of this Plan effects no settlement, compromise, waiver or release of any Claim or cause of action unless this Plan or the Confirmation Order specifically so provides. The non-disclosure or non-discussion of any particular Claim or cause of action is not and shall not be construed as a settlement, compromise, waiver, or release of any such Claim or cause of action.

### 14.20   Ratification

The Confirmation Order shall ratify all transactions effectuated by the Debtors during the pendency of their Chapter 11 Cases.

### 14.21   Term of Injunctions or Stays

Unless otherwise provided in the Plan or in the Confirmation Order, all injunctions or stays provided for in the Chapter 11 Cases under sections 105 or 362 of the Bankruptcy Code or otherwise, and in existence on the Confirmation Date (excluding any injunctions or stays contained in the Plan or the Confirmation Order), shall remain in full force and effect until the 30th day following the Effective Date.

### 14.22   Reservation of Claims

Except as otherwise provided in the Plan, the Debtors, the Reorganized Debtors, the Liquidating Trust and the Liquidating Trustee reserve any and all claims and rights against any and all third parties, whether such claims and rights arose before, on or after the Petition Date, the Confirmation Date, the Effective Date, the Record Date and/or any Distribution Date, including,

without limitation, any and all claims, Coverage Claims, and/or Causes of Action for relief that the Debtors, the Reorganized Debtors, the Liquidating Trust or the Liquidating Trustee may have against or on behalf of any director, officer, any insurer under any D&O Insurance policy, or any other Person.  The entry of the Confirmation Order shall not constitute res judicata or otherwise bar, estop or inhibit any actions by the Debtors, the Reorganized Debtors, the Liquidating Trust or the Liquidating Trustee relating to any Claims, Coverage Claims, or Causes of Action.  The Liquidating Trustee shall constitute, (i) the representative of the Liquidating Trust for purposes of asserting and/or enforcing Claims and Causes of Action, and (ii) the representative of the Reorganized Debtors for purposes of asserting and/or enforcing Coverage Claims, under section 1123(b)(3)(B) of the Bankruptcy Code.

### 14.23  Dates

The provisions of Bankruptcy Rule 9006 shall govern the calculation of any dates or deadlines referenced in the Plan.

### 14.24  Governing Law

Except to the extent that the Bankruptcy Code or Bankruptcy Rules are applicable, the rights and obligations arising under the Plan shall be governed by, and construed and enforced in accordance with, the laws of the State of Texas, without giving effect to any conflicts of law principles.

### 14.25  Conflict

Except as otherwise provided in the Plan, to the extent the Confirmation Order and/or this Plan are inconsistent with the Disclosure Statement, any other agreement entered into between the Debtors and any third party, the Plan controls the Disclosure Statement and any such agreements and the Confirmation Order (and any other orders of the Bankruptcy Court) controls the Plan. To the extent that the Plan or the Confirmation Order conflicts with the Liquidating Trust Agreement, first, the Plan shall control the Liquidating Trustee Agreement and the Confirmation Order shall control the Plan.  To the extent the Purchase and Sale Agreement applicable to the sale of Kenai Loop Assets is inconsistent with the Disclosure Statement or any other agreement entered into between the Debtors and any third party, the Purchase and Sale Agreement applicable to the sale of Kenai Loop Assets shall control.

### 14.26  Severability

The provisions of this Plan shall not be severable unless such severance is agreed to by the Debtors and such severance would constitute a permissible modification of this Plan pursuant to § 1127 of the Bankruptcy Code.  Except as otherwise provided herein, in the event that, prior to the Effective Date, any term or provision of the Plan is held by the Bankruptcy Court to be invalid, void or unenforceable, then if required by the Debtors, the Bankruptcy Court shall have the power to alter and interpret such term or provision to make it valid or enforceable to the maximum extent practicable, consistent with the original purpose of the term or provision held to be invalid, void or unenforceable, and such term or provision shall then be applicable as altered or interpreted.  Notwithstanding any such holding, alternation or interpretation, the remainder of the terms and provisions hereof shall remain in full force and effect and shall in no way be affected, impaired or invalidated by such alteration or interpretation.  The Confirmation Order shall constitute a judicial determination and shall provide that each term and provision hereof, as

it may have been altered or interpreted in accordance with the foregoing, is valid and enforceable in accordance with its terms.

## 14.27   Setoffs

The Liquidating Trustee may, but shall not be required to, set off against any Claims and the payments or Distributions to be made pursuant to the Plan in respect of such Claims, any and all debts, liabilities and claims of every type and nature whatsoever that the Estates or the Liquidating Trust may have against the Holder of any Claim, but neither the failure to do so nor the Allowance of any such Claims, whether pursuant to the Plan or otherwise, shall constitute a waiver or release by the Liquidating Trustee or the Liquidating Trust of any such claims they may have against such Holder of any Claim, and all such claims shall be reserved for and retained by the Liquidating Trustee.

## 14.28   Further Action

Nothing contained in the Plan shall prevent the Reorganized Debtors, the Liquidating Trust or the Liquidating Trustee from taking such actions as may be necessary to consummate the Plan, even though such actions may not specifically be provided for within the Plan.


Dated:  January 13, 2015.


**Buccaneer Resources, LLC**

By: */s/John T. Young Jr.*_____
John T. Young, Jr.
Chief Restructuring Officer


**Buccaneer Energy Limited**

By: */s/John T. Young Jr.*_____
John T. Young, Jr.
Chief Restructuring Officer


**Buccaneer Energy Holdings, Inc.**

By: */s/John T. Young Jr.*_____
John T. Young, Jr.
Chief Restructuring Officer


**Buccaneer Alaska Operations, LLC**

By: */s/John T. Young Jr.*_____
John T. Young, Jr.
Chief Restructuring Officer

**Buccaneer Alaska, LLC**

By: */s/John T. Young Jr.*_____
John T. Young, Jr.
Chief Restructuring Officer

**Kenai Land Ventures, LLC**

By: */s/John T. Young Jr.*_____
John T. Young, Jr.
Chief Restructuring Officer

**Buccaneer Alaska Drilling, LLC**

By: */s/John T. Young Jr.*_____
John T. Young, Jr.
Chief Restructuring Officer

**Buccaneer Royalties, LLC**

By: */s/John T. Young Jr.*_____
John T. Young, Jr.
Chief Restructuring Officer

**Kenai Drilling, LLC**

By: */s/John T. Young Jr.*_____
John T. Young, Jr.
Chief Restructuring Officer

## PLAN EXHIBITS

Plan Exhibit A:      Retained Causes of Action

Plan Exhibit B:      List of Assumed and Assigned Executory Contracts and Unexpired Leases

Plan Exhibit C:      Liquidating Trust Agreement

Plan Exhibit D:      Order Approving Joint Emergency Motion to Compromise Controversy
                     Under Rule 9019 of the Federal Rules of Bankruptcy Procedure
                     (the AIX/Meridian Settlement)