

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

ENTERED
01/27/2015

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| BUCCANEER RESOURCES, LLC, *et al.*,[1] | § | Case No.: 14-60041 (DRJ) |
| | § | |
| Debtors. | § | Jointly Administered |
| | § | |

### ORDER APPROVING EMERGENCY MOTION FOR AN ORDER APPROVING SETTLEMENT BETWEEN THE DEBTORS AND COOK INLET REGION, INC.
[RELATES TO DKT. NO. 582]

After consideration of the *Emergency Motion for an Order Approving Settlement Between the Debtors and Cook Inlet Region, Inc.* (the "Motion")[2] filed by Buccaneer Resources, LLC and its above-captioned affiliated debtors (collectively, the "Debtors"), together with (i) the arguments and representations of counsel at the hearing on the Motion; (ii) all evidence submitted in connection with the Motion; (iii) all papers on file herein and in the related bankruptcy cases; (iv) any evidence presented at the hearing on the Motion; and (v) the findings of fact and conclusions of law announced on the record at the hearing, if any, on the Motion, the Court, after due deliberation and good and sufficient cause appearing therefore, and having found and determined, among other things, that the terms of the Mutual Release were agreed to following extensive, good faith, arms-length negotiations between the Debtors and Cook Inlet Region, Inc. ("CIRI", and together with the Debtors, the "Parties") and that the Mutual Release

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: (i) Buccaneer Energy Limited (0107); (ii) Buccaneer Energy Holdings, Inc. (7170); (iii) Buccaneer Alaska Operations, LLC (7562); (iv) Buccaneer Resources, LLC (8320); (v) Buccaneer Alaska, LLC (4082); (vi) Kenai Land Ventures, LLC (2661); (vii) Buccaneer Alaska Drilling, LLC (7781); (viii) Buccaneer Royalties, LLC (5015); and (ix) Kenai Drilling, LLC (6370).

[2] All capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

41304663.6

-1-

is fair, equitable and falls well within the range of reasonableness and is in the best interest of the Debtors, their bankruptcy estates, and all other parties in interest, and after finding that proper and sufficient notice of the Motion has been given, and it appearing that no other or further notice need be given, hereby GRANTS the Motion. Accordingly, it is HEREBY

ORDERED that the Motion is GRANTED for the reasons set forth therein; and it is further

ORDERED that all objections, responses and/or reservation of rights, if any, to the Motion, the relief requested therein and approval of the Mutual Release that have not been resolved, withdrawn, waived or settled, are overruled on the merits; and it is further

ORDERED that, pursuant to section 105 of the Bankruptcy Code and Bankruptcy Rule 9019, the Mutual Release attached as **Exhibit A** to the Motion is hereby approved in all respects; and it is further

ORDERED that the Parties to the Mutual Release and their employees, advisors, agents and/or representatives are, subject to execution of the Mutual Release by all appropriate parties thereto, hereby authorized to implement the Mutual Release and take any such other actions as may be necessary and appropriate to effectuate the Mutual Release and transactions contemplated therein; and it is further

ORDERED that this Court shall retain jurisdiction over all matters arising from or related to the interpretation and implementation of this Order; and it is further

ORDERED that this Order shall be effective immediately upon its entry.

Signed: 1/27/15

Marvin Isgur
United States Bankruptcy Judge

41304663.6

2