IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| BUCCANEER RESOURCES, LLC[1] | § | Case No. 14-60041 (DRJ) |
| | § | |
| Debtors. | § | Jointly Administered |
| | § | |
| AIX ENERGY, LLC | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| v. | § | Adv. Pro. No. 15-_____ |
| | § | |
| COOK INLET ENERGY, LLC | § | |
| | § | |
| Defendant. | § | |

## COMPLAINT

AIX Energy, LLC ("AIX") files this original complaint against Cook Inlet Energy, LLC ("CIE").

## Parties

1. AIX may be served in this adversary proceeding through the undersigned counsel.

2. Defendant CIE is an Alaska limited liability company and may be served through its registered agent, Walter J. Wilcox II, 601 W. 5th Avenue, Suite 310, Anchorage, AK 99501.

3. A courtesy copy of this complaint will be sent to CIE's counsel in the main bankruptcy case, Wayne Kitchens, Hughes Watters Askanese, 333 Clay, 29th Floor, Houston, Texas 77002.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: (i) Buccaneer Energy Limited (0107); (ii) Buccaneer Energy Holdings, Inc. (7170); (iii) Buccaneer Alaska Operations, LLC (7562); (iv) Buccaneer Resources, LLC (8320); (v) Buccaneer Alaska, LLC (4082); (vi) Kenai Land Ventures, LLC (2661); (vii) Buccaneer Alaska Drilling, LLC (7781); (viii) Buccaneer Royalties, LLC (5015); and (ix) Kenai Drilling, LLC (6370).

**Jurisdiction and Venue**

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This adversary is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(N) and (O). AIX consents to the entry of final orders or judgment by the bankruptcy judge if it is determined that the bankruptcy judge, absent consent of the parties, cannot enter final orders or judgment consistent with Article III of the United States Constitution.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1409(a).

**Summary of the Complaint**

6. CIE was one of the largest pre-petition purchasers of the Debtors' gas. AIX successfully credit bid for substantially all of the Debtor's assets in the Cook Inlet region of Alaska. CIE, through its affiliate, was an unsuccessful bidder at the auction. As part of the sale approved by this Court, the Debtors assumed and assigned the purchase and sale contract with CIE to AIX, and AIX has continued to perform under the terms of the contract by delivering gas to CIE. Whether out of spite from losing the auction or simply an inability to pay its debts as they come due, CIE has breached the contract by failing to timely pay AIX. AIX seeks a judgment against CIE for breach of contract and an award of damages in the amount of no less than $1,203,896.02.

**Statement of Relevant Facts**

7. On or about September 12, 2013, Buccaneer Alaska, LLC ("Buccaneer Alaska"), as seller, and CIE, as buyer, entered into an Interruptible Gas Sale and Purchase Contract ("GSA").

8. On May 31, 2014, the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

9. On October 27, 2014, pursuant to procedures approved by this Court, the Debtors conducted an auction for substantially all of their assets in the Cook Inlet region of Alaska.

10. Prior to the auction, CIE made an all-cash bid of $35 million. At the auction, AIX made a credit bid of $44 million. There were no further bids and no other party participated in the auction.

11. The Debtors concluded that AIX's $44 million credit bid was the highest and best bid received for their assets. CIE was declared the back-up bidder.

12. On October 31, 2014, this Court entered an Order (A) Authorizing and Approving the Sale of Assets Free and Clear of All Liens, Claims, Encumbrances and Other Interests, (B) Approving the Asset Purchase Agreement, (C) Approving the Assumption and Assignment of the Assumed Contracts and (D) Granting Related Relief (Doc. No. 489).

13. On November 7, 2014, the Debtors closed the sale of substantially all of their Cook Inlet assets to AIX, including, without limitation, all oil, gas and other hydrocarbons attributable to such assets, whether produced prior to, on or after the effective date of such sale (Doc. No. 522).

14. As part of the sale, the GSA was assumed and assigned to AIX (Doc. No. 522, p. 46, ¶ 6).

15. On Friday, November 21, 2014, CIE interrupted the GSA to discontinue receiving gas from AIX.

16. On December 11, 2014, AIX sent CIE a letter demanding payment for past due amounts attributable to gas purchased by CIE under the GSA.

17. On December 17, 2014, an invoice was sent to CIE for gas delivered from November 1 - 21, 2014, totaling $316,487.03.

18. On or about December 16, 2014, CIE tendered a payment of $415,959.00 to AIX, which AIX applied to the outstanding balance.

19. On December 19, 2014, AIX sent CIE a letter clarifying that its December 11 letter was a "Notice of Dispute" as defined in Section 15.2(a) of the GSA.

20. On December 19, 2014, CIE sent a letter to AIX with evidence of their December 16 tender and further stated that "we expect to send an additional payment next week to AIX in accordance with our normal payment schedule."

21. AIX has not received any further payments from CIE since the December 16 tender.

22. As of the filing of this complaint, the total amount outstanding owed by CIE to AIX under the GSA is $1,203,896.02.

**Breach of Contract**

23. AIX incorporates and realleges the allegations in paragraphs 1 through 22 as if fully set forth herein.

24. The GSA constitutes a valid and binding contract.

25. The Debtors assumed and assigned the GSA to AIX.

26. AIX has performed all of its obligations under the GSA.

27. CIE has materially breached the GSA by failing to pay invoices totaling $1,203,896.02.

28. AIX is entitled to a judgment against CIE in the amount of $1,203,896.02.

29. Additionally, pursuant to Article 10.3 of the GSA, AIX is entitled to recover (i) interest on unpaid amounts from the due date until paid at the U.S. prime rate as listed in the *Wall Street Journal*, (ii) court costs, and (iii) reasonable attorney's fees.

## Prayer For Relief

Accordingly, AIX requests the Court to enter judgment as set forth above and to grant such other relief as is just.

**Dated: January 30, 2015.**

        Respectfully submitted,

**Porter Hedges LLP**

By: /s/ Joshua W. Wolfshohl
     Joshua W. Wolfshohl
     State Bar No. 24038592
     Aaron J. Power
     State Bar No. 24058058
     1000 Main Street, 36th Floor
     Houston, Texas 77002
     (713) 226-6000
     (713) 228-1331 (fax)

**Counsel for AIX Energy, LLC**