IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| Buccaneer Resources, LLC, *et al.*,[1] | § | Case No. 14-60041 (DRJ) |
| | § | |
| Debtors. | § | Jointly Administered |
| | § | |

### REQUEST FOR EXPEDITED HEARING TO RESOLVE DISPUTE OVER ESTABLISHMENT OF THE ADMINISTRATIVE CLAIMS RESERVE
[RELATES TO DKT. NOS. 589 & 591]

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Buccaneer Resources, LLC and its above-captioned affiliated debtors (collectively, the "Debtors") file this *Request for Expedited Hearing to Resolve Dispute Over Establishment of the Administrative Claims Reserve* (the "Request for Hearing"), and in support thereof, respectfully state as follows:

1. The Debtors commenced voluntary proceedings under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") on May 31, 2014.

2. On November 5, 2014, the Debtors filed their *Joint Chapter 11 Plan of Reorganization for the Debtors and Debtors-in-Possession* (as later amended, the "Plan") and Disclosure Statement. *See* Dkt. Nos. 506 & 507. That Plan was subsequently amended on December 5, 2014, and again on January 13, 2015. *See* Dkt. Nos. 555 & 589.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: (i) Buccaneer Energy, Ltd. (0107); (ii) Buccaneer Energy Holdings, Inc. (7170); (iii) Buccaneer Alaska Operations, LLC (7562); (iv) Buccaneer Resources, LLC (8320); (v) Buccaneer Alaska, LLC (4082); (vi) Kenai Land Ventures, LLC (2661); (vii) Buccaneer Alaska Drilling, LLC (7781); (viii) Buccaneer Royalties, LLC (5015); and (ix) Kenai Drilling, LLC (6370).

41546286.2

3. The hearing (the "Confirmation Hearing") on the Debtors' Plan commenced on December 8, 2014, and continued to December 22, 2014, January 5, 2015, and January 13, 2015.

4. On January 13, 2015, the Court entered its *Order Finally Approving First Amended Disclosure Statement and Confirming First Amended Joint Chapter 11 Plan* (the "Confirmation Order") [Dkt. No. 591]. That same day, the Debtors filed a *Notice of Entry of Order Confirming First Amended Joint Chapter 11 Plan of Reorganization for the Debtors and Debtors-In-Possession* [Dkt. No. 592] setting February 16, 2015, as the bar date for Administrative Claims (the "Administrative Claims Bar Date").

5. While the Plan was confirmed in mid-January, the Plan has not yet gone effective. The "Effective Date" of the Plan is defined as "[t]he first Business Day on which all the conditions precedent to the Effective Date specified in Article 11 (Conditions Precedent to Confirmation and Consummation of the Plan) of the Plan shall have been satisfied or waived as provided therein." *Id.*, § 1.47.

6. Section 11.1 of the Plan, in turn, lists the various conditions precedent that must be either satisfied or waived on or prior to the Effective Date:

> (a) the Confirmation Order, in a form and in substance reasonably satisfactory to the Debtors and the Committee, shall have been entered by the Clerk of the Bankruptcy Court;
>
> (b) the sale of the Kenai Loop Assets shall have been closed;
>
> (c) all of the conditions for the effectiveness of the AIX/Meridian Settlement shall have been fulfilled as stated therein and the mutual releases previously approved by the Court therein shall have been executed;
>
> (d) the form of all documents necessary or appropriate to give effect to the transactions contemplated under the Plan, if any, have been approved and executed;
>
> (e) payment of the Settlement Payment;
>
> (f) *funding of the Administrative Claims Account*;

41546286.2

   (g) all authorizations, consents and agreements required, if any, in connection with the consummation of the Plan shall have been obtained;

   (h) there shall be no stay of the Confirmation Order in effect;

   (i) all other actions, documents and agreements necessary to implement the Plan shall have been effected or executed; and

   (j) The Debtors shall have filed a Notice of Effective Date on the docket of these jointly administered bankruptcy cases.

*Id.*, § 11.1.  Moreover, while the Plan provides that the Debtors can waive any of the forgoing conditions precedent (*id.*, § 11.2), no such waiver has occurred.

  7. As to the above-referenced conditions precedent, while paragraphs 11.1(c), (e), (f), and (j) have not yet occurred, the establishment and funding of the Administrative Claims Account is the only remaining substantive issue that is outstanding.  The other outstanding conditions precedent are procedural in nature, and will occur promptly after the Administrative Claims Account is established and funded.

  8. On February 18, 2015, after the passing of the February 16, 2015 Administrative Claims Bar Date set by the Court at the Confirmation Hearing, the Debtors circulated a proposed administrative claims reserve calculation (the "Proposed Reserve") to both counsel for AIX Energy, LLC ("AIX") and the Official Committee of Unsecured Creditors (the "Committee"). The parties have been in discussions with respect to the Proposed Reserve, but have been unable to agree on whether or not to include one line item that was not set forth in the Proposed Reserve – namely, the fees and expenses that were incurred by the Directors in connection with the Committee's Rule 2004 examinations and related document requests for which the Directors have (a) sought reimbursement from the Creditors' Trust under the *Order Regarding Emergency Motion To Quash and for Protective Order and Motion for Rule 2004 Examination to be Taken by Remote Means* (the "2004 Order") [Dkt. No. 376], and (b) alternatively, requested payment

41546286.2

from the estates as an administrative expense [Dkt. No. 529] "[t]o whatever extent the amounts in the [2004 request] are not satisfied from the Creditors' Trust or proceeds allocable thereto."[2]

9. In light of the foregoing, the Debtors seek this Court's assistance to resolve this remaining dispute concerning the Proposed Reserve. The Debtors seek an expedited hearing in order to enable the Plan to go effective promptly. The Debtors therefore request a hearing to consider the Proposed Reserve on either Thursday, March 5, 2015 or Friday, March 6, 2015, or such other time as convenient for the Court.

WHEREFORE, the Debtors respectfully request that the Court enter an order: (i) setting a hearing to consider approval of the Proposed Reserve for either Thursday, March 5, 2015 or Friday, March 6, 2015, or such other time as convenient for the Court; and (ii) granting such other and further relief as is just and proper.

Dated: March 2, 2015

Respectfully submitted,

**NORTON ROSE FULBRIGHT US LLP**

By: */s/ Jason L. Boland*
William R. Greendyke
State Bar No. 08390450
Jason L. Boland
State Bar No. 24040542
1301 McKinney Street, Suite 5100
Houston, Texas 77010-3095
Telephone: (713) 651-5151
Facsimile: (713) 651-5246
william.greendyke@nortonrosefulbright.com
jason.boland@nortonrosefulbright.com

**ATTORNEYS FOR THE DEBTORS AND DEBTORS-IN-POSSESSION**

---

[2] AIX has filed an objection to the Directors' administrative claim motion. *See* Dkt. No. 550. That motion has not yet been resolved or set for hearing. The hearing on the Directors' request for payment under the 2004 Order has been set for April 15, 2015.

41546286.2